**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., | |
| Plaintiff, | No. 05-1209 C |
| v. | Judge Lawrence M. Baskir |
| THE UNITED STATES, | |
| Defendant. | |

**ANSWER**

Defendant, the United States, hereby answers the allegations which appear in the numbered paragraphs of plaintiff's Complaint, filed November 17, 2005. Defendant answers each of the numbered paragraphs as follows:

1. With respect to paragraph 1, defendant admits that plaintiff's Complaint states that plaintiff is seeking to recover reasonable and entire compensation for the alleged unauthorized use by the United States of an invention covered by the '609 patent. Defendant denies that plaintiff is entitled to any compensation for the alleged infringement and unauthorized use by the United States Postal Service (USPS) of the invention or inventions claimed in the '609 patent. Defendant, based upon current information and belief, admits that Jennings Transmission Service of

Goldsboro, Inc. (Jennings Transmission) is the owner of record of the ‘609 patent by assignment from the named-inventors. Defendant admits that Exhibit A of the Complaint appears to be a true copy of the ‘609 patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of each other allegation contained therein and, therefore, denies the same.

2. With respect to paragraph 2, defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1498(a) over this action to recover compensation for alleged use or manufacture by or for the United States without license or lawful right of an invention described in and covered by a patent of the United States. Defendant denies that any such compensation is due in this case. To the extent that paragraph 2 is deemed to contain any factual allegations, all such allegations are denied.

3. With respect to paragraph 3, defendant, based on current information and belief, admits only that Jennings Transmission is a corporation registered with the Department of the Secretary of State of North Carolina, that its principal place of business is in Goldsboro, North Carolina, that Jennings Transmission’s business includes rebuilding vehicle transmissions and selling rebuilt transmissions, and that Jennings Transmission operates a transmission repair service where it repairs

transmissions for customers or replaces failed transmissions with rebuilt transmissions. Defendant is without knowledge or information sufficient to form a belief as to the truth of each other allegation contained therein and, therefore, denies the same.

4. With respect to paragraph 4, defendant states that it is unaware of any postal vehicle with the designation "LLV-A." Answering further, defendant avers that the USPS began purchasing a fleet of Grumman Long Life Vehicles (LLVs) during the 1980s and that such purchasing continued into at least the early 1990s. Defendant admits that the Grumman LLV is a right-hand drive vehicle, with the driver's seat on the right side of the vehicle. To the extent that paragraph 4 is deemed to contain any other factual allegations, all such allegations are denied.

5. With respect to paragraph 5, defendant answers with the understanding that "LLV-A" means the "LLV" and "Grumman transmission" refers to the TH180C transmission. Defendant admits that the USPS has experienced numerous and repeated failures of TH180C transmissions used in the Grumman LLV postal vehicle, and that failures of that transmission continue today. Defendant admits that at least some transmissions failed after nine to twenty months of service, and that failures of the TH180C transmissions occurred throughout the entire fleet

of Grumman LLV postal vehicles. To the extent that paragraph 5 is deemed to contain any other factual allegations, all such allegations are denied.

6. With respect to paragraph 6, defendant answers with the understanding that “Grumman transmissions” refers to TH180C transmissions. Defendant denies the first sentence of paragraph 6, but admits that the USPS has contracted with outside transmission repair services to repair failed TH180C transmissions. Defendant admits that Jennings Transmission was one of the outside transmission repair services used by the USPS, and that Jennings Transmission repaired failed TH180C transmissions. Defendant is without knowledge or information sufficient to form a belief as to whether the quantity of these repairs by Jennings Transmissions constitutes “many,” and, therefore, denies the same. Defendant admits that some repaired TH180C transmissions performed no better than the original TH180C transmissions. Defendant admits that the USPS continues to experience a high failure rate in both original and repaired TH180C transmissions, but denies that this failure rate is “unusual.” To the extent that paragraph 6 is deemed to contain any other factual allegations, all such allegations are denied.

7. With respect to paragraph 7, defendant answers with the understanding that “LLV-A” means the “LLV” and “Grumman transmissions” refers to TH180C transmissions. Defendant denies that problems that the USPS was experiencing with TH180C transmissions were “severe.” Defendant admits that at least some Postal Service vehicles experience demanding stop-and-go driving conditions on a daily basis, and that the Grumman LLV postal vehicle is a right-hand drive vehicle. Defendant denies that a right-hand transmission has a shift lever extending from the right-hand side of the transmission housing. Defendant avers that a right-hand transmission is a transmission having a shaft (sometimes referred to as a shift selector shaft) extending from the right-hand side of the transmission housing, and a lever may be attached to that shaft. Defendant denies that the Grumman LLV postal vehicle requires a right-hand transmission. With respect to the last sentence of paragraph 7, defendant admits that the ‘609 patent issued to Jennings Transmission Service of Goldsboro, Inc. as the identified assignee. Answering further, defendant avers that the application which issued as the ‘609 patent was filed on behalf of the named-inventors Jerry R. Mozingo, Christopher S. Smith and William J. Smith. The allegation as to what the ‘609 patent “covers” states a legal conclusion to which no response is

required. Defendant is without knowledge or information sufficient to form a belief as to the truth of each other allegation contained therein and, therefore, denies the same.

8. With respect to paragraph 8, defendant admits that Jennings Transmission has sold transmission replacement kits to the USPS, and that the USPS has purchased and continues to purchase replacement transmission kits from suppliers other than Jennings Transmission. Defendant denies that the kits purchased from others are the "same or similar" to the kit claimed in the '609 patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of each other allegation contained therein and, therefore, denies the same.

9. Paragraph 9 states nothing more than an allegation of infringement, a legal conclusion and not an averment of fact. To the extent that paragraph 9 is deemed to contain allegations of fact, defendant denies such allegations. Defendant specifically denies that the USPS has infringed any valid claim of the '609 patent.

REGARDING PLAINTIFF'S PRAYER FOR RELIEF

10. To the extent that plaintiff's prayer for relief contains any factual allegations, defendant denies each factual allegation. Defendant denies that the United States, through the USPS, has infringed any valid, asserted

claim of the ‘609 patent, and denies that plaintiff is entitled to any of its four enumerated prayers for relief.

DEFENDANT'S FURTHER ANSWER AS TO DEFENSES

11. Further answering, defendant alleges upon current information and belief that:

a. Defendant has not infringed any valid, asserted claim of the ‘609 patent.

b. The asserted claims of the ‘609 patent are invalid for failure to comply with one or more of Title 35, United States Code, Sections 102, 103 and 112.

12. Answering further, defendant asserts any and all defenses which are presently unknown to defendant but which, when ascertained, defendant prays leave to add to this Answer or otherwise give notice to plaintiff.

RELIEF REQUESTED BY DEFENDANT

WHEREFORE, defendant respectfully requests the following relief:

A. That the Court dismiss plaintiff's Complaint with prejudice and that the Court deny each prayer for relief sought by plaintiff.

B. That the Court adjudge that the asserted claims of the ‘609 patent are invalid or have not been used, manufactured or infringed by or for defendant.

C. That the Court grant defendant judgment for all of its expenses, including costs and attorneys fees, and such other and further relief as the Court may deem proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

March 17, 2006

s/ Ken B. Barrett

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice