# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,** | ) | |
| **Plaintiff,** | ) | **No. 05-1209 C** |
| **v.** | ) | **Judge Lawrence M. Baskir** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY STATUS REPORT

Plaintiff, Jennings Transmission Service of Goldsboro, Inc. ("Jennings"), and Defendant, the United States, hereby submit this Joint Preliminary Status Report in accordance with the Court's Special Procedures Order filed December 14, 2005, and paragraphs 4 and 5 of Appendix A, Rules of the Court of Federal Claims (RCFC).

**4(a). Does the court have jurisdiction over the action?**

Yes. This Court has jurisdiction, pursuant to 28 U.S.C. § 1498(a), over plaintiff's claim for the alleged unauthorized use of a patented invention by the Government.

**4(b). Should the case be consolidated with any other case and, if so, why?**

No. The case should not be consolidated with any other case.

**4(c). Should trial of liability and damages be bifurcated and, if so, why?**

The parties disagree on whether this matter should be bifurcated.

**Plaintiff's Position:**

The court should not bifurcate this proceeding. A court may bifurcate a proceeding on separate issues in the event that such a division will be more convenient or conducive to expedition and economy. Fed. R. Civ. P. 42(b). The decision of whether to bifurcate is based upon the court's determination of whether bifurcation will promote efficient judicial administration, not the wishes of the parties. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 1994 & Supp. 2005) (hereinafter "Wright & Miller"). The party seeking bifurcation bears the burden of demonstrating that bifurcation would promote judicial economy and that no party would be prejudiced by separate trials. *K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C.*, 2002 WL 1879943, *3 (E.D. Mich. 2002) (attached at Ex. A hereto); *accord Real v. Bunn-o-matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000).

Bifurcation "is not to be routinely ordered," but is to be used sparingly. Fed. R. Civ. P. 42(b) advisory committee's note (1966); *see also* Wright & Miller § 2390. Courts "should remain mindful of the traditional role of the

factfinder; i.e., to make an ultimate determination on the basis of a case presented in its entirety." *Bunn-o-matic Corp.*, 195 F.R.D. at 620.

In this instance, bifurcation of liability and damages will not promote efficient judicial administration. To the contrary, it would severely prejudice Plaintiff. This is a straightforward case regarding Defendant's infringement of a single patent, and a relatively simple patent at that. As a review of the patent attached to the Complaint shows, there is nothing complex about the claims or the underlying technology. Both liability and damages should be tried within three or four days. Two separate trials would almost certainly take more time than one.

Most of the information reviewed in a first trial would necessarily be repeated in a second trial. Further, the damages analysis, which will be determined by the finding of a reasonable royalty, is not unduly complex or time consuming. There would be significant overlap in the evidence. For liability, plaintiff must discover the various infringing transmission kits purchased by the USPS. For damages and calculating a reasonable royalty, plaintiff must discover the procurement costs of the same transmission conversion kits. Specifically, Plaintiff will conduct discovery on the relevant kits obtained and installed throughout the USPS maintenance facilities. To calculate a reasonable royalty, Plaintiff will have to conduct the

identical discovery to determine the number of kits purchased and installed by the same maintenance facilities. This discovery could and should be conducted at the same time.

Finally, the expense of bifurcation places an unfair burden on the parties, particularly given that Plaintiff is a small, family owned business. As stated, bifurcation will force this small family business to conduct nearly identical discovery twice on USPS maintenance facilities across the United States. Plaintiff would be required to conduct two separate depositions of some of the same entities and individuals. Potentially doubling the work required to complete this case puts Jennings at a serious disadvantage against the vastly superior resources of the Government. The bifurcation procedure is not "clearly necessary" here, and thus should not be used. *Id.* ("courts should not order separate trials unless such a disposition is clearly necessary.").

