THE UNITED STATES COURT OF FEDERAL CLAIMS

```
JENNINGS TRANSMISSION SERVICE    )
OF GOLDSBORO, INC.,              )
                                 )
           PLAINTIFF,            )
                                 )
      v.                         )   CASE NO. 1:05-cv-1209 LMB
                                 )
THE UNITED STATES,               )
                                 )
           DEFENDANT.            )
```

FILED MAY 17 2006 U.S. COURT OF FEDERAL CLAIMS

## JASPER ENGINE'S RCFC 14(c) ANSWER

Pursuant to Rule 14(c) of the Rules of the United States Court of Federal Claims, and 41 U.S.C. §114(b), Jasper Engines & Transmissions ("Jasper Engines"), by counsel, does hereby appear and submit its Answer to the RCFC 14(b) Notice submitted by Defendant The United States (the "Government"), which was served on or about April 3, 2006. Said Notice was served by the Government pursuant to this Court's Order of March 21, 2006, authorizing the same – which was in turn issued in response to the Government's Motion to Notify Interested Party, dated March 17, 2006.

In answering the allegations made by the Government in its Memorandum in Support of Defendant's Motion for Notice to Third-Parties Pursuant to RCFC 14, Jasper Engines admits that it sold certain transmission conversion kits to the Government and that some of those kits were sold to the Government pursuant to written contract terms that relate to certain "Patent Indemnity" obligations. Jasper Engines also admits that those transmission conversion kits now appear to be the subject of Plaintiff Jennings Transmission's accusations of patent infringement. Accordingly, while denying any liability arising out of all such allegations, Jasper Engines admits and asserts that it is an interested party to these proceedings.

In further response, Jasper Engines states that because there is no infringement by its transmission conversion kits of the '609 Patent allegedly owned by Jennings and/or because that '609 Patent is invalid and unenforceable, it owes no indemnity obligations to the Government. Jasper Engines thus restates the allegations in Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") Complaint filed on November 17, 2005, and answers those allegations as follows:

### I. JASPER ENGINE'S ANSWER

1. This is a patent infringement action that seeks to recover the reasonable and entire compensation for the infringement and unauthorized use by the USPS of the invention or inventions covered by U.S. Patent No. 6,085,609 ("the '609 patent") owned by Jennings Transmission. A copy of the '609 patent is attached as Exhibit A.

**ANSWER:**

Jennings' Complaint, including the alleged basis for such and the alleged scope of relief sought, speaks for itself. Jasper Engines denies any infringement of the identified patent, and denies all other allegations set forth in paragraph 1 of the Jennings Complaint.

2. This Court has jurisdiction of this action under the provisions of Title 28, United States Code, Section 1498(a).

**ANSWER:**

Jasper Engines admits the allegation set forth in paragraph 2 of the Jennings Complaint.

3. Plaintiff Jennings Transmission is a corporation duly organized and existing under the laws of the State of North Carolina, having its principal place of business in Goldsboro, North Carolina. Jennings Transmission is in the business of manufacturing or rebuilding vehicle

2

transmissions and setting its rebuilt transmissions throughout the Southeast United States. Additionally, Jennings Transmission operates a transmission repair service where it repairs transmissions for customers or replaces failed transmissions with rebuilt transmissions.

### ANSWER:

Jasper Engines is presently without sufficient information to admit or deny the allegations set forth in paragraph 3 of the Jennings Complaint, and therefore denies the same.

4. In the early to mid-1990's the USPS purchased a fleet of Grumman LLV-A postal vehicles. The Grumman LLV-A postal vehicle is a right-hand driver vehicle, meaning that the driver's seat is on the right side of the vehicle.

### ANSWER:

Jasper Engines admits that the Grumman LLV postal vehicle is a right-hand driver vehicle with the driver's seat on the right side of the vehicle, but is presently without sufficient information to admit or deny the remaining allegations set forth in paragraph 4 of the Jennings Complaint, and therefore denies the same.

5. The USPS experienced numerous and repeated transmission failures with the Grumman LLV-A postal vehicle. These failures continue today. In some cases, upon information and belief, the transmission in the Grumman LLV-A postal vehicle failed after only nine to twenty months of service. Failure of the Grumman transmission was extensive and occurred throughout the entire fleet of Grumman LLV-A postal vehicles.

### ANSWER:

Jasper Engines is presently without sufficient information to admit or deny the allegations set forth in paragraph 5 of the Jennings Complaint, and therefore denies the same.

6. Initially the USPS resorted to contracting with outside transmission repair services to repair the failed Grumman transmissions. Jennings Transmissions was one of the outside transmission repairs services used by the USPS, and over a period of time Jennings Transmission repaired many failed Grumman transmissions. However, the repaired Grumman transmissions performed no better than the original Grumman transmissions. Upon information and belief, the USPS continues to experience an unusually high failure rate in both original and repaired Grumman transmissions.

**ANSWER:**

Jasper Engines is presently without sufficient information to admit or deny the allegations set forth in paragraph 6 of the Jennings Complaint, and therefore denies the same.

7. Jennings Transmission, knowing of the severe problems that the USPS was experiencing with Grumman transmissions, set out to solve the problem. Jennings Transmission concluded that the Grumman transmission should be replaced with a more reliable and rugged transmission, one that was more suited to the demanding stop-and-go driving conditions which postal vehicles experience on a daily basis. Jennings Transmission surveyed commercially available transmissions, but found no suitable replacement transmission that would easily fit into the Grumman LLV-A postal vehicle. Since the Grumman LLV-A postal vehicle is a right-hand drive, it requires a right-hand transmission, that is, a transmission having a shift lever extending from the right-hand side of the transmission housing. With no suitable and practical right-hand transmissions commercially available, Jennings Transmission conceived the idea of retrofitting the right-hand drive Grumman LLV-A vehicle with a left-hand transmission, suitable for the demanding conditions faced by postal vehicles, and providing a changeover linkage for connecting the replacement left-hand transmission with the existing gear shifting mechanism of

4

the Grumman LLV-A postal vehicle. Jennings Transmission applied for and was granted the '609 patent which covers a transmission replacement kit for a right-hand vehicle and a method of replacing the transmission of a right-hand drive vehicle.

### ANSWER:

Jasper Engines is presently without sufficient information to admit or deny the allegations set forth in paragraph 7 of the Jennings Complaint, and therefore denies the same.

8. Initially, Jennings Transmission manufactured the replacement transmission kits and sold them to the USPS. Subsequently, the USPS started purchasing the same and similar transmission replacement kits from competitors of Jennings Transmission. The USPS continues to purchase these replacement transmission kits from competitors of Jennings Transmission.

### ANSWER:

Jasper Engines admits only that the Government purchased certain transmission conversion kits from Jasper Engines for use in certain postal vehicles, and that Jasper Engines competes with Jennings in certain markets. Jasper Engines is presently without sufficient information to admit or deny all other allegations set forth in paragraph 8 of the Jennings Complaint, and therefore denies the same.

9. The transmission replacement kits offered by competitors and purchased by the USPS infringe the '609 patent. By purchasing, installing, and using these transmission replacement kits, the United States, through the USPS, has and continues to infringe one or more claims of the '609 patent.

### ANSWER:

Jasper Engines denies the allegations set forth in paragraph 9 of the Jennings Complaint.

5

WHEREFORE, Jasper Engine prays that Jennings takes nothing by way of its Complaint, for costs of this action, and for all other appropriate relief.

## II. JASPER ENGINE'S AFFIRMATIVE DEFENSES

1.) The Jennings Complaint fails to state a claim upon which relief could be granted.

2.) Jasper Engines is immune from any liability to Jennings pursuant to 28 U.S.C. §1498.

3.) Jennings' claims are barred by the applicable statutes of limitations, including 28 U.S.C. §2501.

4.) Jennings' claims are barred by laches.

5.) Jennings' claims are barred by estoppel.

6.) The scope of damages that Jennings might possibly recover (if any) is limited pursuant to 28 U.S.C. §1498.

7.) The '609 Patent is rendered invalid and/or unenforceable pursuant to the public use doctrine.

8.) The '609 Patent is rendered invalid and/or unenforceable pursuant to the on sale bar doctrine.

9.) The '609 Patent is rendered invalid and/or unenforceable because prior art made the alleged invention obvious and/or anticipated.

10.) The '609 Patent claims are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and 112.

11.) The transmission conversion kits sold by Jasper Engines to the Government do not infringe on the asserted claims of the '609 Patent, either literally or under the doctrine of equivalents.

6

12.) The '609 Patent is unenforceable due to Jennings' inequitable conduct before the United States Patent and Trademark Office.

13.) The Government's claim for indemnity against Jasper Engines may be barred or limited because there is no infringement of any valid claim of the '609 Patent by any of the transmission conversion kits sold by Jasper Engines to the Government.

14.) The Government's claim for indemnity against Jasper Engines may be barred or limited by way of waiver, estoppel, and/or lack of mutual assent.

WHEREFORE, Jasper Engines prays that Jennings takes nothing by way of its Complaint, that the Government take nothing by way of its RCFC 14(b) Notice, for costs of this action, and for all other appropriate relief.

Respectfully submitted,

_____
James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900

*Attorney for Jasper Engines & Transmissions*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following by First-Class, United States mail this 16th day of May 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC  27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC  20530
ken.barrett@usdoj.gov

1056105