

FILED
MAY 2 2 2006
U.S. COURT OF
FEDERAL CLAIMS

THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 1:05-ev-1209 LMB

### READY BUILT'S RCFC 14(c) ANSWER

Pursuant to Rule 14(c) of the Rules of the United States Court of Federal Claims, and 41 U.S.C. §114(b), Ready Built Distributors, Inc. ("Ready Built"), by counsel, does hereby appear and submit its Answer to the RCFC 14(b) Notice submitted by Defendant The United States (the "Government"), which was served on or about April 7, 2006. Said Notice was served by the Government pursuant to this Court's Order of March 21, 2006, authorizing the same - which was in turn issued in response to the Government's Motion to Notify Interested Party, dated March 17, 2006.

In response to the Government's Motion for Notice to Third Parties and Memorandum in Support thereof, Ready Built admits that it may have an interest in the outcome of this lawsuit in that Ready Built sold certain transmission conversion kits to the Government and that some of those kits were sold to the Government pursuant to written contract terms that relate to certain "Patent Indemnity" obligations. Ready Built also admits that those transmission conversion kits now appear to be the subject of Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") accusations of patent infringement. However Ready Built expressly denies any liability arising out of all such allegations and demands strict proof thereof.

In further response, Ready Built states that because there is no infringement by its transmission conversion kits of the '609 Patent allegedly owned by Jennings and/or because the '609 Patent is invalid and unenforceable, it owes no indemnity obligations to the Government.

In response to Jennings' Complaint filed on November 17, 2005, and Ready Built answers the allegations and states as follows:

1. With regard to Paragraph 1, Ready Built admits that Jennings has initiated a patent infringement action, but denies any infringement of the referenced patent and the remaining allegations of Paragraph 1, if any.

2. The allegations of Paragraph 2 are admitted.

3. Ready Built is without sufficient information to either admit or deny the allegations of Paragraph 3 and as such denies the same.

4. With regard to Paragraph 4, Ready Built admits that the USPS has Grumman LLV-A postal vehicles within its fleet and that said vehicle is a right-hand driver vehicle. Ready Built is without sufficient information to either admit or deny the remaining allegations of Paragraph 4, if any, and as such denies the same.

5. Ready Built is without sufficient information to either admit or deny the allegations of Paragraph 5 and as such denies the same.

6. Ready Built is without sufficient information to either admit or deny the allegations of Paragraph 6 and as such denies the same.

7. Ready Built is without sufficient information to either admit or deny the allegations of Paragraph 7 and as such denies the same.

8. With regard to Paragraph 8, Ready Built admits that it has sold transmission

kits to the USPS for use in postal vehicles. Ready Built denies that such sales constitute a patent infringement. Ready Built is without sufficient information to either admit or deny the remaining allegations of Paragraph 8, if any, and as such denies the same.

9. With regard to Paragraph 9, Ready Built denies that Ready Built has committed any act or omission or engaged in any conduct constituting a patent infringement or that it sold any transmission kit to the USPS in violation of any patent. With regard to the remaining allegations of Paragraph 9, Ready Built is without sufficient information regarding alleged acts, omissions or conduct of "competitors" and as such said allegations are denied.

This Defendant further prays that:

A. Jennings take nothing by way of its Complaint;

B. The Government take nothing by way of its RCFC 14(b) Notice;

C. This Court award this Defendant its costs of this action; and

D. For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each and every Count thereof fails to state a claim against this Defendant upon which relief can be granted.

### Second Affirmative Defense

This Defendant is immune from liability to Jennings pursuant to 28 U.S.C. § 1498.

### Third Affirmative Defense

Plaintiff has failed to join necessary and indispensable parties.

### Fourth Affirmative Defense

This Defendant pleads waiver and estoppel.

### Fifth Affirmative Defense

This Defendant asserts that no act or omission on its part caused or contributed to any of the injuries or damages alleged or claimed by the Plaintiff.

### Sixth Affirmative Defense

This Defendant pleads intervening cause and/or that any damages allegedly suffered by the Plaintiff are the result of either Plaintiff's own actions or the actions of third parties other than this Defendant.

### Seventh Affirmative Defense

This Defendant owed no duty, statutory or otherwise, to the Plaintiff.

### Eighth Affirmative Defense

This Defendant denies that any alleged breach of any duty caused or contributed to cause the Plaintiff's alleged injuries and damages.

### Ninth Affirmative Defense

This Defendant denies the material allegations contained in the complaint and demands strict proof thereof.

### Tenth Affirmative Defense

This Defendant pleads the general issue.

### Eleventh Affirmative Defense

The Plaintiff's claims are barred by one or more of the following doctrines: waiver, estoppel, unclean hands, ratification, and acquiescence.

### Twelfth Affirmative Defense

This Defendant contests the damages alleged by the Plaintiff. Further, Plaintiff's

damages are limited pursuant to 28 U.S.C. § 1498.

### Thirteenth Affirmative Defense

The complaint fails to state a claim upon which punitive damages may be awarded. No punitive damages are warranted or allowable. Any award of punitive damages to the plaintiff in this case would be a violation of the constitutional safeguards provided this Defendant under the Constitution of the United States of America.

### Fourteenth Affirmative Defense

With respect to any demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996), and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, ____ U.S. ____, No. 99-2035 (May 15, 2001).

### Fifteenth Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations, including 28 U.S.C. § 2501.

### Fifteenth Affirmative Defense

The referenced patent is rendered invalid and/or unenforceable pursuant to one or more of the following doctrines: the public use doctrine; the on sale bar doctrine; in that prior art made the alleged invention obvious and/or anticipated; Plaintiff's own inequitable conduct before the U.S. Patent and Trademark Office.

### Sixteenth Affirmative Defense

The referenced patent, and each and every claim related to it, are invalid and void for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

### Seventeenth Affirmative Defense

The transmission kits sold by Ready Built to the USPS do not infringe on the referenced patent, either literally or under the doctrine of equivalents.

### Eighteenth Affirmative Defense

The Government's claim for indemnity against Ready Built, if any, is barred or limited by one or more of the following doctrines: waiver; estoppel, lack of mutual assent; unclean hands; ratification, and acquiescence; in that there is no infringement of the referenced patent by virtue of any transmission kit sold by Ready Built to the USPS.

### Nineteenth Affirmative Defense

This Defendant adopts and incorporates by reference each and every affirmative defense set forth in Jasper Engine's RCFC 14(c) Answer as if fully set forth herein.

### Twentieth Affirmative Defense

This Defendant gives notice that it intends to rely upon such other affirmative or supplemental defenses as may come available or apparent during the course of this litigation and therefore reserves the right to amend this Answer to assert such defenses.

Respectfully submitted,

Date: May 19, 2006

James S. Ward
Attorney for Ready Built Distributors, Inc.

**OF COUNSEL:**
James S. Ward
WARD & WILSON, L.L.C.
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
Telephone: (205)871-5404
Facsimile: (205)871-5758

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following by First-Class, United States mail this ___ day of May, 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, North Carolina 27511

Ken B. Barrett
U.S. Department of Justice
Civil Division - Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900

_____
OF COUNSEL