THE UNITED STATES COURT OF FEDERAL CLAIMS

JENNINGS TRANSMISSION SERVICE )
OF GOLDSBORO, INC., )
)
PLAINTIFF, )
)
v. ) CASE NO. 1:05cv1209 LMB
)
THE UNITED STATES, )
)
DEFENDANT. )

**JASPER ENGINE'S SUPPLEMENT**
**TO THE PARTIES' JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Court's Order of June 6, 2006, Interested Party, Jasper Engines & Transmissions ("Jasper Engines"), does hereby submit this Supplement to the parties' Joint Preliminary Status Report, filed on May 1, 2006.

**PART 4 OF APPENDIX A OF THE RCFC**

(a) Jasper Engines agrees that this Court has jurisdiction.

(b) Jasper Engines agrees that there is no need for consolidation.

(c) Jasper Engines agrees with Defendant that the trial (but not discovery) of this dispute should be bifurcated. The complexities in a trial over both liability and damages issues for patent infringement are further compounded by the issues of the existence and/or scope of any (if any) liability for Jasper Engines to indemnify the Defendant.

(d) Jasper Engines agrees that there is no need for deferral.

(e) Jasper Engines agrees that there is no known need for remand or suspension.

(f) Jasper Engines agrees that there is presently no known need for joinder of additional parties.

(g) Jasper Engines does not intend to file any RCFC 12 Motions, but reserves the right to file a RCFC 56 Motion depending on the factual record developed in discovery and/or investigation.

(h) Jasper Engines states that the relevant issues have been expanded to include whether Jasper Engines owes any duty to indemnify the Defendant for Jennings' claims and, if so, the scope and amount of any (if any) such duty.

(i) Jasper Engines agrees that it presently does not know what the likelihood of settlement is.

(j) Jasper Engines agrees that the case should proceed to trial, and agrees that there is no need for an expedited schedule. As for the location of the trial, trial in Washington, DC is acceptable to Jasper Engines.

(k) Jasper Engines agrees that there are no special electronic case management needs at this time.

(l) Jasper Engines understands that counsel for the Defendant and Jennings are attempting to negotiate an agreed upon Protective Order to address the handling of confidential and/or commercially sensitive information.

## PROPOSED DISCOVERY PLAN

### 1.) Initial Factual Disclosures.

On June 21, 2006, Jasper Engines served its Initial Disclosures on the parties.

Jasper Engines is not clear on what exactly Jennings alleges are the accused products and/or methods supplied by Jasper Engines, which of its

patent claims are infringed, and/or how it alleges such are infringed. Presumably, Jennings had some factual basis for alleging that products and/or methods supplied to the Defendant by Jasper Engines infringed on Jennings' patent claims. RCFC 11 requires as much. Nonetheless, Jasper Engines understands that Jennings has now changed its position from the May 1, 2006, Joint Preliminary Status Report, and is now refusing to provide Infringement Contentions by June 16, 2006. Absent further detail from Jennings on its accusations (such as that which would have been provided in such preliminary Infringement Contentions), Jasper Engines believes it has fully complied with its Initial Disclosure obligations at this time.

**2.) Disclosure of Asserted Claims and Preliminary Infringement Contentions**

Jasper Engines agrees that this Disclosure should be made by Jennings, as was originally agreed upon, but understands that Jennings has recently refused to provide it by the June 16, 2006 date.

**3.) Plaintiff's Document Production Accompanying Disclosure**

Jasper Engines agrees that this Production should be made by Jennings, as was originally agreed upon, but understands that Jennings has recently refused to provide it by the June 16, 2006 date.

**4.) Response to Preliminary Infringement Contentions**

Jasper Engines agrees with the Defendant's position here, as Jasper Engines' counsel presently understands that position.

**5.) Preliminary Invalidity Contentions**

Jasper Engines agrees with the Defendant's position here, as Jasper Engines' counsel presently understands that position.

**6.) Document Production Accompanying Preliminary Invalidity Contentions**

Jasper Engines has no objection to what the parties have agreed to on this point.

**7.) Final Contentions**

Jasper Engines has no objection to what the parties have agreed to on this point.

**8.) Amendment to Contentions**

Jasper Engines has no objection to what the parties have agreed to on this point.

**9.) Exchange of Proposed Terms and Claim Elements for Construction**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**10.) Exchange of Preliminary Claim Constructions and Extrinsic Evidence**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**11.) Joint Claim Construction and Prehearing Statement**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**12.) Completion of Claim Construction Discovery**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**13.) Claim Construction Briefs**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**14.) Claim Construction Hearing**

Jasper Engines has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

## OTHER SIGNIFICANT DISCOVERY EVENTS

1.) Depositions of Fact Witnesses - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

2.) Fact Discovery Completion - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

3.) Prima Facie Expert Disclosures - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

4.) Rebuttal Expert Disclosures - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

5.) Reply Expert Disclosures - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

6.) Expert Depositions - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

7.) Joint Status Report - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

8.) Post-Discovery Conference - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

9.) Accounting Discovery - Jasper Engines has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

10.) Plaintiff Employee-Expert Disclosures – Jasper Engines agrees with the Defendant's position here, as counsel for Jasper Engines presently understands it.

Respectfully submitted,

s/ *James M. Hinshaw*

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900

*Attorneys for Jasper Engines & Transmissions*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following by First-Class, United States mail this 22nd day of June 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 850
Birmingham, AL 35209
JWard@WardWilsonLaw.com

s/ *James M. Hinshaw*

1066882