**THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE )**
**OF GOLDSBORO, INC., )**
**)**
**PLAINTIFF, )**
**)**
**v. ) CASE NO. 1:05CV1209 LMB**
**THE UNITED STATES, )**
**)**
**DEFENDANT. )**

**READY-BUILT'S SUPPLEMENT**
**TO THE PARTIES' JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Court's Order of June 6, 2006, Interested Party, Ready-Built Distributors, Inc. ("Ready-Built"), does hereby submit this Supplement to the Parties' Joint Preliminary Status Report, filed on May 1, 2006.

**PART 4 APPENDIX OF THE RCFC**

(a) Ready-Built agrees that this Court has jurisdiction

(b) Ready-Built agrees that there is no need for consolidation.

(c) Ready-Built agrees with the Defendant that while discovery should be consolidated, the trial relating to issues of liability should be bifurcated from those relating to damages.

(d) Ready-Built agrees that there is no need for deferral.

(e) Ready-Built agrees that there is no known need for remand or suspension.

(f) Ready-Built agrees that there is presently no known need for joinder of additional parties.

(g) Ready-Built does not intend to file any RCFC 12 Motions but reserves the right to file a RCFC 56 Motion.

(h) Ready-Built states that the relevant issues have been expanded to include whether Ready-Built owes any duty to indemnify the Defendant for Jennings' claims and, if so, the scope and amount of any (if any) such duty.

(i) Ready-Built agrees that it presently does not know what the likelihood of settlement is.

(j) Ready-Built agrees that the case should proceed to trial, and agrees that there is no need for an expedited schedule. As for the location of the trial, trial in Washington, DC is acceptable to Ready-Built.

(k) Ready-Built agrees that there are no special electronic case management needs at this time.

(l) Ready-Built understands that counsel for the Defendant and Jennings are attempting to negotiate an agreed upon Protective Order to address the handling of confidential and/or commercially sensitive information.

## PROPOSED DISCOVERY PLAN

**1.) Initial Factual Disclosures.**

Ready-Built requests that its Initial Disclosures be due by June 29, 2006.

By letter dated June 2, 2006, to counsel for the Defendant and third parties, counsel for Jennings takes the position that it does not plan on serving Preliminary Infringement Contentions by June 16th as reflected in the Joint Preliminary Status Report and to Ready-Built's knowledge has not done so as of June 23, 2006. Accordingly, Ready-Built is in no position to know or determine the basis of Jennings' claims relating to any products and/or methods supplied by Ready-Built, what patent(s) were allegedly infringed or the manner of such infringement. Notwithstanding this position and without any waiver, Ready-Built will attempt to comply as fully as it is able with its obligations as required by Initial Disclosures.

**2.) Disclosure of Asserted Claims and Preliminary Infringement Contentions.**

Ready-Built believes that Jennings should have provided its Disclosures by June 16, 2006, regardless of the positions asserted in the June 2, 2006, letter referenced above that it would not do so. To date, it is Ready-Built's understanding that Jennings has refused to provide this Disclosure.

**3.) Plaintiff's Document Production Accompanying Disclosure**

See response to 2 above.

**4.) Response to Preliminary Infringement Contentions**

Ready-Built agrees with the Defendant's position, as Ready-Built's counsel presently understands that position.

**5.) Preliminary Invalidity Contentions**

Ready-Built agrees with the Defendant's position, as Ready-Built's counsel presently understands that position.

**6.) Document Production Accompanying Preliminary Invalidity Contentions**

Ready-Built has no objection to what the parties have agreed to on this point.

**7.) Final Contentions**

Ready-Built has no objection to what the parties have agreed to on this point.

**8.) Amendment to Contentions**

Ready-Built has no objection to what the parties have agreed to on this point.

**9.) Exchange of Proposed Terms and Claim Elements for Construction**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**10.) Exchange of Preliminary Claim Constructions and Extrinsic Evidence**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**11.) Joint Claim Construction and Prehearing Statement**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**12.) Completion of Claim Construction Discovery**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**13.) Claim Construction Briefs**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**14.) Claim Construction Hearing**

Ready-Built has no objection to what the parties have agreed to on this point, although the dates need to be adjusted according to resolution of the preliminary infringement charts issues.

**<u>OTHER SIGNIFICANT DISCOVERY EVENTS</u>**

1. Depositions of Fact Witnesses - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution fo the preliminary infringement charts issues.

2. Fact Discovery Completion - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

3. Prima Facie Expert Disclosures - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according of the resolution of the preliminary infringement charts issues.

4. Rebuttal Expert Disclosures - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

5. Reply Expert Disclosures - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

6. Expert Depositions - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

7. Joint Status Report - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

8. Post-Discovery Conference - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted

according to resolution of the preliminary infringement charts issues.

9. Accounting Discovery - Ready-Built has no objection to what the parties have agreed to on this point, although the date may need to be adjusted according to resolution of the preliminary infringement charts issues.

10. Plaintiff Employee-Expert Disclosures - Ready-Built agrees with the Defendant's position here, as counsel for Ready-Built presently understands it.

Respectfully submitted,

James S. Ward
WARD & WILSON, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
(205) 871-5404

*Attorney for Ready-Built Distributors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by Electronic Mail on the 23rd day of June 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, North Carolina 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Division - Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James M. Hinshaw

Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com

OF COUNSEL