# In the United States Court of Federal Claims

Case No. 05-1209C
(Filed: July 5, 2006)

*****************************************************
JENNINGS TRANSMISSION SERVICE *
OF GOLDSBORO, INC., *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*
*****************************************************

**SPECIAL PROCEDURES ORDER FOR CASES UNDER 28 U.S.C. § 1498(a)**
**(Revised May 19, 2006)**

Pursuant to Rules 1, 16, and 83(b), and Appendix A ¶ 1-2, of the Rules of the United States Court of Federal Claims (RCFC), in the interest of promoting inexpensive, efficient, and just litigation, it is ORDERED that each party shall comply with the following procedures regarding discovery and claim construction proceedings.

To the extent that any of the procedures outlined below conflict with this Court's Special Procedures Order of December 14, 2005, the parties should follow the December 14, 2005 Special Procedures Order for non-patent case specific issues and this Special Procedures Order for patent case specific issues. Any questions regarding which Special Procedure Order controls should be directed to Judge Baskir's law clerk at (202) 357-6500.

1. Discovery: Initial Disclosures.

   a. Initial Disclosure of Asserted Claims. No later than **July 17, 2006**, the Plaintiff must serve on all parties an "Initial Disclosure of Asserted Claims" in conformity with Paragraph 1.b and must produce or make available for inspection and copying the documents described in Paragraph 1.d.

   b. Content of Initial Disclosure of Asserted Claims. Separately, for each opposing party, the "Initial Disclosure of Asserted Claims," shall contain the following information:

      i. Each claim of each patent in suit that is allegedly infringed by each opposing party;

ii. Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, results in the practice of the claimed method or process;

iii. The date of conception and the date of reduction to practice of each asserted claim.

c. Document Production Accompanying Initial Disclosure of Asserted Claims. At the time of filing the "Initial Disclosure of Asserted Claims," the Plaintiff must produce to each opposing party or make available for inspection and copying all documents relating to:

i. Any action that could be interpreted as an offer to sell each claimed invention prior to the date of application for the patent; and

ii. Research, design, and development of each claimed invention.

d. Initial Disclosure of Prior Art. No later than **August 1, 2006**, each opposing party shall serve on all parties an "Initial Disclosure Of Prior Art" which conforms to Paragraph 1.e. and must produce or make available for inspection and copying the documents described in Paragraph 1.f.

e. Content of Initial Disclosure of Prior Art. The Initial Disclosure of Prior Art shall contain the following information:

i. Each item of prior art that the party contends anticipates the claim or renders it obvious;

ii. For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that combination must be identified; and

iii. The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication and, where feasible, its author and publisher. Evidence of public use or sale shall be presented by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or made and received the offer.

f. Document Production Accompanying Initial Disclosure of Prior Art. At the time of filing the "Disclosure of Prior Art," each opposing party must produce or make available for inspection and copying any source code,

specifications, schematics, flow charts, artwork, formulas, or other documentation on any accused instrumentality.

2. Discovery: Infringement and Invalidity Charts.

a. Service and Content of Infringement Chart. No later than **October 10, 2006,** any party claiming patent infringement shall serve upon all parties a "Claim Chart for Infringement Purposes." Separately, with respect to each opposing party against whom a claim of patent infringement is made, the Infringement Chart must contain the following information:

i. Each claim of any patent in suit which the party alleges was infringed;

ii. The identity of each apparatus, product, device, process, method, act or other instrumentality of each opposing party which allegedly infringes each claim;

iii. Whether such infringement is claimed to be literal or under the doctrine of equivalents;

iv. Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and

v. If a party claiming patent infringement wishes to preserve the right to rely on its own apparatus, product, device, process, method, act or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

b. Response to Infringement Chart. No later than **December 8, 2006**, each party opposing a claim of patent infringement shall serve on all parties a “Response to Claim Chart for Infringement Purposes.”

c. Invalidity Chart. No later than **December 8, 2006**, each party opposing a claim of patent infringement shall serve on all parties a "Invalidity Chart," which must contain the following information:

i. The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and, where feasible, author and publisher. Evidence of public use or sale shall be presented by specifying the item offered for sale or publicly used, the date the offer or use took place, the identity of the person or entity which made the use or made and received the offer;

ii. Whether it anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

iii. Where, specifically, within each item of prior art each element of the claim is found; and

iv. All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Claimant's Claim Chart. This identification must be as specific as possible. For example, if a best mode defense is raised, the adverse party must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible. If an enablement defense is raised, the adverse party must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention.

d. Response to Invalidity Chart. No later than **February 6, 2007**, Plaintiff shall serve on all parties a "Response to Invalidity Chart."

e. Amendment to Claim Charts. Amendment of a Claim Chart or a Response Chart may be made only on stipulation of all parties or by order of the court, which shall be entered only upon a showing of excusable subsequent discovery of new information or clearly excusable neglect.

3. Discovery in General.

a. Dispositive motions and discovery. The filing of a dispositive motion shall not suspend the conduct of discovery, unless the court so orders.

b. Methods of Discovery. The use of requests for admission, stipulations, and witness interviews (by telephone, if appropriate) in lieu of formal depositions is encouraged, as is the use of videotaped evidence and telephone conferencing.

c. Discovery Disputes.

i. Before petitioning the court to resolve a discovery dispute or to impose sanctions for discovery abuses, counsel must attempt to resolve the problem with opposing counsel. Failure to consult with opposing counsel before filing a motion may result in the imposition of costs.

ii. Discovery motions shall be accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the disputed matter.

d. Abuse of the Discovery Process. Counsel are warned not to abuse the discovery process. If either counsel makes excessive demands or provides insufficient responses, appropriate sanctions (including, but not

limited to, more stringent controls over discovery, restrictions on the use of evidence, and imposition of attorneys' fees and costs) may be ordered. See RCFC 37(b).

e. Dates of Discovery.

i. Depositions of fact witnesses and all fact discovery shall be completed no later than **June 29, 2007.**

ii. Expert discovery shall be conducted in three rounds:

(1) Plaintiff shall complete its expert discovery on infringement and all opposing parties shall complete its expert discovery on invalidity and inequitable conduct no later than **July 30, 2007.**

(2) Each party files responsive reports and Plaintiff produces opinions on objective factors on non-obviousness no later than **August 20, 2007.**

(3) Opposing parties respond only to opinions on objective factors of non-obviousness no later than **August 30, 2007.**

f. Close of Discovery. No later than **September 15, 2007**, the parties shall file a JSR containing, inter alia, a proposed schedule for further proceedings. A post-discovery conference, as mandated by Appendix A ¶ 11, will be scheduled shortly thereafter.

4. Claim Construction Proceedings.

a. Proposed Claim Construction Statement. No later than **October 10, 2006,** each party claiming patent infringement must serve on all parties a "Proposed Claim Construction Statement," which shall contain the following information for each claim in issue, *see Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005):

i. Preferred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves. The support may include the context in which a term is used, maintaining consistent usage among claims, and distinguishing between dependent and independent claims;

ii. All references from the specification that support, describe, or explain each element of the claim. Such references may include a definition of the claim term, or intentional disclaimer or disavowal of claim scope by the patentee;

iii. All material in the prosecution history that describes or explains each element of the claim;

iv. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert

testimony, inventor testimony, and prior art, as permitted by law; and

v. When the party claiming patent infringement intends to offer expert testimony during a claim construction hearing, that party must, pursuant to RCFC 26(a)(2), disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case. The party must disclose that expert *no later than* when the party serves the "Proposed Claim Construction Statement." In addition, the court expects that any depositions will take place during the time allotted for the preparation of the "Response to Proposed Claim Construction Statement," described in subparagraph 4.b. below.

b. <u>Response to Proposed Claim Construction Statement</u>. No later than **December 8, 2006**, each opposing party must serve on each party a "Response to Proposed Claim Construction Statement." The response shall contain the following information, *see Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005):

i. Any interpretation of a claim term or phrase, in addition to or contrary to that disclosed pursuant to Paragraph 4.a.i, and identification of support for that interpretation in the claims themselves. The support may include the context in which a term is used, maintaining consistent usage among claims, and distinguishing between dependent and independent claims;

ii. All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed pursuant to Paragraph 4.a.ii. Such references may include a definition of the claim term, or intentional disclaimer or disavowal of claim scope by the patentee;

iii. All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those disclosed pursuant to Paragraph 4.a.iii;

iv. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert testimony, inventor testimony, and prior art, as permitted by law; and

v. When the party opposing patent infringement intends to offer expert testimony during a claim construction hearing, that party must disclose the expert *no later than* when the party serves the "Response to Proposed Claim Construction Statement." In addition, the court expects that any depositions will take place

during the time allotted for the preparation of the "Joint Claim Construction Statement," described in Paragraph 6, below.

5. Tutorial

a. Joint Status Report: No later than **January 19, 2007,** the parties shall file a Joint Status Report proposing three dates for a tutorial on background technology.

b. Tutorial Conference: The court will hear brief presentations about background technology from both sides. A presentation by counsel is sometimes sufficient; in other cases, the presentation should be made by an expert witness, subject to cross-examination. The use of audio-visual and/or demonstrative exhibits is permitted. These exhibits must be disclosed to the opposing side with adequate time to prepare a response;

6. Claim Construction Hearing.

a. Meet and Confer. No later than **December 29, 2006**, all parties shall meet and confer for the purpose of preparing a "Joint Claim Construction Statement," pursuant to Paragraph 6.b.

b. Joint Claim Construction Statement. The Joint Claim Construction Statement shall be filed no later than **January 19, 2007**, and it shall contain the following information:

i. The construction of those claims and terms on which the parties agree;

ii. Each party's proposed construction of each disputed claim and term, supported by the same information that is required under Paragraph 4. The parties are reminded that claims are written in clauses or phrases. A construction of a term in isolation without regard to context is discouraged. As the Federal Circuit has explained, "the context in which a term is used in the asserted claim can be highly instructive." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005); *see also Hockerson-Halberstadt, Inc. v. Converse Inc.,* 183 F.3d 1369, 1374 (Fed. Cir. 1999) ("[p]roper claim construction . . . demands interpretation of the entire claim in context, not a single element in isolation."); *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.,* 334 F.3d 1294, 1299 (Fed. Cir. 2003) ("While certain terms may be at the center of the claim construction debate, the context of the surrounding words of the claim also must be considered . . . ."). Thus, a complete, and more persuasive, proposed construction will always consider the context in which a term appears in the disputed claim;

iii. For any party who proposes to call one or more witnesses at the claim construction hearing, the identity of each such witness, the

subject matter of each witness' testimony, and an estimate of the time required for the testimony; and

iv. The jointly agreeable dates for a briefing schedule in advance of the Claim Construction Hearing, which shall adhere to the following:

(1) The party claiming patent infringement shall serve and file the opening brief and supporting evidence.

(2) Not more than 14 days after the opening brief is filed, each opposing party shall serve and file its responsive brief and supporting evidence; and

(3) Not more than 7 days after the responsive briefs are filed, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

c. Hearing. After the parties have completed their briefing on the Claim Construction Hearing, the court will send an Order to schedule the hearing. Unless the notice states otherwise, the parties shall be prepared to call at the hearing all the witnesses they identified under Paragraph 6.b.iii.

d. Format for Claim Construction Hearing. The court *prefers* to conduct the claim construction hearing using the following procedure:[1]

i. First, the court will hear argument based *exclusively* on intrinsic evidence. The court will proceed disputed term by disputed term; that is, the Plaintiff will argue its construction of term X, followed by the Defendant's argument on term X. Next, the Plaintiff will argue its construction of term Y, followed by the Defendant's argument on term Y; and

ii. Second, if necessary, the court will hear presentation of extrinsic evidence. The court will again proceed disputed term by disputed term. All witnesses are subject to cross-examination.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge

[1] The court emphasizes that this procedure is a preference. The court is willing to alter this procedure, provided that any request is made with sufficient notice to all parties and the court.