3682

PATENT

#12

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Jerry R. Mozingo et al. )
Serial No. 09/032,960 )
Filed: March 2, 1998 )
For: REPLACING TRANSMISSION OF RIGHT DRIVE VEHICLE WITH TRANSMISSIONS DESIGNED FOR LEFT DRIVE VEHICLE, AND ASSOCIATED CHANGE-OVER LINKAGE )

Group Art Unit: 3682
Examiner: Allan D. Herrmann

OIPE FEB 14 2000 PATENT & TRADEMARK OFFICE

RECEIVED FEB 22 2000 TO 3600 MAIL ROOM

Assistant Commissioner for Patents
Washington, D.C. 20231

PETITION FOR ENTRY AND CONSIDERATION OF INFORMATION DISCLOSURE STATEMENT

Dear Sir:

The applicants hereby petition under Rule 1.97(c) for entry and consideration of the Information Disclosure Statement that is submitted herewith.

Enclosed is a check for the petition fee in the amount of $240.00 [37 CFR 1.17(p)].

This petition is being filed before the first Office Action in a Continuing Prosecution Application (CPA). If the petition is unnecessary in order for the Information Disclosure Statement to be entered, please return the enclosed $240.00 check to the undersigned.

02/16/2000 AMDNAHKE 00000050 ...

Respectfully submitted,

R. S. Faust

Richard S. Faust
Registration No. 27,544
Attorney of Record

Richard S. Faust
8384 Six Forks Rd.
Suite 204
Raleigh, NC 27615
Telephone: (919) 846-4900
Fax: (919) 846-9543

Date: FEBRUARY 11, 2000
Attorney Docket No. JEN-1

#12

OIPE JC67 FEB 14 2000 PATENT & TRADEMARK OFFICE

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Jerry R. Mozingo et al. )
Serial No. 09/032,960 )
Filed: March 2, 1998 )
For: REPLACING TRANSMISSION )
OF RIGHT DRIVE VEHICLE WITH )
TRANSMISSIONS DESIGNED FOR )
LEFT DRIVE VEHICLE, AND )
ASSOCIATED CHANGE-OVER )
LINKAGE )

Group Art Unit: 3682
Examiner: Allan D. Herrmann

RECEIVED
FEB 15 2000
TC 3600 MAIL ROOM

Assistant Commissioner for Patents
Washington, D.C. 20231

DECLARATION OF CHRISTOPHER S. SMITH

I, Christopher S. Smith, hereby declare the following:

1. I am a named co-inventor in U.S. patent application serial no. 09/032,960, filed March 2, 1998, along with co-inventors Jerry R. Mozingo and William J. Smith.

2. I am General Manager of Jennings Transmission Service of Goldsboro, Inc. (hereinafter Jennings Transmission), owner of application serial no. 09/032,960 by virtue of an assignment recorded in the U.S. Patent and Trademark Office at reel 9311/frame 003.

3. Co-inventor Jerry R. Mozingo is technical advisor of Jennings Transmission.

4. Co-inventor William J. Smith is President of Jennings Transmission.

5. Jennings Transmission has been in the business of repairing,

rebuilding and installing vehicular transmissions since 1966.

6. For at least several years prior to the conception of the present invention, Jennings Transmission has been aware of problems associated with the original equipment transmissions installed in the U.S. Postal Services' Grumman LLV-A postal vehicles, particularly the premature failure of these transmissions under the driving conditions to which postal vehicles are subjected.

7. Rebuilt LLV-A transmissions of the original equipment design have been known to fare no better, usually worse, than the new LLV-A transmissions.

8. In the fall of 1995, Jennings Transmission undertook an investigation into providing a more reliable transmission for the Grumman LLV-A postal vehicle, particularly for use as a replacement when the original transmissions of these vehicles failed.

9. A preferred replacement transmission identified for replacing the problematic transmission has been the General Motors 700R4 transmission. The replacement of an original equipment Grumman LLV-A postal vehicle transmission with a 700R4 transmission, or equivalent, is complicated by the fact that the LLV-A vehicle is a right hand drive vehicle, having a gear selector mechanism that connects to a transmission adapted for a right hand drive vehicle. Replacing the LLV-A transmission with a transmission for a left hand drive vehicle presents a considerable challenge in linking the gear selector mechanism to the replacement transmission. More particularly, this linkage dilemma presents a problem with respect to the development of a repeatable, "assembly line" procedure for installing these replacement transmissions. In the fall of 1995, the three named inventors conceived a technique for replacing the original equipment LLV-A transmission with the 700R4 transmission, or equivalent, utilizing <u>inter alia</u> a "change-over linkage" substantially as shown in Figs. 2-5 of serial no. 09/032,960.

10. It was readily apparent to the three co-inventors and the U.S. Postal Service representative with whom the inventors were working that the new transmission installation could only be proven as an effective solution by installing representative transmissions in an experimental test fleet of postal vehicles and running the vehicles for a significant period of time approximating at least a minimum acceptable duration/mileage.

11. Starting on or about October 23, 1995, in accordance with the invention, Jennings Transmission began installing rebuilt 700R4 transmissions into an experimental test fleet of nine postal vehicles. This work was performed at the premises of Jennings Transmission according to the exacting standards of the three inventors. Each installation included a change-over linkage, as shown in Figs. 2-5.

12. The rebuilt transmissions and linkage installations were charged to the U.S. Postal Service at the then-current rate for replacing failed LLV-A transmissions with rebuilt LLV-A transmissions. This rate was significantly below the actual cost to Jennings Transmission for the installation of these nine rebuilt transmissions of the invention. No profit was made by Jennings Transmission on the installation of these nine transmissions.

13. The Postal Service representative who authorized the experimental fleet and his assistant were the only Postal Service employees involved in setting up the experimental test program. This Postal Service representative assigned the nine vehicles to several cities in eastern North Carolina where their use could be monitored. It was agreed that the Postal Service would not disclose the invention to third parties and that third parties would not be made aware of the experimental test program. Jennings Transmission was to be informed of any failures. There were no failures prior to March 2, 1997. Nor were there any failures between March 2, 1997 and the end of the experimental test program.

14. The experimental test program was established as essentially a "blind test" since the drivers and other Postal Service personnel were not informed that the replacement transmissions were different from the replacement transmissions that had been installed in the past. During the test period, Jennings Transmission was in contact with the mentioned Postal Service representative and was available for any transmission replacement or rebuilding that may have been required. Prior to March 2, 1997, Jennings Transmission undertook no further development work, solicited no sales and undertook no marketing activities with respect to the invention. There were no price lists developed, no samples distributed and no demonstrations.

15. At a date after March 2, 1997, Jennings Transmission and the Postal Service representative who authorized the experimental test program determined that the test program was a success and that the invention had proven its reliability and durability in its intended environment.

16. The first order for the invention was placed with Jennings Transmission after March 2, 1997.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment; or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Christopher S. Smith (SEAL)
Christopher S. Smith

2-10-00
(DATE)

Attorney Docket No. JEN-1

OIPE JC67 FEB 1 4 2000 PATENT & TRADEMARK OFFICE

#12

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Jerry R. Mozingo et al. )
Serial No. 09/032,960 )
Filed: March 2, 1998 )
For: REPLACING TRANSMISSION OF RIGHT DRIVE VEHICLE WITH TRANSMISSIONS DESIGNED FOR LEFT DRIVE VEHICLE, AND ASSOCIATED CHANGE-OVER LINKAGE )

Group Art Unit: 3682
Examiner: Allan D. Herrmann

RECEIVED
FEB 16 2000
TC 3600 MAIL ROOM

Assistant Commissioner for Patents
Washington, D.C. 20231

INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR §§ 1.97(c)

Pursuant to 37 CFR §§1.56 and 1.97(c), applicants bring to the attention of the Examiner certain factual information discussed in the enclosed Declaration of Christopher S. Smith. This declaration contains information that may be material to the examination of this application and that should be considered by the Examiner. For the reasons pointed out in detail below, the claims of the application comply with the requirements of 35 USC §102(b) and should be found patentable in light of the facts disclosed in the declaration.

Under the provisions of 37 CFR §1.97(c), this information Disclosure Statement is accompanied by a fee of $240.00 as specified by §1.17(p).

This application was filed on March 2, 1998. The events described in the declaration submitted herewith concern activities that occurred more than one year prior to the filing date of this application, i.e., before March 2, 1997.

Prior to March 2, 1997, Jennings Transmission Service of Goldsboro, Inc., the assignee of this application, installed nine rebuilt General Motors 700R4 transmissions with change-over linkage into Grumman LLV-A postal vehicles to replace the original equipment transmissions that had failed in these vehicles. The transmission/linkage combination (claim 1), the linkage *per se*

(claim 5), the transmission replacement method (claim 7) and the kit (claim 9) associated with these nine vehicle installations were substantially as described in the specification and drawings of the present application and fall within the claims of the application. These nine vehicles made up an experimental test fleet that was used by the United States Postal Service in several cities in the eastern North Carolina region for the purpose of determining whether the invention, as so installed, would hold up to the stressful, stop-and-go usage that postal vehicles are subjected to. The experimental test program extended over a period of time that was necessary to establish the invention's reliability and durability in its intended environment. Smith Decl. ¶¶9-11.

35 USC §102(b) provides, in part, that a person is not entitled to a patent if

> "the invention was ... in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."

However, if the primary purpose of the use or sale is experimental, and any commercial exploitation is incidental, there is no bar under 35 USC 102(b). City of Elizabeth v. American Nicholson Pavement Co., 97 U.S. 126 (1878).

A number of factors must be weighed in determining whether the experimental test fleet activity prior to the critical date of March 2, 1997 was experimental.

Was the Primary Purpose of the Experimental Test Fleet Activity, in Fact, Experimental?

Yes. The experimental test fleet was put into service for the primary purpose of determining whether the invention would work with sufficient durability in its intended environment (i.e., would the invention hold up for an acceptable time/mileage duration under the actual harsh driving conditions that the invention was expected to be subjected to?). Everyone involved understood that the purpose was experimental. Smith Decl. ¶10.

Was the Commercial Exploitation Relating to the Experimental Test Program Incidental?

Yes. For each of the nine vehicles in the experimental test program, the U.S. Postal Service was charged only the then-current price for replacing the failed LLV-A transmission with a rebuilt transmission of the original equipment design -- the ones that were causing the problem in the first place. The charge to the Postal Service was less than the actual cost incurred by Jennings Transmission. Jennings Transmission did not make a profit. Smith

cl. ¶12. Also, the number of vehicles in the experimental test eet was so small as to, in and of itself, assure that any money at changed hands would be "incidental" in the context of the erall importance of the test program and the number of postal hicles having the transmission problem in the United States alone.

Further underscoring the lack of commercial exploitation during e experimental test program is the fact that Jennings Transmission de no efforts at market penetration prior to the critical date of rch 2, 1997. There were no price lists developed, there were no mples distributed, there were no demonstrations. Smith Decl. ¶14.

s it Necessary That the Experimental Activity Be in Public?

Yes. The nine experimental test vehicles had to be driven on blic roads that make up postal routes.

It is clear that an experimental use can be in public. As ated in Pfaff v. Wells Electronics Inc. 48 USPQ2d at 1645:

> "[A]n inventor ... may conduct extensive testing without losing his right to obtain a patent for his invention - even if such testing occurs in the public eye."

d the Experimental Testing Program Have to Last for a Substantial riod of Time?

Yes. As mentioned above, the purpose of the experimental test ogram was to determine whether the invention would work tisfactorily and hold up for the necessary time/mileage in its tended environment. This requirement meant that the test program tended beyond the critical date (March 2, 1997). Objective idence of the necessity of this duration of the test program is at the U.S. Postal Service, faced with a long-term reliability oblem with respect to its LLV-A transmissions, waited until a date ter March 2, 1997 to declare the program a success and to place s first order with Jennings Transmission. Smith Decl. ¶¶15 and .

s the Number of Vehicles in the Experimental Test Program asonable Under the Circumstances?

Yes. Surely only one or a very few vehicles would not nstitute an acceptable statistical sample. Nine vehicles is a asonable number.

w Was the Experimental Test Program Controlled?

The invention was installed in the nine vehicles of the perimental test fleet by the inventors at the premises of Jennings

Transmission according to their exacting standards. The nine vehicles were then put on the road in several cities in eastern North Carolina by the Postal Service representative who was involved in initiating the program. It was agreed that the Postal Service would not disclose the invention to third parties and that third parties would not be made aware of the experimental test program. The postal vehicle drivers using the experimental test vehicles did not know that their vehicles incorporated the invention. It was agreed that any failures would be reported to Jennings Transmission. There were no failures. Smith Decl. ¶¶11, 13 and 14.

The above analysis, which includes a consideration of the factors enumerated by the Federal Circuit in determining whether a public sale/use is experimental, establishes that the activities described above do not constitute a statutory bar under 35 USC §102(b) against the instant claims.

For the reasons pointed out above, applicants submit that the claims of this application satisfy the requirements of 35 USC §102(b).

A prompt and favorable action is earnestly solicited. If the Examiner should have any questions, he is encouraged to telephone the undersigned.

Respectfully submitted,

Richard S. Faust FEB. 11, 2000

Richard S. Faust
Registration No. 27,544
Attorney for Applicants

Richard S. Faust
8384 Six Forks Rd.
Suite 204
Raleigh, NC 27615
Telephone: (919)846-4900
Fax: (919)846-9543

Attorney Docket No. JEN-1

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/032,960 | 03/02/98 | MOZINGO | J JEN-1 |

-CPA 11 GP-3682

OIPE JC67 FEB 14 2000 PATENT & TRADEMARK OFFICE

PM32/1215

RICHARD S FAUST
8384 SIX FORKS ROAD
SUITE 204
RALEIGH NC 27615

HERRMANN, A

DATE MAILED:

3682

## NOTICE TO FILE MISSING PARTS OF APPLICATION (CPA)

***Filing Date Granted***

12/15/99

The Continued Prosecution Application (CPA) request filed on ______________ is entitled to a filing date under 37 CFR 1.53(d)(1). The CPA request, however, lacks the filing fee(s) and/or items indicated below.

**Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file the fee(s), item(s), and any surcharge required below to avoid abandonment of this CPA. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).**

***The total amount owed by applicant is the sum of items 1(a) or (b), 2, and 3 (if checked) below.***

☒ 1. The statutory basic filing fee is:
- ☒ missing.
- ☐ insufficient.

*(a) Applicant must submit $____________ to complete the basic filing fee and the $130.00 surcharge set forth in 37 CFR 1.16(e) (non-small entity), or $____________ to complete the basic filing fee as a small entity and the $65.00 surcharge set forth in 37 CFR 1.16(e) and file a small entity statement under 37 CFR 1.27 claiming such status (if the prior application was entitled to small entity status and such status is still proper and desired, a new small entity statement is not required (37 CFR 1.28)).*

*(b) Applicant must submit $ 380.00 to complete the basic filing fee as a small entity and the $65.00 surcharge set forth in 37 CFR 1.16(e).*

☐ 2. Additional claim fees of
$__________ (non-small entity) or $__________ (small entity) for __________ independent claims over 3.
$__________ (non-small entity) or $__________ (small entity) for __________ claims over 20.
$__________ (non-small entity) or $__________ (small entity) for multiple dependent claim surcharge.

*Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☐ 3. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 4. The CPA request is unsigned. Applicant must file a signed duplicate or ratification of the CPA request.

☐ 5. Other: ______________________________________________

*A copy of this Notice MUST be returned with the reply.*

RECEIVED
FEB 17 2000
TC 3600 MAIL ROOM

Direct the reply and any questions about this Notice to:

Gyzell Johnson

Examining Group Tech 3600

(703) 306 - 4596

FORM PTO-2016 (Rev. 12/97) PART 1 - ATTORNEY/APPLICANT COPY



G000232

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
| --- | --- | --- | --- |
| 09/032,960 | 03/02/98 | MOZINGO J | JEN-1 |

PM92/0229

RICHARD S FAUST
8384 SIX FORKS ROAD
SUITE 204
RALEIGH NC 27615

| EXAMINER | |
| --- | --- |
| HERRMANN, A | |
| ART UNIT | PAPER NUMBER |
| 3682 | 13 |

DATE MAILED: 02/29/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)

1- File Copy

| **Notice of Allowability** | Application No. 09/032,960 | Applicant(s) Mozingo et al |
|---|---|---|
| | Examiner Allan D. Herrmann | Group Art Unit 3682 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *CPA filed 8-10-99 and IDS with Declaration filed 2-14-00*.

☒ The allowed claim(s) is/are *1-12*.

☐ The drawings filed on ________ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ________.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ________.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. *5*.

☒ including changes required by the proposed drawing correction filed on *May 7, 1999*, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). ________

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☐ Interview Summary, PTO-413

☐ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☒ Examiner's Statement of Reasons for Allowance

*Allowable Subject Matter*

1. Claims 1-12 stand allowed.

2. The following is an examiner's statement of reasons for allowance: The reasons for allowance are (1) the same as in Paper No. 6 dated 2/9/99; and (2) the IDS with Declaration filed 2-14-00 (Paper No. 12) establishes that the experimental testing described therein does not constitute a statutory bar under 35 USC 102(b).

3. Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

4. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Allan D. Herrmann whose telephone number is (703) 308-4752.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Bucci, can be reached on (703) 308-3668. The fax phone number for this Group is (703) 305-7687..

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-2186.

ALLAN D. HERRMANN
PRIMARY EXAMINER
ART UNIT 3682

ADH
February 28, 2000

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM82/0308

RICHARD S FAUST
8384 SIX FORKS ROAD
SUITE 204
RALEIGH NC 27615

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/032,960 | 03/02/98 | 012 | HERRMANN, A | 3682 | 03/08/00 |

First Named Applicant: MOZINGO, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: REPLACING TRANSMISSION OF RIGHT DRIVE VEHICLE WITH TRANSMISSION DESIGNED FOR LEFT DRIVE VEHICLE, AND ASSOCIATED CHANGE-OVER LINKAGE

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 JEN-1 | 074-473.300 | J24 | UTILITY | YES | $605.00 | 06/08/00 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## *HOW TO RESPOND TO THIS NOTICE:*

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033) *U.S. GPO: 1999-454-457/24601

#15

**FOR ACTION BY THE CHIEF DRAFTSMAN**

**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Jerry R. Mozingo et al. )
Serial No. 09/032,960 )
Filed: March 2, 1998 )
For: REPLACING TRANSMISSION OF RIGHT DRIVE VEHICLE WITH TRANSMISSION DESIGNED FOR LEFT DRIVE VEHICLE, AND ASSOCIATED CHANGE-OVER LINKAGE )

Group Art Unit: 3682
Examiner:
Allan D. Herrmann

OIPE JC3 MAR 20 2000 PATENT & TRADEMARK OFFICE

Assistant Commissioner for Patents
Washington, D.C. 20231

SUBMISSION OF FORMAL DRAWINGS

Enclosed herewith are seven (7) sheets of formal drawings containing Figures 1-5.

Respectfully submitted,

[signature]

Richard S. Faust
Registration No. 27,544
Attorney of Record

Richard S. Faust
8384 Six Forks Road
Suite 204
Raleigh, NC 27615
Telephone: (919)846-4900
Fax: (919)846-9543

Date: MARCH 13, 2000
Attorney Docket No. JEN-1

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on MARCH 13, 2000

[signature]

Richard S. Faust
Reg. No. 27,544

MARCH 13, 2000
Date of Signature



G000238

# PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applic___e fees, to:

Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

B9

***MAILING INSTRUCTIONS:*** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

RICHARD S FAUST
8384 SIX FORKS ROAD
SUITE 204
RALEIGH NC 27615

OIPE JC3 MAR 2 0 2000 PATENT & TRADEMARK OFFICE

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Richard S. Faust (Depositor's name)

[signature] (Signature)

MARCH 13, 2000 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/032,960 | 03/02/98 | 012 | HERRMANN, A | 3682 | 03/08/00 |

First Named Applicant: MOZINGO, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: REPLACING TRANSMISSION OF RIGHT DRIVE VEHICLE WITH TRANSMISSION DESIGNED FOR LEFT DRIVE VEHICLE, AND ASSOCIATED CHANGE-OVER LINKAGE

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 JEN-1 | 074-473.300 | J24 | UTILITY | YES | $605.00 | 06/08/00 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Richard S. Faust
2 ____
3 ____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
**PLEASE NOTE:** Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropiate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitue for filing an assignment.

(A) NAME OF ASSIGNEE Jennings Transmission Service of Goldsboro, Inc.

(B) RESIDENCE: (CITY & STATE OR COUNTRY) Goldsboro, NC

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual ☒ corporation or other private group entity ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies 5

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER ____
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☐ Issue Fee
☐ Advance Order - # of Copies ____

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) [signature] (Date) March 13, 2000

03/20/2000 NMARNOL1 00000036 09032960
01 FC:242 605.00 OP
02 FC:561 15.00 OP

NOTE; The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

***Burden Hour Statement:*** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



G000239

6085609




FIG. 1
PRIOR ART

OIPE JC3 MAR 2 0 2000 PATENT & TRADEMARK OFFICE



1D09-032960

SN 09/032,960

FIG. 1A

PRIOR ART






G000243

O I P E JC3
MAR 2 0 2000
PATENT & TRADEMARK O




FIG. 2

FIG. 2A-1

OIPE JC3 MAR 2 0 2000 PATENT & TRADEMARK OFFICE



FIG. 2A


92
12
74
110
40
70
116
94
76
130
104
100
120
112
134
138
128
150
176
154B

O I P E JC3
MAR 2 0 2000
PATENT & TRADEMARK OFFICE

FIG. 3


70
74
80
82
124
104
100
120
110
140
134
149
145
130
84
138
147
112
86
88
116
76

O I P E JC3
MAR 2 0 2000
PATENT & TRADEMARK OFFICE


70
74
104
124
120
100
80
82
110
145
130
134
140
149
147
138
112
84
86
88
76
116

FIG. 4

O I P E JC3
MAR 2 0 2000
PATENT & TRADEMARK OFFICE

FIG. 5



OIPE JC3 MAR 2 0 2000 PATENT & TRADEMARK OFFICE

SN09/032,960

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective October 1, 1997

Application or Docket Number: 09/032960

1,5,7,9

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY TYPE RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 395.00 | OR | | 790.00 |
| TOTAL CLAIMS | 12 minus 20 = | * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 4 minus 3 = | * 1 | x41= | | OR | x82= | 82 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +135= | | OR | +270= | |
| | | | TOTAL | | OR | TOTAL | 872 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * 12 | Minus | ** 20 | = 0 | x$11= | | OR | x$22= | |
| Independent | * 4 | Minus | *** 4 | = 0 | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 8/97) *U.S. Government Printing Office: 1997 - 430-571/69194 Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE