**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,**

**No. 05-1209 C**

**v.**

**Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL JASPER'S DISCOVERY RESPONSES AND FOR SANCTIONS**

---

In less than two months, factual discovery is set to close. Defendant Jasper Engines & Transmissions ("Jasper") refuses to produce complete, meaningful responses to Plaintiff Jennings Transmission Service's ("Jennings") discovery requests regarding Jasper's sales of devices

accused of infringing Jennings' patent. In light of Jasper's failure to cooperate, Jennings asks that the Court compel Jasper to fully respond.

## I. STATEMENT OF FACTS

### A. Background Facts

Jennings sells and repairs transmissions. (D.1, ¶ 3.) Jennings invented a transmission conversion kit, and obtained a patent on the device and a method of conversion. (*Id.* ¶ 7.) Jennings initially manufactured and sold these transmission conversion kits to the Government, specifically the United States Postal Service ("USPS"). (*Id.* ¶ 8.) Jennings discovered that the Government purchased the same and similar kits ("Accused Devices") from various competitors of Jennings, including Jasper and Ready Built. (*Id.* ¶¶ 8-9.) Upon its competitors' refusal to obtain a license for the technology, Jennings instituted this proceeding for patent infringement against the Government. The Government moved for notice to Jasper and Ready Built, which thereafter joined the proceeding as third-party defendants.

### B. Discovery Dispute

In October 2006, Jennings served discovery requests on Jasper seeking, among other things, information regarding Jasper's sales of Accused Designs. (Exhibit 1.) Jasper produced its written responses in December. (Exhibits 2 and 3 hereto.) Jasper's responses contained a

number of blanket objections. (*See* Exs. 2-3.) Beyond these objections, Jasper simply answered that responsive documents would be produced. (*See* Exs. 2-3.) Jasper did not, however, produce any documents with its responses.

After repeated requests from Jennings' counsel, Jasper finally produced some documents in April 2007. These documents revealed limited information regarding Jasper's sales of Accused Designs, but failed to include invoices for all of Jasper's sales or a summary of all its sales in dollars and quantity. (*See* Exhibit 4 hereto.) Although Jennings' counsel specifically requested the production of such information, Jasper refused to comply.

Attempting to obtain complete information regarding Jasper's sales, Jennings served additional discovery requests regarding Jasper's sales and profits. (*See* Exhibit 5 hereto.) Jasper's responses were both tardy and lacking. (*See* Exhibit 6 hereto.) Although the responses were late and objections thus waived, Jasper again cited a litany of general objections and followed those with specific objections to each request. Jasper's responses demonstrate that it maintains its financial records electronically and has the capability to produce compilations of its gross dollar sales and profits from the sale of Accused Devices. Despite this, Jasper refuses to

provide a written response to the interrogatories or produce the requested documents.

## II. ARGUMENT

### A. Legal Standards for Discovery

"Delay and excessive expense now characterize a large percentage of all civil litigation. The problems arise in significant part, as every judge and litigator knows, from abuse of the discovery procedures available under the Federal Rules." *Ingalls Shipbuilding, Inc. v. U.S.*, 857 F.2d 1448, 1450 (Fed. Cir. 1989) (citation omitted). The scope of discovery is only limited to relevant evidence or evidence likely to lead to the discovery of admissible evidence. RCFC 26(b)(1-2). Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). The burden of showing that the requested discovery is not relevant to the issues in this litigation rests with the party resisting discovery. *Ellsworth Associates, Inc. v. U.S.*, 917 F.Supp. 841, 845 (D.D.C. 1996).

It is not required that the requesting party to identify the exact discovery it would like produced; the purpose of discovery is to explore

relevant information. *See* R.C.F.C. 26(b)(1). An honest effort must be made to produce requested information and documents.

**B. Jasper's Improper Blanket Objections**

Jasper asserted blanket objections to all the discovery requests without specifying to which interrogatory or document request it was objecting. (*See* Exs. 2-3 & 6.) Boilerplate general objections such as blanket objections to relevance, burden, attorney-client privilege, and work-product privilege, are generally disfavored by the court. *See Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). The general objections offered by Jasper constitute unspecific boilerplate objections. These objections make it difficult to determine whether it has completely responded to the discovery requests. As Jasper has failed to provide complete discovery, these objections are particularly troubling. Jasper's boilerplate objections should be overruled.

**C. Jasper's Incomplete Discovery Responses**

Through the requests at issue in this motion, Jennings seeks information regarding Jasper's sales of Accused Devices. Jennings' interrogatories seek Jasper's accounting of its sales of and profits from Accused Devices, including total quantities and dollar amounts. Jennings' document request seeks documents reflecting Jasper's sales of Accused

Devices. Instead of providing a written response to Jennings' first interrogatory, Jasper referred Jennings to its incomplete document production. Jasper flatly refused to provide a written response to the second interrogatory at issue.

**1. Jasper's Improper Specific Objections**

With regard to the requests at issue, Jasper complains that they seek information not relevant to this litigation. The Rules provide for discovery of any matter that is relevant to the claim. R.C.F.C. 26(b)(1). Jasper's sales of Accused Devices contribute to a calculation of Jennings' lost profits. Information and documents reflecting Jasper's sales are, thus, entirely relevant and discoverable. Jasper's objection to relevance should be overruled.

Jasper also objected to several of the requests as unduly burdensome. Jasper complained that the first interrogatory was not limited in time. As Jasper could not have been selling the items prior to Jennings' invention, the timeframe is limited. Jasper objected to Document Request Nos. 5 as overly broad as Jasper has 35 locations. Jasper's production reflects that it maintains its records electronically. Jasper should, therefore, be able to easily search its computer system for invoices regarding sales of the Accused Designs. As such, Jasper's objections should be overruled.

**2. Jasper's Improper Response to Interrogatory No. 1**

Jasper's reliance upon its incomplete document production as responding to Jennings' first interrogatory is improper. Rule 33(d) allows for the production of business records in place of a written response only where the answer to an interrogatory may be ascertained just as easily by the requesting party as the producing party. Such is not the case in this instance.

Jasper's discovery responses and document production demonstrate that Jasper maintains the requested information electronically. In Jasper's responses to several requests for admission, Jasper admits that it maintains accounting information relevant to the Accused Devices in electronic format. (*See* Ex. 6, Resp. to R.F.A. Nos. 6-8.) Jasper even admits that it has the capability of generating summary compilations, to include quantity and price, by product number. (*Id.*, Resp. to R.F.A. No. 11.)

Jasper's spreadsheets also evidence Jasper's ability to produce the requested information. (*See* Ex. 4.) These spreadsheets, provided in PDF format, totaled over four hundred pages. One spreadsheet of over four-hundred pages provided one line sales summaries including invoice number; date; customer number, name, and location; stock number;

product number; and quantity. (*See, e.g.,* Ex. 4.) It did not, however, include product name, product price, total quantity sold of each product, or total sales in dollars of each product. Another spreadsheet provided similar information, including price. This spreadsheet still did not disclose product name, total quantity sold of each product, or total sales in dollars of each product. Two other spreadsheets provided total quantities of certain products sold for each year, but still failed to include any cumulative totals or dollar amounts. In summary, despite producing over four-hundred pages of documents hinting at the information sought, the documents do not actually provide the requested information.

Given such information, Jennings is unable to discern the total sales of Accused Devices. Even if Jasper provided a list explaining the product numbers, the burden of summarizing the information still would not be the same on both parties. Jasper should be able to easily produce summary information. Jennings, on the other hand, will be forced to manually review the spreadsheets line by line and match up the product number with the product name and price.

Moreover, when a responding party has already searched its business records for the information responsive to an interrogatory, the burden is no longer equal. *See Petroleum Insurance Agency, Inc. v.*

*Hartofrd Accident and Indemnity Co.*, 111 F.R.D. 318 (D. Mass. 1984). The requesting party is, thus, entitled to a written response. *Id.* Jasper should not be permitted to claim to have an equal burden with Jennings in producing the purchase information requested by Jennings' interrogatory. Jasper's production reflects that it has already reviewed its business records. As such, the burden is not equal. Jennings is, at a minimum, entitled to complete summary information in response to the interrogatory, and Jasper should be compelled to provide this information.

**3. Jasper's Incomplete Response to Interrogatory No. 12**

In an attempt to obtain Jasper's profit information, Jennings' twelfth interrogatory asks for Jasper's net and gross profits from the sale of Accused Devices. Such information is relevant to Jennings' calculations of a reasonable royalty. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970) (listing net profits as a specific factor in determining a reasonably royalty rate). Jasper refused to respond, stating that it does not track such profits per unit. Jasper also stated that it is unable to calculate net profits as it does not include items such as labor and overhead costs in the total cost for each unit. Jasper's excuses only highlight Jasper's ability to produce the requested information.

The fact that Jasper does not track profits per unit is irrelevant to the request. Jennings is entitled to know what Jasper believes its profits are and how Jasper calculates them. As reflected by Jasper's response, businesses often calculate profits differently. The fact that Jasper does not calculate them in a certain manner does not excuse Jasper from producing the requested information.

As already addressed with regard to Interrogatory No. 1, Jasper has shown it is capable of producing the requested information. Jasper's responses to the requests for admission as well as its document production demonstrate that it maintains its financial information electronically. Moreover, Jasper's statement that it "does not include [certain] items … in the total cost for each unit" shows that it does calculate cost per unit. Jasper should be able to easily provide the requested information and should be compelled to do so.

**4. Incomplete Responses to Document Request Nos. 5 and 24**

Jasper also failed to make a complete document production. Document Request No. 5 seeks documents reflecting each sale of an Accused Device, including the identities of the purchasers. Request No. 24 asks for the production of Jasper's electronic databases containing information regarding Jasper's sales or distribution of Accused Devices.

Although Jasper produced the summary spreadsheets as outlined above, Jasper failed and refused to produce the underlying invoices. Jasper also refuses to produce its electronic database reflecting its sales. Jennings cannot be expected to simply take Jasper's word that the summary reflects all its sales. Jasper should be compelled to make a complete production.

**D. Privilege Log**

Jasper's general objections include an objection to the requests as seeking privileged information. Jasper has not, however, produced a privilege log. Rule 26(b)(5) mandates the express disclosure of information sufficient for the requesting party and court to assess the propriety of assessing the claim of privilege.

> Given the elements required to support a claim of work product or attorney-client privilege, each document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, purpose, and an explanation as to why the document should be privileged and not produced in discovery.

*Coltec Indus. v. Am. Motorist Ins.*, 197 F.R.D. 368, 373 (N.D. Ill. 2000). Jasper asserted privilege as an objection but failed to produce a corresponding log. Its compliance with Rule 26(b)(5) should be compelled.

**E. Sanctions**

The Court should sanction Jasper for its conduct in this matter. Jasper's obstinacy wastes not only the time and resources of Jennings as

well as the time and resources of this Court. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. R.C.F.C. 37(a)(4)(A). Imposing sanctions against Jasper would at least partially compensate Jennings for its efforts in dealing with Jasper's defiance. Jasper should be sanctioned for its blatant disrespect for Jennings and the Court through an award of Jennings' costs, including attorneys' fees, associated with this motion.

## V. CONCLUSION

For the reasons set forth herein and in its motion to compel, Plaintiff Jennings respectfully prays the Court grant its motion to compel Jasper's complete responses to its discovery requests. Plaintiff also requests that the Court impose sanctions on Jasper for its failure and refusal to meaningfully participate in the discovery process.

Respectfully submitted, this the 11th day of May, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL JASPER'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 11th day of May, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff