Exhibit 2

THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., Plaintiff, | ) | |
| v. | ) | CASE NO. 1:05cv1209 LMB |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| JASPER ENGINES & TRANSMISSIONS, Third-Party Defendant, | ) | |
| and | ) | |
| READY BUILT DISTRIBUTORS, INC., Third-Party Defendant. | ) | |

**JASPER ENGINES & TRANSMISSIONS' RESPONSES**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Third-Party Defendant, Jasper Engines & Transmissions ("Jasper"), by counsel, and pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims, responds to Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") First Set of Interrogatories as follows:

**General Objections**

Jasper objects to the Definitions and Instructions proposed by Jennings to the extent they attempt to impose obligations beyond those established by the Rules of the United States Court of Federal Claims and related case law. Jasper will respond to the discovery requests in compliance with the Rules of the United States Court of Federal

Claims and related case law.

Jasper objects to the Interrogatories to the extent they are deemed to require disclosure of information and/or identification of documents that is/are protected against discovery by the attorney-client privilege, the anticipation of litigation privilege, and the work-product privilege. To the extent an Interrogatory seeks Protected Information, Jasper will comply with the Provisional Protective Order entered in this case on July 5, 2006.

Jasper objects to the Jennings' definition of the term "Accused Device" as overly broad. As defined by Jennings', the term "Accused Device" includes more devices than those actually identified as accused in Jennings' Initial Disclosures of Asserted Claims, dated July 17, 2006, and Jennings' Infringement Charts, dated October 10, 2006. Therefore, in responding to these Interrogatories, Jasper will interpret the term "Accused Devices" as those devices identified by model number in Jennings' Initial Disclosures of Asserted Claims and, to the extent discernable by Jasper, those shown in Jennings' Infringement Charts, dated October 10, 2006.

Jasper also objects to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence.

Jasper reserves the right to amend or supplement any of its discovery responses. Subject to and without waiving these General Objections, Jasper responds to the Interrogatories as follows:

## RESPONSES:

1. Fully disclose your sales of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of sale,

the entity to whom you sold each device, and the amount you received for each purchase.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to this Interrogatory as being unduly burdensome, as no relevant timeframe is specified.

Subject to and without waiving these specific objections and the General Objections, see Jasper's response to Request for Production No. 5, which is hereby incorporated by reference.

2. Identify the persons most knowledgeable regarding the structure, operation, function, performance, or use of each Accused Device.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to the use of the terms "structure", "operation", "function", and "performance", as such terms are vague.

Subject to and without waiving these specific objections and the General Objections, Jasper identifies the following individuals:

a. Bob Goodman
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3240

b. Sean Byrd
Group Leader
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3849

c. Robert Boeglin
National Sales Manager
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3985

*See also* Jasper's Rule 26(a)(1) Initial Disclosures, dated June 21, 2006, and Jasper's response to Request for Production No. 6, both of which are hereby incorporated by reference.

3. Identify the persons most knowledgeable regarding the conception, design, and development of the Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to the use of the terms "conception", "design", and "development", as such terms are vague.

Subject to and without waiving these specific objections and the General Objections, Jasper identifies the following individuals:

a. Bob Goodman
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3240

b. Sean Byrd
Group Leader
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3849

c. Robert Boeglin
National Sales Manager
Jasper Engines & Transmissions
P.O. Box 650
Jasper, Indiana 47547
Tel: 812.482.1041 x3985

*See also* Jasper's Rule 26(a)(1) Initial Disclosures, dated June 21, 2006, and Jasper's response to Request for Production No. 7, both of which are hereby incorporated by reference.

4. Explain in detail your development and first use of the Accused Devices. Include in your explanation when, why, and over what time period you developed and first began using each device.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to this Interrogatory as being unduly burdensome, as no relevant timeframe is specified.

Subject to and without waiving these specific objections and the General Objections, Jasper first began developing a transmission conversion kit in 1995. This first version of a transmission conversion kit utilized a cable system, and was designed for use in LLVs carrying a TH350 transmission. On or before March 4, 1996, Jasper finalized the development of this conversion kit for sale to the United States Postal Service ("USPS"). Jasper installed a TH350 conversion kit in a USPS LLV in Jasper, Indiana, sometime in 1995 or early 1996. Upon information and belief, this particular TH350 conversion kit is still functional and presently in use by the USPS in Jasper, Indiana.

Shortly thereafter, Jasper was told that that the USPS was not interested in utilizing the TH350 conversion kit because the TH350 was not a current production unit and the USPS preferred the current production TH700R4 transmission for its LLVs. Accordingly, the USPS requested Jasper to come up with an alternate transmission conversion kit compatible with the TH700R4 transmission. Within a matter of weeks, Jasper began developing a transmission conversion kit utilizing the TH700R4 transmission for the USPS. This second version of a conversion kit utilized a bracket system (also called a rigid kit), rather than a cable system. Jasper believes that its development of this bracket conversion kit was completed sometime in 1996 and that it was offered for sale to the USPS beginning in 1996.

Sometime in 1996 or 1997, Jasper believes that Ready Built Distributors, Inc. ("Ready Built") developed an alternate transmission conversion kit

that utilized a cable system. Meanwhile, Jasper also developed a cable conversion kit of its own and sold these kits to the USPS. However, Jasper learned that some of the VMFs preferred the Ready Built cable version over the Jasper cable version. Accordingly, Jasper began purchasing cable conversion kits from Ready Built and placed them on transmissions to be sold to the USPS. Jasper's records reflect that it began purchasing Ready Built's cable conversion kits on or about February 9, 1998.

5. For each Accused Device, set forth each element or limitation of claims 1, 5, and 7 of the '609 patent that you assert is not found in the device, and for claims 11 and 12 set forth each element or limitation that you assert is not met in the course of the device being installed in a postal vehicles.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, Jasper objects to this Interrogatory to the extent it seeks the production of information and/or documents protected from disclosure by the attorney-client, anticipation of litigation, and work product privileges. Further, the information requested by this Interrogatory is premature, as discovery is ongoing.

Subject to and without waiving these specific objections and the General Objections, Jasper incorporates by reference Jasper's Response to Jennings' Infringement Chart and Claim Construction Statement submitted on December 8, 2006, as responsive to this Interrogatory. Jasper also adopts and incorporates by reference the Response to Jennings' Infringement Chart and Claim Construction Statement as submitted on or about December 8, 2006, by Defendant The United States. In addition, with regard to the accused device shown in Exhibits 1-3 of Jennings' Infringement Charts, and the accused device shown in Exhibit 4 of Plaintiff's Infringement Charts, dated October 10, 2006, the accused devices depicted therein lack at least the structure or structures corresponding to the following limitations of the asserted Claim 5 - "at least one additional link pivotally connected to the first component, said at least one additional link attaching to the shift lever to convert rotational movement of the elongate member to movement operating the shift lever." Jasper's Response to Infringement Chart and Claim Construction Statement is hereby amended accordingly.

6. Disclose each time you have installed an Accused Device into a vehicle.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Interrogatory is unduly burdensome to the extent it seeks the specific date for each time an installation was performed on a vehicle. Further, no relevant timeframe is specified.

Subject to and without waiving these specific objections and the General Objections, and upon reasonably inquiry, Jasper estimates that it performed conversion kit installations into United States Postal Service (USPS) vehicles in its own facility on only two or three occasions. Jasper believes that these installations occurred in 2005. At the conclusion of the testing, Jasper returned the vehicles to the USPS with the conversion kits installed, and did not invoice the USPS for the conversion kits. Jasper did not keep any formal records regarding these installations. As a general matter, Jasper does not typically perform installations of conversion kits into vehicles.

*See also* Jasper's response to Request for Production No. 4, which is hereby incorporated by reference.

7. Describe in detail how each Accused Device is installed into a vehicle.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above.

Subject to and without waiving the General Objections, Jasper incorporates by reference the various installation instructions previously produced to Jenning's counsel on June 30, 2006, as part of Jasper's 26(a)(1) Initial Disclosures. *See also* Jasper's response to Request for Production No. 3, which is also incorporated by reference.

8. Explain in detail what you believe would be a reasonable royalty for your sale of devices or your use of methods covered by the '609 patent. Include in your

explanation what you believe would be a reasonable royalty, your basis for determining such royalty, all documents relied upon in your determination, and how such royalty would be applied to your past sales and uses of such devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, Jasper objects to this Interrogatory to the extent it seeks the production of information and/or documents protected from disclosure by the attorney-client, anticipation of litigation, and work product privileges. Further, the information requested by this Interrogatory is premature, as discovery is ongoing.

Subject to and without waiving these specific objections and the General Objections, Jasper believes a reasonably royalty is zero, as it is Jasper's position that there has been no use of the devices or methods covered by the asserted claims of the '609 patent. To the extent it is determined that there has been infringement of the asserted claims of the '609 patent, then the royalty base should be directly related to the value of the conversion kit employed, or the costs associated with performing the installation of the conversion kit. Thus, the royalty base should not include the value of the replacement transmission. Moreover, royalties cannot be recovered for any accused methods used prior to the issuance of the '609 patent on July 11, 2000.

Discovery is still ongoing. Thus, Jasper reserves the right to amend and/or supplement this response, as appropriate.

9. Disclose in detail all royalties of which you are aware that in any way involve automotive transmission devices or automotive repair methods. Include in your disclosure the royalty rate, the technology licensed and any corresponding patents, and the parties to the license agreement. Identify all documents reflecting or discussing the license or royalties.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, Jasper objects to this Interrogatory to the extent it seeks the production of information and/or documents protected from disclosure by the attorney-client, anticipation of litigation, and work product privileges. Further, the information requested by this Interrogatory is premature, as discovery is ongoing.

Subject to and without waiving these specific objections and the General Objections, Jasper states that it is unaware of any royalties pertaining to automotive transmission devices or automotive repair methods.

10. Explain in detail when and how you first learned of Plaintiff's transmission replacement kits.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, Jasper objects to this Interrogatory to the extent it seeks the disclosure of information protected from disclosure by the attorney-client, anticipation of litigation, and work product privileges.

Subject to and without waiving these specific objections and the General Objections, Jasper first learned of Jennings transmission replacement kits in or about March 1998, upon receiving the United States Postal Service's Vehicle Maintenance Bulletin Number V-04-98 (dated March 8, 1998), which listed Jennings as one of the suppliers authorized to provide Vehicle Maintenance Facilities (VMFs) transmission conversion kits for the GM 4L60 Transmission.

[This Section intentionally left blank]

**Verification**

I, Bob Goodman, Technical Trainer at Jasper Engines & Transmissions, Inc. declare under penalty of perjury that I have read the foregoing Answers to Interrogatories, know the contents thereof, and that while some of the information contained herein may not be based on my own personal knowledge, it is nonetheless accurate to the best of my knowledge.

Bob Goodman

BOB GOODMAN, Technical Trainer
Jasper Engines & Transmissions, Inc.

As to Objections,

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by e-mail and First-Class, United States mail this 29th day of December, 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 850
Birmingham, AL 35209
JWard@WardWilsonLaw.com

1102423v2