Exhibit 3

THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., Plaintiff, | ) | |
| v. | ) | CASE NO. 1:05cv1209 LMB |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| JASPER ENGINES & TRANSMISSIONS, Third-Party Defendant, | ) | |
| and | ) | |
| READY BUILT DISTRIBUTORS, INC., Third-Party Defendant. | ) | |

**JASPER ENGINES & TRANSMISSIONS' RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Third-Party Defendant, Jasper Engines & Transmissions ("Jasper"), by counsel, and pursuant to Rules 26 and 34 of the Rules of the Court of Federal Claims, responds to Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") First Set of Requests for Production of Documents ("Requests") as follows:

## General Objections

Jasper objects to the Definitions and Instructions proposed by Jennings to the extent they attempt to impose obligations beyond those established by the Rules of the United States Court of Federal Claims and related case law. Jasper will respond to the discovery requests in compliance with the Rules of the United States Court of Federal

Claims and related case law.

Jasper objects to the Requests to the extent they are deemed to require production of information and/or identification of documents that is/are protected against discovery by the attorney-client privilege, the anticipation of litigation privilege, and the work-product privilege. To the extent an Interrogatory seeks Protected Information, Jasper will comply with the Provisional Protective Order entered in this case on July 5, 2006.

Jasper objects to the Jennings' definition of the term "Accused Device" as overly broad. As defined by Jennings', the term "Accused Device" includes more devices than those identified as accused in Jennings' Initial Disclosures of Asserted Claims, dated July 17, 2006, and Jennings' Infringement Charts, dated October 10, 2006. Therefore, in responding to these Interrogatories, Jasper will interpret the term "Accused Devices" as those devices identified by model number in Jennings' Initial Disclosures of Asserted Claims and, to the extent discernable by Jasper, those shown in Jennings' Infringement Charts, dated October 10, 2006.

Jasper also objects to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence.

Jasper reserves the right to amend or supplement any of its discovery responses. Further, Jasper's production of certain documents is not an admission that such documents are admissible in a hearing or trial. Subject to and without waiving these General Objections, Jasper responds to the Requests as follows:

**RESPONSES:**

1. All documents and things identified in your initial disclosures, interrogatory responses, and expert reports, as well as all documents you referenced or relied upon in responding to the pleadings, or in drafting any expert reports, or in conducting any infringement or invalidity analysis for the '609 patent.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this overly broad request calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Jasper also objects to this Request as being unduly burdensome by seeking all documents "referenced" by Jasper "in responding to the pleadings, or in drafting any expert reports, or in conducting an invalidity analysis for the '609 patent."

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

2. All documents comprising or reflecting descriptions or specifications for each or any Accused Device.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper

3. All documents discussing or explaining the installation of an Accused Device into a vehicle.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

4. Documents sufficient to identify every time you have installed an Accused Device into a vehicle.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks the specific date for each time an installation was performed on a vehicle. Further, no relevant timeframe is specified.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

5. Documents sufficient to identify every time you have sold an Accused Device and the entities or person to whom you made the sale.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks all documentation related to each time a sale was made by Jasper. Jasper currently has 35 branches nationwide. Therefore, a search for the requested documents would involve a review of the on-site files for each branch. Further, no relevant timeframe is specified.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

6. All documents comprising or discussing the structure, operation, function, or performance of the Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, the terms "structure", "operation", "function", and "performance" are vague.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

7. All documents referring to the conception of the Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, the term "conception" is vague.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

8. All documents referring to, discussing, or concerning your design and development of each Accused Device.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, the terms "design" and "development" are vague.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

9. All documents reflecting communications regarding the need or request to develop the Accused Devices, to include all communications to or with the United States Postal System regarding the need for and developing such technology.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

10. All external and internal specifications, design specifications, data sheets and manuals for the Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

11. All documents comprising or reflecting the promotion, advertising, marketing, or solicitations concerning Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that

are protected by the attorney-client, anticipation of litigation, and work product privileges.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

12. All documents comprising or discussing any prior art that you contend renders the '609 patent invalid.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories.

Subject to and without waiving these specific objections and the General Objections, Jasper incorporates by reference Jasper's Invalidity Chart, the United States' Invalidity Chart, and Ready Built's Invalidity Chart. Jasper also incorporates by reference Jasper's Amended Initial Disclosure of Prior Art and the United States' Initial Disclosure of Prior Art. In addition, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

13. All documents comprising or reflecting communications between you and any party to this lawsuit relating to Accused Devices, the '609 patent, prior art to the '609 patent, or this lawsuit.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production

of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, this Request includes correspondence between Jennings' counsel and counsel for Jasper, which Jennings presumably already has copies of.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

14. All documents comprising or reflecting communications between you and any person or entity that you believe has information relevant to this lawsuit that in any way concerns the '609 patent, prior art to '609 patent, Accused Devices, or this lawsuit.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being vague and unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, this Request includes correspondence between Jennings' counsel and counsel for Jasper, which Jennings presumably already has copies of.

Subject to and without waiving these specific objections and the General Objections, Jasper incorporates by reference Jasper's Amended Initial Disclosure of Prior Art, the United States' Initial Disclosure of Prior Art, and Ready Built's Initial Disclosures of Prior Art. Jasper also incorporates by reference Jasper's Invalidity Chart, the United States' Invalidity Chart, and Ready Built's Invalidity Chart. In addition, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

15. All documents comprising or reflecting your internal communications relating to the '609 patent.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

16. All documents comprising or reflecting your internal communications relating to Plaintiff.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being vague and unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. Furthermore, this Request is not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to the subject matter of this lawsuit.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

17. All documents comprising or reflecting your internal communications relating to any Accused Device.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition to being vague and unduly burdensome, this Request is overly broad in that it calls for the production of documents that are protected by the attorney-client, anticipation of litigation, and work product privileges. Production of some of the documents requested would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

18. Documents sufficient to identify any person, whether your employee or not, who were or are involved in the installation of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks documents relating to each time an installation was performed on a vehicle.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

19. Documents sufficient to identify any person, whether your employee or not, who were or are involved in the sale of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks documents relating to each time a sale occurred, as Jasper currently has approximately 140 salespeople nationwide and has experienced regular turnover throughout the years. Furthermore, the term "involved" is vague and ambiguous. Over time, as many as 300 salespeople may have had some connection, however remote, to the sale of an alleged Accused Device.

Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

Respectfully submitted,

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following by e-mail and First-Class, United States mail this 29th day of December 2006.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 850
Birmingham, AL 35209
JWard@WardWilsonLaw.com

______________________________

1112239