Exhibit 6

THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., Plaintiff, | ) | |
| v. | ) | CASE NO. 1:05cv1209 LMB |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| JASPER ENGINES & TRANSMISSIONS, Third-Party Defendant, | ) | |
| and | ) | |
| READY BUILT DISTRIBUTORS, INC., Third-Party Defendant. | ) | |

**JASPER ENGINES & TRANSMISSIONS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION NOS. 23-24, INTERROGATORY NO. 12, AND REQUESTS FOR ADMISSION NOS. 6-14**

Third-Party Defendant, Jasper Engines & Transmissions ("Jasper"), by counsel, and pursuant to Rules 26, 33, 34 and 36 of the Rules of the Court of Federal Claims, responds to Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") Request for Production Nos. 23-24, Interrogatory No. 12, and Requests for Admission Nos. 6-14 ("Requests") as follows:

## General Objections

Jasper objects to the Definitions and Instructions proposed by Jennings to the extent they attempt to impose obligations beyond those established by the Rules of the

United States Court of Federal Claims and related case law. Jasper will respond to the discovery requests in compliance with the Rules of the United States Court of Federal Claims and related case law.

Jasper objects to the Requests to the extent they are deemed to require production of information and/or identification of documents that is/are protected against discovery by the attorney-client privilege, the anticipation of litigation privilege, and the work-product privilege. To the extent an Interrogatory seeks Protected Information, Jasper will comply with the Provisional Protective Order entered in this case on July 5, 2006.

Jasper objects to the Jennings' definition of the term "Accused Device" as overly broad. As defined by Jennings', the term "Accused Device" includes more devices than those identified as accused in Jennings' Initial Disclosures of Asserted Claims, dated July 17, 2006, and Jennings' Infringement Charts, dated October 10, 2006. Therefore, in responding to these Interrogatories, Jasper will interpret the term "Accused Devices" as those devices identified by model number in Jennings' Initial Disclosures of Asserted Claims and, to the extent discernable by Jasper, those shown in Jennings' Infringement Charts, dated October 10, 2006.

Jasper also objects to the Interrogatories to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence.

Jasper reserves the right to amend or supplement any of its discovery responses. Further, Jasper's production of certain documents is not an admission that such documents are admissible in a hearing or trial. Subject to and without waiving these General Objections, Jasper responds to the Requests as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION:**

23. Documents sufficient to disclose Plaintiff's document, record, and electronic records retention policy or policies from the year 2000 to date.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, Jasper objects to this Request as being unduly burdensome and overly broad. Subject to and without waiving these specific objections and the General Objections, Jasper is producing herewith a copy of its Control of Records procedure, which sets forth Jasper's retention policy with respect to quality management system records only. Please note that this retention policy does not apply to sales invoices. As an informal business practice, Jasper generally maintains sales invoices for a period of seven (7) years.

24. A copy of each electronic database containing information pertaining to the sale or distribution of Accused Devices, together with documentation sufficient to identify the software used to compile and read each database.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper states that it utilizes an ORACLE database. Jasper further states that all the software applications used to compile and read each database are written in-house in Dataflex language. However, Jasper objects to this Request as being overly broad and unduly burdensome because Jasper does not segregate information concerning its transmission conversion devices from other products that Jasper sells or distributes to its customers. Therefore, this Request seeks documents that are totally irrelevant and is not reasonably calculated to lead to lead to the discovery of admissible evidence. Further, Jasper objects to this Request as being vague and ambiguous because the term "electronic database" is not defined.

Submitted by,

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

**ANSWER TO INTERROGATORY NO. 12:**

12. For each year of sale, disclose your net and gross profits from your sale of Accused Devices.

**ANSWER:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, Jasper objects to this Interrogatory as being unduly burdensome. Further, this Interrogatory seeks the production of information that is totally irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the specific objection and the General Objections, Jasper states that it does not track net and gross profits by individual make/model of a particular unit, such as a transmission conversion device. Instead, Jasper tracks the overall profitability of individual manufacturing divisions within its production facilities. In this regard, the production facility that manufactured the transmission conversion devices operated at a loss during the relevant time period. In addition, Jasper is unable to calculate net profit for its sales of the transmission conversion devices because Jasper does not include items such as labor and overhead costs in the total cost for each unit.

## Verification

I, Zach Bawel, declare under penalty of perjury that I have read the foregoing Answer to Interrogatory No. 12, know the contents thereof, and that while some of the information contained herein may not be based on my own personal knowledge, it is nonetheless accurate to the best of my knowledge.

ZACH BAWEL
Jasper Engines & Transmissions, Inc.

As to Objections,

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

## RESPONSES TO REQUESTS FOR ADMISSION NOS. 6-14:

6. You maintain computerized accounting records of your costs and revenues.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "computerized accounting records" is not defined.

Subject to and without waiving the specific objection and the General Objections, Jasper responds as follows: Jasper admits that it maintains certain accounting information relating to its costs and revenues on its computer system, but only for each division of manufacturing.

7. You maintain computerized accounting records of your costs and revenues associated with Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "computerized accounting records" is not defined.

Subject to and without waiving the specific objection and the General Objections, Jasper responds as follows: Jasper admits only that it maintains certain accounting information of its revenues relevant to the transmission conversion devices on its computer system. Jasper denies that it maintains any such records for costs.

8. You maintain computerized records of your sales of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "computerized records" is not defined.

Subject to and without waiving the specific objection and the General Objections, Jasper responds as follows: Jasper admits only that it maintains certain information relating to the sales of its transmission conversion devices on its computer system.

9. You maintain records of your sales of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "records" is not defined.

Subject to and without waiving the specific objection and the General Objections, Jasper responds as follows: Jasper admits only that it undertakes to maintain invoices of its sales of transmission conversion devices, but only for approximately seven (7) years, as explained in Jasper's response to Jennings' Request For Production No. 23, which is hereby incorporated by reference.

10. You have generated summary compilations of your sales of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "summary compilations" is not defined.

Subject to and without waiving the General Objections, Jasper responds as follows: Assuming that the term "summary compilations" means a compilation containing the date, invoice number, customer name, customer address, customer number, stock number, product number, product description, quantity and price of it sales of transmission conversion devices, then Jasper admits that it has generated such summary compilations.

11. You are capable of generating summary compilations of your sales of Accused Devices.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is vague in that the term "summary compilations" is not defined.

Subject to and without waiving the General Objections, Jasper responds as follows: Subject to and without waiving the General Objections, Jasper responds as follows: Assuming that the term "summary compilations" means a compilation containing the date, invoice number, customer name, customer address, customer number, stock number, product number, product description, quantity and price of it sales of transmission

conversion devices, then Jasper admits that it is capable of generating such summary compilations.

12. You are capable of generating profit reports.

**RESPONSE:**

Subject to and without waiving the General Objections, Jasper responds as follows: Jasper admits that it is capable of generating profit reports, but only at manufacturing division levels and not specific to transmission conversion devices.

13. You are capable of generating reports that show your profits from your sales of Accused Devices.

**RESPONSE:**

Subject to and without waiving the General Objections, Jasper responds as follows: Denied.

14. You have not produced documents that summarize your sales of Accused Devices.

**RESPONSE:**

Subject to and without waiving the General Objections, Jasper responds as follows: Denied.

Submitted by,

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower

10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by e-mail and First-Class, United States mail this 7th day of May 2007.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 850
Birmingham, AL 35209
JWard@WardWilsonLaw.com

1150444