**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

**No. 05-1209 C**

**Judge Lawrence M. Baskir**

---

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS**

---

In less than two months, factual discovery is set to close, and the United States ("the Government") still refuses to produce complete, meaningful responses to Plaintiff Jennings Transmission Service's ("Jennings") discovery requests regarding the Government's purchase of

devices accused of infringing Jennings' patent. In light of the Government's failure to cooperate, Jennings asks that the Court compel the Government to fully respond.

## I. STATEMENT OF FACTS

### A. Background Facts

Jennings sells and repairs transmissions. (D.1, ¶ 3.) Jennings invented a transmission conversion kit, and obtained a patent on the device and a method of conversion. (*Id.* ¶ 7.) Jennings initially manufactured and sold these transmission conversion kits to the Government, specifically the United States Postal Service ("USPS"). (*Id.* ¶ 8.) Jennings discovered that the Government purchased the same and similar kits ("Accused Devices") from various competitors of Jennings, including Jasper and Ready Built. (*Id.* ¶¶ 8-9.) Upon its competitors' refusal to obtain a license for the technology, Jennings instituted this proceeding for patent infringement against the Government. The Government moved for notice to Jasper and Ready Built, which thereafter joined the proceeding as third-party defendants.

### B. Discovery Dispute

In October 2006, Jennings served discovery requests on the Government. (*See* Exhibit 1.) The Government produced its written responses in December. (*See* Exhibits 2 and 3 hereto.) Following a litany

of blanket objections, the Government referred to the responses from the USPS. (*See* Exs. 2-3.) For the most part, the USPS promised to produce documents in response to both the interrogatories and document requests. (*See* Exs. 2-3.)

The USPS, on behalf of the Government, produced a box of documents in late January 2007. The documents consisted mainly of promotional material from Jasper and Ready Built and installation manuals for Jasper's and Ready Built's products. The USPS also produced one sales invoice for three products purchased from Jasper and approximately 140 invoices for about 140 products purchased form Ready Built. These invoices reflected purchase from just two locations.

According to a letter produced by Jasper, Jasper sold over one thousand Accused Devices to the Government. Moreover, Ready Built recently produced discovery demonstrating its sales of thousands of Accused Devices to the Government. Moreover, the Government also purchased numerous additional Accused Devices from other entities.

Given the Government's incomplete responses, counsel for Jennings asked the Government to supplement its responses. The Government refused.

## II. ARGUMENT

### A. Legal Standards for Discovery

"Delay and excessive expense now characterize a large percentage of all civil litigation. The problems arise in significant part, as every judge and litigator knows, from abuse of the discovery procedures available under the Federal Rules." *Ingalls Shipbuilding, Inc. v. U.S.*, 857 F.2d 1448, 1450 (Fed. Cir. 1989) (citation omitted). The scope of discovery is only limited to relevant evidence or evidence likely to lead to the discovery of admissible evidence. RCFC 26(b)(1-2). Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). The burden of showing that the requested discovery is not relevant to the issues in this litigation rests with the party resisting discovery. *Ellsworth Associates, Inc. v. U.S.*, 917 F.Supp. 841, 845 (D. D.C. 1996).

It is not required that the requesting party identify the exact discovery it would like produced; the purpose of discovery is to explore relevant information. *See* R.C.F.C. 26(b)(1). An honest effort must be made to produce requested information and documents.

**B. The Government's Improper Blanket Objections**

The Government asserted blanket objections to all the discovery requests without specifying to which interrogatory or document request it was objecting. (*See* Exs. 2-3.) Boilerplate general objections such as blanket objections to relevance, burden, attorney-client privilege, and work-product privilege are disfavored by the court. *See Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). The general objections offered by the Government constitute unspecific boilerplate objections. These objections make it difficult to determine whether the Government has completely responded to the discovery requests. As the Government has failed to provide complete discovery, these objections are particularly troubling. The Government's boilerplate objections should be overruled.

**C. The Government's Incomplete Discovery Responses**

Through the requests at issue in this motion, Jennings seeks information regarding the Government's purchases of Accused Devices. Jennings' first interrogatory seeks the Government's accounting of its purchases of Accused Devices, including model names and numbers, quantities, dollar amounts, and the seller identities. Jennings' document requests seek, among other things, the Government's invoices reflecting its purchase of Accused Devices. Instead of providing a written response to

Jennings' interrogatory, the Government referred Jennings to its incomplete document production.

**1. The Government's Improper Specific Objections**

The Government cited a litany of objections and refused to fully respond these requests. The Government complained of the scope of the requests, that they seek privileged information, that they are overly broad and ambiguous, and so on. The Government also objected to the requests as seeking information that could be obtained more easily from the other two defendants. These objections are invalid. The Government's purchases of Accused Devices are wholly within the scope of this litigation and are not protected by any privilege. The Government's complaint of ambiguity is without merit since it understood the requests enough to provide a partial response. The objection that Jennings could also obtain the information elsewhere lacks merit. It is simply not a valid objection from a party opponent. Moreover, the burden placed on the Government to produce the requested information from is substantially the same as that placed on the other two defendants as all three have multiple locations nationwide. Inasmuch as the Government complains that its information would be duplicative of that produced by Jasper and Ready Built, Jennings should be afforded the opportunity to compare that information to the

Government's responses. Further, since the Government purchased Accused Devices from other entities, the discovery produced by Jasper and Ready Built cannot encompass all of the Government's relevant purchases. As the Government's objections are without merit, they should be overruled.

**2. The Government's Improper Interrogatory No. 1 Response**

Jennings' first interrogatory asks the Government to disclose its purchases of Accused Devices. Instead of responding, the Government improperly relied upon its incomplete document production. Rule 33(d) allows for the production of business records in place of a written response only where the answer to an interrogatory may be ascertained just as easily by the requesting party as the producing party. This is not such an instance.

The Government made no meaningful effort to produce documents to provide the requested information. They produced a minimal number of documents reflecting purchases from Jasper and Ready Built. They produced no documents reflecting purchases from other entities. This meager response should not be permitted.

Moreover, the Government's production reveals that it maintains at least some of the requested information electronically. The Government

should, therefore, be able to easily provide its total purchase figures, including quantity and dollar amounts, as well as the other requested information. Jennings, on the other hand, is not in a position to easily compile such information.

Finally, the Government's production of documents reflects that it already reviewed its business records. When a responding party has already searched its business records for the information responsive to an interrogatory, the burden is no longer equal. *See Petroleum Insurance Agency, Inc. v. Hartofrd Accident and Indemnity Co.*, 111 F.R.D. 318 (D. Mass. 1984). The requesting party is, thus, entitled to a written response. *Id.* The Government should not be permitted to claim to have an equal burden with Jennings in producing the purchase information requested by Jennings' interrogatory. The Government should be compelled to provide a complete written response to Jennings' interrogatory.

**3. The Government's Incomplete Document Production**

Document Request Nos. 8 and 9 seek documents reflecting communications relating to Accused Devices or reflecting communications with any person or entity having information relating to Accused Devices. Document Request Nos. 10 and 12 ask for documents reflecting internal communications relating to the '609 patent or Accused Devices.

Documents reflecting the Government's purchase of Accused Devices, including both internal and external communications, are responsive to these requests. The Government has, however, failed and refused to produce all such documents.

The Government produced documents reflecting only a limited number of Accused Device purchases. Information from just the third-party defendants demonstrate that the Government purchased more Accused Devices than it disclosed. Considering that the Government also purchased Accused Devices from additional entities, the Government's production is gravely lacking.

These documents are wholly relevant to Jennings' claim for damages. As long as the Government is permitted to withhold such evidence, Jennings is unable to even guess at its total damages. The Government should be compelled to produce all responsive documents.

**D. Privilege Log**

The Government's general and specific objections include objections to the requests as seeking privileged information. The Government has not, however, produced a privilege log. Rule 26(b)(5) mandates the express disclosure of information sufficient for the requesting party and court to assess the propriety of assessing the claim of privilege.

> Given the elements required to support a claim of work product or attorney-client privilege, each document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, purpose, and an explanation as to why the document should be privileged and not produced in discovery.

*Coltec Indus. v. Am. Motorist Ins.*, 197 F.R.D. 368, 373 (N.D. Ill. 2000). The Government asserted privilege as an objection but failed to produce a corresponding log. Its compliance with Rule 26(b)(5) should be compelled.

**E. Sanctions**

The Government's obstinacy wastes not only the time and resources of Jennings as well as the time and resources of this Court. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. RCFC 37(a)(4)(A). Imposing sanctions against the Government would at least partially compensate Jennings for its efforts in dealing with the Government's defiance. The Government should be sanctioned for its blatant disrespect for Jennings and the Court through an award of Jennings' costs, to include attorneys' fees, associated with this motion.

## V. CONCLUSION

For the reasons set forth herein and in its motion to compel, Plaintiff Jennings respectfully prays the Court grant its motion to compel the

Government's complete responses to its discovery requests. Jennings also requests that the Court impose sanctions on the Government for its failure and refusal to meaningfully participate in the discovery process.

Respectfully submitted, this the 11th day of May, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

# CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 11th day of May, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff