Exhibit 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**No. 05-1209 C**

| | | |
|---|---|---|
| **JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | **No. 05-1209 C** |
| **Defendant,** | ) | **Judge Lawrence M. Baskir** |
| **and** | ) | |
| **JASPER ENGINES &TRANSMISSIONS,** | ) | |
| **Third-Party Defendant,** | ) | |
| **and** | ) | |
| **READY BUILT DISTRIBUTORS, INC.** | ) | |
| **Third-Party Defendant.** | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORY NOS. 1-8 AND REQUESTS FOR PRODUCTION OF DOCUMENTS 1-14 TO DEFENDANT USA**

Take notice that pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jennings Transmission Service of Goldsboro, Inc. requests Defendant U.S.A. ("Post Office") to answer the following interrogatories, in writing and under oath, and serve them upon undersigned counsel within thirty (30) days of the date of service of these interrogatories upon it. Plaintiff also requests that Defendant Post Office produce for inspection a numbered copy of the documents requested herein at the offices of Coats & Bennett, P.L.L.C., 1400 Crescent Green, Suite 300, Cary, North Carolina, 27511, within thirty (30) days of the date of service of these requests upon it.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. The terms "Defendant," "you," "your," "Post Office," and "United States" refer to Defendant United States, and include without limitation, its divisions, officers, directors or managing agents, attorneys and employees, as well as any predecessors in interest.

2. The terms "Jennings Transmission," "Jennings," and "Plaintiff" mean Plaintiff Jennings Transmission Service of Goldsboro, Inc., and include, without limitation, its divisions, officers, directors or managing agents, attorneys and employees, as well as any of its predecessors in interest.

3. The term "person" includes, without limitation, any individual, individual proprietorship, partnership, corporation, association, organization, or other entity.

4. The term "third party" means any individual or entity other than Defendant, its attorneys, or the court before which this dispute is filed.

5. The term "document" includes all written and electronic forms of communication and data compilation to the full extent authorized and defined by Fed. R. Civ. P. 34(a) and relevant case law.

6. The term "Accused Device" means any kit used to adapt a transmission intended for a left-hand drive vehicle for use in a right-hand drive vehicle, to include without limitation for use in United States Postal Service Grumman LLV-A vehicles. Accused Devices include, without in any way limiting the foregoing, the devices shown at Exhibits 1-9 of *Jennings Transmission's Submissions of Infringement Charts and Proposed Claim Construction Statements Pursuant to the Court's Scheduling Order of July 5, 2006.*

7. The term "'609 patent" means U.S. Patent No. 6,085,609.

8. All requests should be interpreted broadly so that request terms are inclusive rather than exclusive. For example, the terms "and" and "or" are not intended to be read disjunctively, but rather conjunctively unless the context of the particular request clearly indicates otherwise. Similarly, the use of singular includes the plural and plural includes the singular.

## INSTRUCTIONS

1. If you find the meaning of any term in these requests to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and respond to the request on the basis of the assumed meaning.

2. Wherever there is a request in these interrogatories to "identify" or to state the identity of a natural person, please state, as to such person, the following information:

a. name;
b. present or last known residential address and telephone number;
c. present or last known mobile telephone number;
d. present or last known business title, business address, and telephone number;
e. business title and business address during the time period to which the interrogatory relates; and
f. whether there is or has ever been an employer/employee relationship, principal/agent relationship, licensor/licensee relationship or other relationship between such person and you and, if so, the nature of the relationship and the dates during which it existed.

3. Whenever there is a request in these interrogatories to "identify" or state the identity of an entity other than a natural person, please state, the following concerning such entity:

a. its full name;
b. its form of organization, to the extent known;
c. its address and principal place of business; and
d. whether there is or has ever been an employer/employee relationship, a principal/agent relationship, a licensor/licensee relationship or other

relationship between such organization and yourself and, if so, the nature of the relationship and the dates during which it existed.

4. In producing documents, furnish all documents known or available to you, regardless of whether documents are possessed directly by you, or any parent, subsidiary, or affiliated corporation, or any of your officers, directors, employees, agents, representatives, consultants, or attorneys.

5. Electronic or computerized information must be produced in an intelligible format or together with the description of the system for which it was derived sufficient to permit rendering of the materials intelligible.

6. With respect to each document or thing that you contend is privileged or otherwise excludable from discovery, identify the document with specificity stating the document production (i.e., "Bates") number(s) if applicable. Also state the basis for the privilege claimed, the name of the author(s), the name of the addressee(s), the date, the type of document, the subject matter of the document, and the name of every recipient of the original or any copy of the document.

7. In your written responses to each request, identify the documents you produce that are responsive to each particular request.

8. These requests are continuing and require, to the extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure, production of any additional responsive documents and information that may be determined, discovered, located, or acquired by you, your agents, or your employees after the date of your original responses and production.

## INTERROGATORIES

Please respond to the following:

**Interrogatory No. 1:**

Fully disclose your purchases of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of purchase, the entity from whom you purchased each device, and the amount you paid for each purchase.

**Response:**

**Interrogatory No. 2:**

Identify the persons most knowledgeable regarding the structure, operation, function, performance, or use of each Accused Device.

**Response:**

**Interrogatory No. 3:**

Identify the persons most knowledgeable regarding the conception, design, and development of the Accused Devices.

**Response:**

**Interrogatory No. 4:**

For each Accused Device, set forth each element or limitation of claims 1, 5, and 7 of the ‘609 patent that you assert is not found in the device and for claims 11 and 12 set forth each element or limitation that you assert is not met in the course of the device being installed in a postal vehicle.

**Response:**

**Interrogatory No. 5:**

Disclose each time you have installed an Accused Device into a vehicle.

**Response:**

**Interrogatory No. 6:**

For each Accused Device, describe in detail how you have installed the device into a vehicle.

**Response:**

**Interrogatory No. 7:**

Explain in detail what you believe would be a reasonable royalty for the use of devices or methods covered by the '609 patent. Include in your explanation what you believe would be a reasonable royalty, your basis for determining such royalty, all documents relied upon in your determination, and how such royalty would be applied to past uses of the devices or methods by the United States Post Office.

**Response:**

**Interrogatory No. 8:**

Disclose in detail all royalties of which you are aware that in any way involve automotive transmission devices or automotive repair methods. Include in your disclosure the royalty rate, the technology licensed and any corresponding patents, and the parties to the license agreement. Identify all documents reflecting or discussing the license or royalties.

**Response:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

**Request for Production No. 1:**

All documents comprising or reflecting descriptions or specifications for each or any Accused Device.

**Response:**

**Request for Production No. 2:**

All documents discussing or explaining the installation of an Accused Device into a vehicle.

**Response:**

**Request for Production No. 3:**

Documents sufficient to identify every time you have installed an Accused Device into a vehicle.

**Response:**

**Request for Production No. 4:**

All documents comprising or discussing the structure, operation, function, or performance of the Accused Devices.

**Response:**

**Request for Production No. 5:**

All external and internal specifications, design specifications, data sheets and manuals for the Accused Devices.

**Response:**

**Request for Production No. 6:**

All documents comprising or reflecting the promotion, advertising, marketing, or solicitations concerning Accused Devices.

**Response:**

**Request for Production No. 7:**

All documents comprising or discussing any prior art that you contend renders the '609 patent invalid.

**Response:**

**Request for Production No. 8:**

All documents comprising or reflecting communications between you and any party to this lawsuit relating to Accused Devices, the '609 patent, prior art to the '609 patent, or this lawsuit.

**Response:**

**Request for Production No. 9:**

All documents comprising or reflecting communications between you and any person or entity that you believe has information relevant to this lawsuit that in any way concerns the '609 patent, prior art to the '609 patent, Accused Devices, or this lawsuit.

**Response:**

**Request for Production No. 10:**

All documents comprising or reflecting your internal communications relating to the '609 patent.

**Response:**

**Request for Production No. 11:**

All documents comprising or reflecting your internal communications relating to Plaintiff.

**Response:**

**Request for Production No. 12:**

All documents comprising or reflecting your internal communications relating to any Accused Device.

**Response:**

**Request for Production No. 13:**

Documents sufficient to identify any person, whether your employee or not, who were or are involved in the installation of Accused Devices.

**Response:**

**Request for Production No. 14:**

All documents and things identified in your initial disclosures, interrogatory responses, and expert reports, as well as all documents you referenced or relied upon in responding to the pleadings, or in drafting any expert reports, or in conducting any infringement or invalidity analysis for the ‘609 patent.

**Response:**

This the 25th day of October, 2006.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: ______________________________

Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

**CERTIFICATE OF SERVICE**

I certify that on this day, the 25th of October, 2006, a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORY NOS. 1-8 AND REQUESTS FOR PRODUCTION OF DOCUMENTS 1-14 TO DEFENDANT USA** was served via regular U.S. Mail and email to the following addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant Post Office*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilson.com
*Attorney for Defendant Ready Built*

By: ______________________
Anthony J. Biller
Attorney for Plaintiff