Exhibit 2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>JASPER ENGINES & TRANSMISSIONS,<br><br>Third-Party Defendant,<br><br>and<br><br>READY BUILT DISTRIBUTORS, INC.,<br><br>Third-Party Defendant. | No. 05-1209 C<br><br>Judge Lawrence M. Baskir |

## THE UNITED STATES'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("the Rules," "RCFC"), defendant, the United States ("the Government"), responds to Plaintiff's First Set of Interrogatories contained in "Plaintiff's First Set of Interrogatory Nos. 1-8 and Requests for Production of Documents 1-14 to Defendant USA" dated October 25, 2006.

The following responses are based upon present information and belief and are made subject to the general and specific objections stated below. The Government reserves its right to amend or supplement any of its discovery responses. The following responses shall not be construed as a waiver of any objection to the interrogatories.

## GENERAL OBJECTIONS

A. Defendant objects to plaintiff's interrogatories and instructions to the extent that they seek identification of documents prepared by attorneys representing the Government after this action was commenced on November 17, 2005. Most, if not all, of such documents are subject to the attorney-client privilege, the attorney-work product exemption, or other privileges. Identification of these documents tends to reveal counsel's mental impressions, conclusions, opinions, and legal theories. RCFC 26(b)(3). In addition, the identification of such documents is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

B. Defendant objects to plaintiff's interrogatories to the extent that they are deemed to require disclosure of matters subject to the attorney-client privilege, the attorney work product exemption, the deliberative process privilege, a law enforcement and/or investigatory files

privilege, executive privilege, or other applicable privilege; or matters subject to any statutory or regulatory restriction upon the disclosure of information including but not limited to the Privacy Act. To the extent a request seeks Protected Information, the Government will comply with the Provisional Protective Order entered in this case on July 5, 2006.

C. Defendant objects to plaintiff's instructions, definitions, and other explanatory statements to the extent that they attempt to impose upon defendant obligations beyond that imposed by the Rules of the Court of Federal Claims or by Orders of the Court. Defendant will comply with the Rules of the Court of Federal Claims and with the Court's Orders in responding to plaintiff's interrogatories.

D. Defendant objects to plaintiff's definition of the terms "Defendant," "you," "your," "Post Office," and "United States." Defendant objects to plaintiff's interrogatories incorporating such a definition as overly broad and unduly burdensome to the extent that they require an investigation of any department or agency of the United States other than those directly involved with the procurement of the expressly accused apparatuses or methods. Any response by defendant to an interrogatory having any one of the above terms encompasses only Government employees who are or were performing actions pertaining to the subject

matter of this lawsuit and documents in the possession, custody or control of the concerned Government agency – the United States Postal Service (the USPS).

E. Defendant objects to the plaintiff's definition of the term "Accused Device" interrogatories incorporating such a definition as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for information pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to interrogatories with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Without waiving the foregoing objections, the Government responds to plaintiff's interrogatories as follows:

**Interrogatory No. 1:**

Fully disclose your purchases of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of purchase, the entity from whom you purchased each device, and the amount you paid for each purchase.

**Response:**

Defendant repeats and incorporates herein General Objections C through E set forth above.

Defendant objects to this interrogatory to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action. For example, the accused suppliers, which are parties to this action, may have readily accessible records concisely containing the requested information. Plaintiff has propounded discovery upon both accused suppliers seeking this same information. *See* Plaintiff's Interrogatory No. 1 to Jasper Engines and Transmissions; Plaintiff's Interrogatory No. 1 to Ready Built.

Subject to the above general and specific objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 1 (Attachment A).

**Interrogatory No. 2:**

Identify the persons most knowledgeable regarding the structure, operation, function, performance, or use of each Accused Device.

**Response:**

Defendant repeats and incorporates herein General Objections B, C and E set forth above.

Subject to the above general and specific objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 2 (Attachment A). *See also* Jasper Engine's Rule 26(a)(1) Disclosures dated June 21, 2006, and Ready Built Distributors, Inc.'s Rule 26(a)(1) Disclosures dated June 29, 2006, which list several individuals likely to have knowledge concerning the subject matters of this interrogatory.

**Interrogatory No. 3:**

Identify the persons most knowledgeable regarding the conception, design, and development of the Accused Devices.

**Response:**

Defendant repeats and incorporates herein General Objections B, C and E set forth above.

Subject to the above general and specific objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 3 (Attachment A). *See also* Jasper Engine's Rule 26(a)(1) Disclosures dated June 21, 2006, and Ready Built Distributors, Inc.'s Rule 26(a)(1) Disclosures dated June 29, 2006, which list several individuals likely to have knowledge concerning the subject matters of this interrogatory.

**Interrogatory No. 4:**

For each Accused Device, set forth each element or limitation of claims 1, 5, and 7 of the '609 patent that you assert is not found in the device and for claims 11 and 12 set forth each element or limitation that you assert is not met in the course of the device being installed in a postal vehicle.

**Response:**

Defendant repeats and incorporates herein General Objections C through E set forth above. Defendant further objects to this interrogatory as premature because it requests information for which the disclosure is governed by the Court's "Special Procedures Order for Cases under 28 U.S.C. § 1498(a)" dated July 5, 2006. Furthermore, neither the Court nor Plaintiff has construed all of the terms in the asserted claims. And plaintiff's allegations of infringement are primarily expressed in the form of photographs in which the details of the "Accused Devices" and plaintiff's contentions are difficult to discern.

Our preliminary view is that the accused device shown in Exhibits 1 through 3 of Plaintiff's Infringement Charts dated October 10, 2006, lacks at least structure corresponding to the following limitations of the asserted claims:

A. Claim 1:

1. "means proximate the first end of said elongate member"

2. "means proximate the second end of said elongate member"

B. Claim 5:

1. "means proximate the right end of said elongate member"

C. Claim 7:

1. "means proximate the right end of said elongate member"

2. To the extent that plaintiff is alleging infringement by "kits" that did not include drive shafts, the "drive shaft having the correct length to accommodate the dimensions of the replacement transmission when installed" limitation is not satisfied. The accused device shown in Exhibits 1 through 3 of Plaintiff's Infringement Charts does not appear to include a drive shaft, and plaintiff's corresponding infringement chart does not contend that a drive shaft is included as part of a "kit."

Our preliminary view is that the accused Jasper Engines & Transmissions "bracket conversion" shown in Exhibit 4 of Plaintiff's Infringement Charts dated October 10, 2006, lacks at least structure corresponding to the following limitations of the asserted claims:

A. Claim 1:

1. "means proximate the first end of said elongate member"

2. "means proximate the second end of said elongate member"

B. Claim 5:

1. "means proximate the right end of said elongate member"

C. Claim 7:

1. "means proximate the right end of said elongate member"

2. To the extent that plaintiff is alleging infringement by "kits" that did not include drive shafts, the "drive shaft having the correct length to accommodate the dimensions of the replacement transmission when installed" limitation is not satisfied. The accused device shown in Exhibit 4 of Plaintiff's Infringement Charts does not appear to include a drive shaft and does not list one in the Parts Explosion, and plaintiff's corresponding infringement chart does not contend that a drive shaft is included as part of a "kit."

Our preliminary view is that, because the accused Jasper Engines & Transmissions and Ready Built devices do not contain structure corresponding to the "right-to-left change-over linkage" described and

claimed in the '682 patent, the installation methods used with those accused devices lack at least the following steps of Claim 11 and dependant Claim 12:

> Claim 11: " installing a right-to-left change-over linkage operatively connecting the right side gear selection mechanism of the vehicle to the left side shift lever on the replacement transmission";
>
> Claim 12: "the step of installing the change-over linkage [of claim 11]."

This interrogatory response will be seasonably supplemented to the extent that the requested information is not otherwise made known to plaintiff in accordance with the disclosures required by the Court's "Special Procedures Order for Cases under 28 U.S.C. § 1498(a)" dated July 5, 2006.

**Interrogatory No. 5:**

Disclose each time you have installed an Accused Device into a vehicle.

**Response:**

Defendant repeats and incorporates herein General Objections C through E set forth above.

Defendant objects to this interrogatory as unduly burdensome to the extent that plaintiff seeks the specific date when installations were performed. There are approximately 320 locations with files concerning vehicles. The documentation concerning maintenance performed on LLVs are kept individually by vehicle and are retained for three years, with a separate file for each year. It is estimated that approximately 85,000 LLVs may have undergone a transmission conversion at some time. Therefore, a search for the requested information would involve the review of approximately 255,000 files. It is further estimated that an average of ten minutes would be required for review of each file. Accordingly, review of all relevant records would require in excess of 40,000 manhours of effort. Should plaintiff wish to review the records, the USPS vehicle maintenance files will be made available for plaintiff's inspection at mutually agreeable times at the locations where those documents are maintained.

Subject to the above general and specific objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 5 (Attachment A).

**Interrogatory No. 6:**

For each Accused Device, describe in detail how you have installed the device into a vehicle.

**Response:**

Defendant repeats and incorporates herein General Objections C through E set forth above.

Subject to the above general objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 6 (Attachment A).

**Interrogatory No. 7:**

Explain in detail what you believe would be a reasonable royalty for the use of devices or methods covered by the '609 patent. Include in your explanation what you believe would be a reasonable royalty, your basis for determining such royalty, all documents relied upon in your determination, and how such royalty would be applied to past uses of the devices or methods by the United States Post Office.

**Response:**

Defendant repeats and incorporates herein General Objections A through D set forth above. Defendant further objects to this interrogatory to the extent that it seeks the identification or production of documents subject to a privilege or otherwise protected from disclosure.

In addition, it is premature at this early stage of discovery to fully respond to this contention interrogatory which is being investigated. The Government has not yet received a full and complete disclosure regarding plaintiff's infringement allegations or the documents and other evidentiary material as required by RCFC 26(a)(1)(C). Additionally, the plaintiff has not yet produced all of the documents responsive to the Government's discovery requests which include Request for Production No. 15 pertaining to licensing negotiations concerning the patent at issue. To advance

discovery, the Government responds to this interrogatory by presenting a preliminary analysis. The Government's response to this interrogatory containing the phrase "use of devices or methods covered by the asserted claims of the '609 patent" is made in the interest of advancing discovery and is not an admission that any asserted claim of the '609 patent is valid, that the '609 patent discloses any patentable invention(s) or that any compensable activity occurred.

It is the Government's current contention that there has been no compensable use of devices or methods covered by the asserted claims of the '609 patent. Therefore, a reasonable royalty is zero. Our preliminary contention, based on information presently available, is that, to the extent that there has been any compensable activities, the royalty base should be directly related to the value of the linkage employed or the costs associated with performing the installation of the linkage, and the base should not include that value of the replacement transmission. Furthermore, plaintiff cannot recover for any accused methods used prior to the issuance of the '609 patent on July 11, 2000.

This interrogatory response will be seasonably supplemented as appropriate.

**Interrogatory No. 8:**

Disclose in detail all royalties of which you are aware that in any way involve automotive transmission devices or automotive repair methods. Include in your disclosure the royalty rate, the technology licensed and any corresponding patents, and the parties to the license agreement. Identify all documents reflecting or discussing the license or royalties.

**Response:**

Defendant repeats and incorporates herein General Objections A through D set forth above. Defendant further objects to this interrogatory to the extent that it seeks the identification or production of documents subject to a privilege or otherwise protected from disclosure.

Subject to the above general and specific objections, defendant incorporates by reference the USPS's Response to Interrogatory No. 8 (Attachment A).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

December 4, 2006

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

# ATTACHMENT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., Plaintiff, v. THE UNITED STATES, Defendant, and JASPER ENGINES & TRANSMISSIONS, Third-Party Defendant, and READY BUILT DISTRIBUTORS, INC., Third-Party Defendant. | No. 05-1209 C<br>Judge Lawrence M. Baskir |

## RESPONSES ON BEHALF OF THE UNITED STATES POSTAL SERVICE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("the Rules," "RCFC"), The United States Postal Service ("USPS") responds to Plaintiff's Interrogatories Nos. 1 through 3, 5, 6 and 8.

For purposes of responding to these interrogatories, Mr. Timothy A. Currie, Fleet Management/Maintenance Specialist Vehicle Operations, USPS, has been designated as the agent of the USPS. These responses

are based on the best information and belief of the aforesaid official, and are based upon information developed as a result of a diligent search by appropriate USPS personnel for information concerning the subject matter set forth in plaintiff's interrogatories.

**Interrogatory No. 1:**

Fully disclose your purchases of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of purchase, the entity from whom you purchased each device, and the amount you paid for each purchase.

**USPS's Response:**

To the extent that responsive information may be ascertained from documents in the possession, custody or control of the USPS, such documents will be produced pursuant to RCFC 33(d). Responsive documents include invoices and Parts Usage Reports from the individual Vehicle Maintenance Facilities.

**Interrogatory No. 2:**

Identify the persons most knowledgeable regarding the structure, operation, function, performance, or use of each Accused Device.

**USPS's Response:**

The drivers of LLVs utilizing accused devices, i.e. the letter carriers, are believed to be the USPS employees most knowledgeable regarding the "performance" and "use" of the accused devices. Additionally, the persons at each VMF who receive complaints from those drivers concerning any ill-performing accused devices would have knowledge concerning the "performance" of such devices.

It is believed that current or former employees of the suppliers of "Accused Devices," and not employees of the USPS, are likely to have the most knowledge of the "structure," "function" and "use" of such accused devices.

**Interrogatory No. 3:**

Identify the persons most knowledgeable regarding the conception, design, and development of the Accused Devices.

**USPS's Response:**

It is believed that current or former employees of the suppliers of "Accused Devices," and not employees of the USPS, are likely to have the most knowledge of "the conception, design, and development of the Accused Devices."

**Interrogatory No. 5:**

Disclose each time you have installed an Accused Device into a vehicle.

**USPS's Response:**

To the extent that responsive information may be ascertained from documents in the possession, custody or control of the USPS, such documents will be produced pursuant to RCFC 33(d). Responsive documents include Parts Usage Reports, Work Order Reports and Work Orders from the individual Vehicle Maintenance Facilities.

**<u>Interrogatory No. 6:</u>**

For each Accused Device, describe in detail how you have installed the device into a vehicle.

**<u>USPS's Response:</u>**

Upon current information and belief, any installations of "Accused Devices" by USPS personnel were performed in accordance with the instructions provided by the respective supplier of the accused device. To the extent that responsive information may be ascertained from documents in the possession, custody or control of the USPS, such documents will be produced pursuant to RCFC 33(d).

**Interrogatory No. 8:**

Disclose in detail all royalties of which you are aware that in any way involve automotive transmission devices or automotive repair methods. Include in your disclosure the royalty rate, the technology licensed and any corresponding patents, and the parties to the license agreement. Identify all documents reflecting or discussing the license or royalties.

**USPS's Response:**

The USPS is aware of some correspondence between plaintiff's counsel and Ready Built concerning plaintiff's proposed license for the '609 patent. Such correspondence in the possession, custody or control of the USPS will be produced. Upon current information and belief, the USPS is unaware of any other royalties pertaining to automotive transmission devices or automotive repair methods. This response will be supplemented if necessary or, to the extent that responsive information may be ascertained from documents in the possession, custody or control of the USPS, such documents will be produced pursuant to RCFC 33(d).

## DECLARATION

In affixing my signature to the foregoing response, I do so as an "officer or agent" within the meaning of Rule 33(a) of the Rules of the United States Court of Federal Claims. I declare under penalty of perjury that the facts contained in the Responses on Behalf of the United States Postal Service to Plaintiff's First Set of Interrogatories constitutes "such information as is available to the party" within the meaning of Rule 33(a), and was derived from sources that I deem to be reliable and, upon information and belief, I regard such information to be complete and true.

December 4, 2006

Mr. Timothy A. Currie
Fleet Management/Maintenance
Specialist Vehicle Operations
United States Postal Service

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing The United States's Responses to Plaintiff's First Set of Interrogatories was sent by Federal Express for delivery on the next business day this 4th day of December, 2006, all fees having been prepaid, to:

Larry L. Coats, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green
Suite 300
Cary, North Carolina 27511
*Attorney for Plaintiff Jennings Transmission Service of Goldsboro, Inc.*

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
*Attorney for Third-Party Defendant Jasper Engines & Transmissions*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Pkwy, Ste 580
Birmingham, Alabama 35209
*Attorney for Third-Party Defendant Ready Built Distributors, Inc.*

Elizabeth D. Elliott

Elizabeth D. Elliott
Department of Justice
(202) 305-9847