**Defendant's Position:**

The trial of liability and accounting should be bifurcated. It is defendant's understanding that plaintiff is currently asserting infringement concerning several different transmission replacement kits procured from at least four different suppliers. This procurement effort began by at least 1997 and continues to the present. This action will involve complex legal

and factual issues as well as require extensive discovery. Moreover, the consideration of accounting from any liability the Court may find could be complex, involved, and time consuming. Therefore, trying both liability and accounting together would place a heavier burden on the Court and the parties to prepare and try issues related to potential compensation, which may ultimately become unnecessary based on the Court's findings concerning liability. Furthermore, if liability is established, settlement may become more likely, thereby obviating the need for a costly accounting trial. The majority of plaintiff's objections center around having to undertake sequential liability and accounting discovery. Defendant does not seek to bifurcate discovery.

**4(d). Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No. Further proceedings in this case should not be deferred pending consideration of another case.

**4(e). In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No. No basis for a remand or suspension is currently known by the parties.

**4(f). Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their**

**relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

At this time, the parties do not anticipate joining any additional parties.

Additionally, defendant notes that – pursuant to the Court's Order of March 21, 2006, RCFC 14(b) and 41 U.S.C. § 114(b) – it served Notices of the action upon Jasper Engines & Transmissions and Ready Built Distributors, Inc. Returns of service have been filed with the Court. These companies have forty-two (42) days from the date of service to file a complaint or answer. Jasper's pleading is due on or before May 18, 2006; and Ready Built's pleading is due on or before May 22, 2006.

**4(g). Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Plaintiff and defendant do not presently plan to file a motion pursuant to RCFC 12(b) or 12(c). As the case develops, motions for summary judgment under RCFC 56 may become appropriate for some issues.

**4(h). What are the relevant factual and legal issues?**

The parties agree that the basic relevant liability issues are whether Defendant and/or its vendors have infringed Jennings' patent, U.S. Patent No. 6,085,609 (the '609 patent), what is the reasonable and entire compensation for such infringement, and whether the '609 patent is valid.

In determining the reasonable and entire compensation, the issues are what is a reasonable royalty, and what is the total amount of purchases that the reasonable royalty should be applied to.

**4(i). What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

It is too early in the litigation to determine whether settlement is possible. As discovery proceeds and evidence is developed, the parties will be better able to assess the likelihood of settlement. This case has been assigned to Judge Christine O.C. Miller for the conduct of proceedings in accordance with the Notice of ADR Pilot Program, and the parties will discuss with Judge Miller the use of ADR in the context of that program.

**4(j). Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The parties anticipate proceeding to trial. The parties do not request an expedited trial schedule and agree that the conditions for expedited trial scheduling are not present in this case. The parties disagree on where the trial should take place.

**<u>Plaintiff's Position:</u>**

The appropriate place for trial is Raleigh, North Carolina and at the Terry Sanford Federal Building and Courthouse. Substantially all, if not all,

witnesses that Jennings anticipates calling reside in Raleigh or just outside of Raleigh. All three inventors of the '609 patent reside in Goldsboro, North Carolina, approximately 60 miles from Raleigh. Jennings, at this time, anticipates calling two expert witnesses, both of whom reside in Raleigh. In addition, the United States Post Office in Raleigh, North Carolina was involved in the original purchasing and testing of the invention described in the '609 patent. Employees of the Raleigh Post Office may be called to testify about the original purchasing and testing. Moreover, Jennings is a small, family-owned business with minimum financial resources. Paying month-to-month costs of this litigation will be challenging for Jennings. It will be even more challenging to travel to Washington, D.C. and incur substantial traveling and lodging expenses for numerous witnesses and trial counsel. In contrast, the government has offices and facilities in the federal courthouse in Raleigh, North Carolina from which it could support its trial efforts.

**Defendant's Position:**

It is defendant's position that, due to the diverse locations of potential trial witnesses in this case, the appropriate place for trial is Washington, D.C. Potential witnesses include employees of the third parties identified by plaintiff as accused suppliers. These accused suppliers are located in

Alabama, Indiana, Pennsylvania, and Michigan. Additionally, United States Postal Service employees located, at least, in Washington, D.C., and Atlanta, Georgia, are potential witnesses

**4(k). Are there special issues regarding electronic case management needs?**

The parties contemplate using the Court's electronic presentation equipment during trial and, perhaps, during various hearings.

**4(l). Is there other information of which the court should be aware at this time?**

The parties are in the process of preparing a proposed protective order to govern the disclosure of proprietary information in connection with the discovery in this case. Such orders are normal in patent infringement cases because the technical and financial information at issue are often considered proprietary information that would harm a company's competitive position if it were disclosed without restriction. The parties agree that a protective order will facilitate discovery in this particular case. Defendant objects to the disclosure of proprietary information until an appropriate protective order is in place. Plaintiff believes Judge Baskir's *Provisional Protective Order* should be entered in this matter until and unless the parties agree upon and the court approves a different version.

## PROPOSED DISCOVERY PLAN

The parties agree that discovery is required in this case and propose the following plans, which include provisions leading to a claim construction ruling and deadlines for fact and expert discovery. Where the parties could not reach agreement, their separate views are provided.

### A. Initial Disclosures

### 1. Initial Factual Disclosures

Initial disclosures, as required by RCFC 26(a)(1), are to be exchanged on or before May 15, 2006.

**Plaintiff's Position:**

With its initial disclosures, Defendant shall produce documents and/or pictures sufficient to identify the name, design, and component parts of the accused goods Defendant purchased or installed, and which Defendant has identified to date, as follows: 700R4/4L60 transmission replacement kits for Grumman LLV postal vehicles; replacement kits for the TH180 transmission kits used in the Grumman LLV postal vehicle used for the installation of transmissions designed for left drive vehicle; and any other transmission kits used for the installation of a left drive vehicle transmission in a right drive vehicle. Defendant shall supplement such production within thirty days of finding additional responsive accused goods.

Plaintiff has agreed to Defendant's suggestion that Plaintiff produce infringement contentions on or before June 16, 2006. *See* ¶ 2, below. The Court's order will require Plaintiff to identify infringing transmission conversion kits purchased by the government and explain how each asserted claim of its patent is infringed by each transmission conversion kit. Plaintiff can identify some of the accused transmission conversion kits, but not all. The Government purchases the accused transmission kits from numerous vendors. It is believed these transmission kits are only sold to the Government for use in its Grumman LLV postal vehicles. Plaintiff has been unable to find any publicly available information identifying the vendors and the components of these transmission conversion kits, and how the Government actually installs them. This information is in the possession of the Government. Thus, in order for Plaintiff's infringement contentions to address all accused transmission conversion kits that the Government has purchased, the Court should require the Government to identify all the vendors who have sold the Government right-to-left hand transmission conversion kits for use in its Grumman LLV vehicles, and information and documentation that show and describe the components of the kits and how these conversion kits are installed by the Government. This information should be disclosed as a part of Defendant's initial

disclosures. This will enable Plaintiff's infringement contentions, which must be served shortly after initial disclosures, to address all of the accused transmission conversion kits.

Defendant has had significant time to review its records of the accused conversion kits. Plaintiff filed this lawsuit November 17, 2005, and consented to Defendant having 120 days within which to respond, so that Defendant could thoroughly investigate the allegations of infringement. To assist Defendant, by letter of February 2, 2006 to counsel for Defendant, Plaintiff identified specific accused conversion kits and suppliers. Shortly thereafter, Plaintiff produced documents and Defendant's counsel inspected and copied Plaintiff's documents reflecting the accused kits and suppliers that Plaintiff has been able to locate on its own.

Finally, Plaintiff may not serve discovery requests until after the preliminary status conference. *Special Procedures Order* ¶4. If Defendant may otherwise withhold its evidence of the accused kits until it must respond to written discovery, Plaintiff will not have the documents prior to its deadline for submitting its infringement contentions on June 16, 2006. That is neither fair nor in conformity with the Court's encouraging "informal discovery and exchanges of information at a very early state … ." *Id.*

**Defendant's Position:**

Defendant should not be required to produce documents and things pertaining to "accused goods" as part of the RCFC 26(a)(1) initial disclosures. Rule 26(a)(1) is a carefully crafted rule that requires disclosure of "only information that the disclosing party may use to support its position." Fed. R. Civ. P. 26 advisory committee notes, 2000 Amendment; RCFC 26 rules committee note (RCFC 26 parallels Fed. R. Civ. P. 26). Further, the Rule only requires identification of the documents, not their production. The Court should reject plaintiff's request to rewrite that rule so as to require defendant to search for and produce documents concerning devices for which plaintiff has not yet specifically identified as allegedly infringing.

If plaintiff desires discovery in addition to that provided by RCFC 26(a)(1), plaintiff should submit to defendant appropriately worded interrogatories or document requests, the responses to which would be subject to the timing and supplementation requirements of the Court's Rules. Furthermore, plaintiff's proposal requires production of records relating to any transmission conversion kit regardless of configuration. It is our understanding that transmission purchasing documents may be located at approximately 195 Postal Service facilities. Therefore, it will be

extremely burdensome for defendant to gather the requested information, particularly in such a short period of time. Before defendant is required to undertake the time and expense involved in investigating plaintiff's allegations of infringement, plaintiff should first identify the accused devices with specificity. Plaintiff should only identify those devices for which it has determined, after a reasonable investigation, satisfy all the limitations of at least one asserted claim. *Cf. Antonious v. Spalding & Evenflo Co., Inc.,* 275 F.3d 1066,1074, 1075 (Fed. Cir. 2002); *Judin v. United States,* 110 F.3d 780, 784 (Fed. Cir. 1997).

**2. Disclosure of Asserted Claims and Preliminary Infringement Contentions**

Not later than June 16, 2006, plaintiff must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." The "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which plaintiff is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6),

the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

## 3. Plaintiff's Document Production Accompanying Disclosure

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," plaintiff must produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to paragraph 1(e), whichever is earlier; and

Plaintiff shall separately identify by production number which documents correspond to each category.

**4. Response to preliminary infringement contentions.**

The parties disagree regarding whether Defendant should serve non-infringement contentions in response to Plaintiff's preliminary infringement contentions.

**<u>Plaintiff's position:</u>**

Not later than July 28, 2006, each party opposing a claim of infringement shall serve on Plaintiff its response to preliminary infringement contentions which should include a chart responsive to the claims chart contained within the Disclosure of Asserted Claims and Preliminary Infringement Contentions and for each identified element in each asserted claim whether such element is present literally or under the doctrine of equivalents in each accused instrumentality, and if not, the reason for such denial and the relevant distinctions.

The purpose for exchanging patent infringement contentions is to clearly identify each and every claim term that is in dispute. If all parties are required to completely set forth their respective contentions on infringement, it will be readily apparent which claim terms are in dispute. Thereafter, each party can brief claim construction knowing the infringement contentions of the other and knowing that all disputed claim terms have been identified. Likewise, the Court can be confidant that its claim construction ruling addresses all disputed claim terms and

subsequent arguments on infringement will not reveal a disputed claim term that should have been construed by the Court. There is no reason why Defendant's infringement contentions should not be placed on the written record just as required of the Plaintiff. Indeed, courts recently adopting special patent rules require both the plaintiff and defendant to set forth their respective infringement contentions. See, e.g., LPR 3.4 (W.D.Pa.); LPR 4.2 (N.D.Ga.)

**Defendant's position:**

Provided that plaintiff responds to all of defendant's preliminary invalidity contentions, defendant has no objection to responding to plaintiff's infringement contentions with non-infringement charts. However, any such disclosure by defendant should be considered preliminary, and defendant should be permitted to revise its non-infringement charts within the time limits for modifying its invalidity contentions as set forth below in paragraph 7.

**5. Preliminary Invalidity Contentions**

(a) Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

(i) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication,

and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(ii) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(iii) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(iv) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

(b) The parties disagree regarding the date by which Defendant must disclose its invalidity contentions.

Plaintiff's Proposal:

Plaintiff requests that Defendant be given until June 30, 2006, within which to serve its invalidity contentions, so that Plaintiff may serve its response by July 28, 2006. Consistent with Plaintiff's proposal for Paragraph 4, this would result in the disputed claim terms being identified by July 28, 2006, so that the parties could comply with the August 11, 2006 claim identification deadline in Paragraph 9(a).

Defendant's Proposal:

Defendant requests 45 days from the date of Plaintiff's infringement contentions within which to serve its preliminary invalidity contentions.

(c) The parties disagree whether Plaintiff should respond to Defendant's invalidity claims based on prior art.

**Plaintiff's position:**

Should the court agree with Plaintiff's proposal in paragraph 4 above, Plaintiff also then proposes that not later than July 28, 2006, Plaintiff shall serve on Defendant its response to Defendant's claims of invalidity asserted under 35 U.S.C. § 102(a), which should include a chart responsive to any invalidity chart produced with Defendant's Preliminary Invalidity Contentios, and for each identified element in each claim whether such element is present in the prior art, and if not, the reason for such denial and the relevant distinctions. The reasoning for this proposal is the same as

what is expressed in paragraph 3, above. Plaintiff's proposal is purely for purposes of streamlining the issues to be tried. Such a mandatory validity response is not standard and undersigned is not aware of any local rules in other courts that require it

**<u>Defendant's position</u>:**

See Defendant's response to Paragraph 4.

### 6. Document Production Accompanying Preliminary Invalidity Contentions

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the plaintiff in its preliminary infringement claim chart, to the extent that such documents are in the party's possession, custody or control; and

(b) A copy of each item of prior art identified pursuant to paragraph 3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

### 7. Final Contentions

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

(a) Plaintiff may amend or modify its preliminary infringement contentions in the event that after it has served its preliminary infringement contentions it discovers additional accused instrumentalities, and so long as the preliminary infringement contentions are amended or modified within

30 days of the discovery and within 30 days of the Court's claim construction ruling.

(b) Each party opposing a claim of patent infringement may amend or modify its preliminary invalidity contentions in the event that after it has served its preliminary invalidity contentions it discovers additional prior art, and so long as the preliminary invalidity contentions are amended or modified within 30 days of the discovery and within 30 days of the Court's claim construction ruling.

(c) If plaintiff believes in good faith that (1) the Court's Claim Construction Ruling, or (2) the documents produced pursuant to paragraph 5 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, plaintiff may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by paragraph 1(c) and (d).

(d) Not later than 30 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by paragraph 4 if:

(1) plaintiff has served "Final Infringement Contentions" pursuant to paragraph 7(a), or

(2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

## 8. Amendment to Contentions

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in paragraph 7, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

## B. Claim Construction Proceedings

### 9. Exchange of Proposed Terms and Claim Elements for Construction

(a) Not later than August 11, 2006, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(b) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

### 10. Exchange of Preliminary Claim Constructions and Extrinsic Evidence

(a) Not later than September 1, 2006, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such “Preliminary Claim Construction” shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

(b) At the same time the parties exchange their respective “Preliminary Claim Constructions,” they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness’ proposed testimony.

(c) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**11. Joint Claim Construction and Prehearing Statement**

Not later than November 3, 2006, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a) The construction of those claim terms, phrases, or clauses on which the parties agree;

(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) The anticipated length of time necessary for the Claim Construction Hearing;

(d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**12. Completion of Claim Construction Discovery**

Not later than December 1, 2006, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**13. Claim Construction Briefs**

(a) Not later than December 15, 2006, plaintiff shall serve and file an opening brief and any evidence supporting its claim construction.

(b) Not later than January 10, 2007, each opposing party shall serve and file its responsive brief and supporting evidence.

(c) Not later than January 22, 2007, plaintiff shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**14. Claim Construction Hearing**

Subject to the convenience of the Court's calendar and after the submission of plaintiff's reply brief specified in paragraph 5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

**C. Other Significant Discovery Events**

The parties agree on the following:

1. Depositions of fact witnesses are to be completed on or before May 1, 2007.

2. Fact discovery is to be completed on or before May 1, 2007.

3. The parties are to serve on each other the expert disclosures required by RCFC 26(a)(2) for which the party bears the burden of proof no later than 30 days after the close of fact discovery or the Court's claim construction ruling, whichever is later.

4. The parties are to serve on each other the expert disclosures required by RCFC 26(a)(2) for which the opposing party bears the burden of proof not later than 20 days after the first round of expert disclosures.

5. The parties are to serve on each other any rebuttal or contradictory expert disclosures required by RCFC 26(a)(2) no later than 10 days after the second round of expert disclosures.

6. Deposition of expert witnesses disclosed shall commence within 7 days of the deadline for rebuttal reports, and shall be concluded within 30 days after commencement of the deposition period.

7. 15 days after the close of the deposition period for experts, the parties shall file a joint status report indicating how this case shall proceed.

8. The post-discovery conference shall be held at a date and time convenient to the Court.

9. The parties agree that In the event the Court bifurcates liability and accounting and finds defendant liable, parties will have six months from the date of the Court's liability decision for further discovery pertaining to accounting.

The parties disagree regarding expanding the requirements of Fed. R. Civ. P. 26(a)(2)(B) to all of Plaintiff's employees.

**Plaintiff's Position:**

The rules properly require that retained experts produce a written report reflecting their opinions to be tendered. The expert report requirement is limited to witnesses that are retained or specially employed to provide expert testimony or whose duties as an employee regularly involve giving expert testimony. There is no need to add to the requirement of the Rules, since the opinions of employees may be obtained through written discovery requests, and employees may be easily noticed for deposition. Requiring that such opinions be disclosed under Rule 33 and again under Rule 26(a)(2)(B), is simply a make-work provision. Such unnecessary work is unduly burdensome where, as here, the employees

are part of a small, family-owned business. There is no good reason to so increase the potential work of Plaintiff's few employees. Finally, to the extent the Court may expand the requirements of Rule 26(a)(2)(B), the additional requirements should be equally applicable to Defendant's witnesses.

**Defendant's Position:**

Defendant contemplates that, from time to time, plaintiff may seek to present the testimony of one or more of its employees at hearings or trial sessions as evidence under Rule 702 of the Federal Rules of Evidence (concerning expert testimony). Defendant requests that, as a condition precedent to such a presentation at any hearing or trial session, plaintiff be ordered to disclose to defendant as scheduled above all of the information required by RCFC 26(a)(2), including expert report(s), and make the witness available for deposition prior to presentation of such testimony.

The parties have noted the Court's request for an Appendix of material portions of documents that are relevant to jurisdiction or to disputed facts alleged in the pleadings. However, plaintiff has already attached a copy of the patent-in-suit with the Complaint. Regarding other

such materials, the parties believe that discovery will be required to identify the types of material information sought by the Court.

Respectfully submitted,

May 1, 2006

/s/ Anthony J. Biller, Esq.
Larry L. Coats, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone: (919) 854-1844
Facsimile: (919) 854-2084
E-mail:
lcoats@coatsandbennett.com;
abiller@coatsandbennett.com

Attorney for Plaintiff
Jennings Transmission Service

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

May 1, 2006

/s/ Ken Barrett
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice