Exhibit 3

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>JASPER ENGINES & TRANSMISSIONS,<br><br>Third-Party Defendant,<br><br>and<br><br>READY BUILT DISTRIBUTORS, INC.,<br><br>Third-Party Defendant. | No. 05-1209 C<br><br>Judge Lawrence M. Baskir |

## THE UNITED STATES'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the Court of Federal Claims ("the Rules," "RCFC"), defendant, the United States ("the Government"), responds to Plaintiff's First Set of Requests for Production of Documents ("plaintiff's requests") contained in "Plaintiff's First Set of Interrogatory Nos. 1-8 and Requests for Production of Documents 1-14 to Defendant USA" dated October 25, 2006.

The Government reserves its right to amend or supplement any of its discovery responses. The Government's production of certain documents is not an admission that such documents are admissible in a hearing or trial. The following responses shall not be construed as a waiver of any objection.

## GENERAL OBJECTIONS

A. Defendant objects to plaintiff's requests and instructions to the extent that they seek identification of documents prepared by attorneys representing the Government after this action was commenced on November 17, 2005. Most, if not all, of such documents are subject to the attorney-client privilege, the attorney-work product exemption, or other privileges. Identification of these documents tends to reveal counsel's mental impressions, conclusions, opinions, and legal theories. RCFC 26(b)(3). In addition, the identification of such documents is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

B. Defendant objects to plaintiff's requests to the extent that they are deemed to require production of documents subject to the attorney-client privilege, the attorney work product exemption, the deliberative process privilege, a law enforcement and/or investigatory files

privilege, executive privilege, or other applicable privilege; or documents subject to any statutory or regulatory restriction upon the disclosure of information including but not limited to the Privacy Act. To the extent a request seeks Protected Information, the Government will comply with the Provisional Protective Order entered in this case on July 5, 2006.

C. Defendant objects to plaintiff's instructions, definitions, and other explanatory statements to the extent that they attempt to impose upon defendant obligations beyond that imposed by the Rules of the Court of Federal Claims or by Orders of the Court. Defendant will comply with the Rules of the Court of Federal Claims and with the Court's Orders in responding to plaintiff's requests.

D. Defendant objects to plaintiff's definition of the terms "Defendant," "you," "your," "Post Office," and "United States." Defendant objects to plaintiff's requests incorporating such a definition as overly broad and unduly burdensome to the extent that they require an investigation of any department or agency of the United States other than those directly involved with the procurement of the expressly accused apparatuses or methods. Any response by defendant to a production request having any one of the above terms encompasses only Government employees who are or were performing actions pertaining to the subject matter of this

lawsuit and documents in the possession, custody or control of the concerned Government agency – the United States Postal Service.

E. Defendant objects to plaintiff's requests to the extent that they require searching for, identification of or production of multiple copies of the same document from multiple locations within the United States Postal Service.

Without waiving the foregoing objections, the defendant responds to plaintiff's requests as follows:

## DOCUMENTS REQUESTED

**Request for Production No. 1:**

All documents comprising or reflecting descriptions or specifications for each or any Accused Device.

**Response:**

The Government repeats and incorporates herein General Objections A through C and E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request to the extent that the documents sought are obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 2:**

All documents discussing or explaining the installation of an Accused Device into a vehicle.

**Response:**

The Government repeats and incorporates herein General Objections A through C and E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request to the extent that the documents sought are obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 3:**

Documents sufficient to identify every time you have installed an Accused Device into a vehicle.

**Response:**

The Government repeats and incorporates herein General Objections A through D set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request as unduly burdensome to the extent that it seeks the specific date when installations were performed. There are approximately 320 locations with files concerning vehicles. The documentation concerning maintenance performed on LLVs are kept individually by vehicle and are retained for three years, with a separate file for each year. It is estimated that approximately 85,000 LLVs may have undergone a transmission conversion at some time. Therefore, a search for the requested documents would involve the review of approximately 255,000 files. It is further estimated that an average of ten minutes would be required for review of each file. Accordingly, review of all relevant records would require in excess of 40,000 manhours of effort. Should plaintiff wish to review the records, the USPS vehicle maintenance files will be made available for plaintiff's inspection at mutually agreeable times at the locations where those documents are maintained.

To the extent that other non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 4:**

All documents comprising or discussing the structure, operation, function, or performance of the Accused Devices.

**Response:**

The Government repeats and incorporates herein General Objections A through C and E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request to the extent that the documents sought are obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 5:**

All external and internal specifications, design specifications, data sheets and manuals for the Accused Devices.

**Response:**

The Government repeats and incorporates herein General Objections B, C and E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request to the extent that the documents sought are obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 6:**

All documents comprising or reflecting the promotion, advertising, marketing, or solicitations concerning Accused Devices.

**Response:**

The Government repeats and incorporates herein General Objections A through C and E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request to the extent that the documents sought are obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 7:**

All documents comprising or discussing any prior art that you contend renders the '609 patent invalid.

**Response:**

The Government repeats and incorporates herein General Objections A through D set forth above.

Defendant objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

Defendant objects to this request as overly broad to the extent that it purports to require the search for and production of every document "discussing" a prior art reference even if such a discussion does not pertain to the subject matter of the '609 patent.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 8:**

All documents comprising or reflecting communications between you and any party to this lawsuit relating to Accused Devices, the '609 patent, prior art to the '609 patent, or this lawsuit.

**Response:**

The Government repeats and incorporates herein General Objections A through E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant also objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

Defendant objects to this request to the extent that it requires the production of documents dated after the complaint was filed in this matter and for which plaintiff or its representative is indicated as the sender or a recipient. Such documents include correspondence between plaintiff's counsel and counsel for any defendant in this case. Plaintiff presumably already has a copy of such documents.

Defendant objects to this request to the extent it is cumulative of plaintiff's other requests above.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 9:**

All documents comprising or reflecting communications between you and any person or entity that you believe has information relevant to this lawsuit that in any way concerns the '609 patent, prior art to the '609 patent, Accused Devices, or this lawsuit.

**Response:**

The Government repeats and incorporates herein General Objections A through D set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent

discernable by defendant, those (other than the Jasper Internal Linkage conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant also objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

Defendant objects to this request as ambiguous. Defendant responds with the understanding that the phrase "that in any way concerns the '609 patent, prior art to the '609 patent, Accused Devices, or this lawsuit" modifies "communications."

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

**Request for Production No. 10:**

All documents comprising or reflecting your internal communications relating to the '609 patent.

**Response:**

The Government repeats and incorporates herein General Objections A through D set forth above.

Defendant specifically objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 11:**

All documents comprising or reflecting your internal communications relating to Plaintiff.

**Response:**

The Government repeats and incorporates herein General Objections A through E set forth above.

Defendant specifically objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

Defendant objects to this request because it is not limited to subject matter relevant to this case. For example, because plaintiff was party to a National Ordering Agreement with USPS concerning various types of vehicle transmissions, responsive documents may include documents in the files of the various VMFs pertaining to matters unrelated to those currently before the Court.

Defendant objects to plaintiff's definition of the terms "Plaintiff" and this request incorporating such a definition as vague, ambiguous and overly broad. Defendant cannot be expected to know the identities of every person that might be encompassed by that definition.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 12:**

All documents comprising or reflecting your internal communications relating to any Accused Device.

**Response:**

The Government repeats and incorporates herein General Objections A through E set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant also objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 13:**

Documents sufficient to identify any person, whether your employee or not, who were or are involved in the installation of Accused Devices.

**Response:**

The Government repeats and incorporates herein General Objections A through D set forth above.

Defendant specifically objects to the plaintiff's definition of the term "Accused Device" and this request containing that term as overly broad. Plaintiff's definition encompasses more apparatuses than those identified as accused in Plaintiff's Initial Disclosures of Asserted Claims dated July 17, 2006, and Plaintiff's Infringement Charts dated October 10, 2006. The USPS should not be forced to incur the time and expense of searching for and producing documents pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for alleging infringement by such devices. Defendant responds to this request with the understanding that "Accused Devices" are those Jasper Engines & Transmissions and Ready Built devices identified by model number in Plaintiff's Initial Disclosures of Asserted Claims and, to the extent discernable by defendant, those (other than the Jasper Internal Linkage

conversion) shown in Exhibits 1 through 9 of Plaintiff's Infringement Charts dated October 10, 2006.

Defendant objects to this request as overly broad to the extent that it requires documentation concerning each and every person who was in any way "involved in the installation of Accused Devices."

Defendant objects to this request as unduly burdensome. There are approximately 320 locations with files concerning vehicles. The documentation concerning maintenance performed on LLVs are kept individually by vehicle and are retained for three years, with a separate file for each year. It is estimated that approximately 85,000 LLVs may have undergone a transmission conversion at some time. Therefore, a search for the requested documents would involve the review of approximately 255,000 files. It is further estimated that an average of ten minutes would be required for review of each file. Accordingly, review of all relevant records would require in excess of 40,000 manhours of effort. Should plaintiff wish to review the records, the USPS vehicle maintenance files will be made available for plaintiff's inspection at mutually agreeable times at the locations where those documents are maintained.

To the extent that other non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents will be produced.

**Request for Production No. 14:**

All documents and things identified in your initial disclosures, interrogatory responses, and expert reports, as well as all documents you referenced or relied upon in responding to the pleadings, or in drafting any expert reports, or in conducting any infringement or invalidity analysis for the '609 patent.

**Response:**

The Government repeats and incorporates herein General Objections A through E set forth above.

Defendant also objects to this request as seeking information protected from disclosure by the attorney-client privilege and the work product exemption.

Defendant objects to this request as overly broad and unduly burdensome to the extent that it purports to require the production of every document "referenced . . . in responding to the pleadings, or in drafting any expert reports, or in conducting any infringement or invalidity analysis for the '609 patent." For example, responsive documents would include every patent or publication "referenced" in the course of an invalidity analysis.

Defendant objects to this request to the extent that it is cumulative of plaintiff's Request for Production No. 7 above which requests production of

prior art documents that defendant contends renders the '609 patent invalid.

To the extent that non-privileged, responsive documents exist, and are not excluded under the above general and specific objections, the documents have been or will be produced.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

December 4, 2006

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing the United States's Responses to Plaintiff's First Set of Requests for Production of Documents was sent by Federal Express for delivery on the next business day this 4th day of December, 2006, all fees having been prepaid, to:

Larry L. Coats, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green
Suite 300
Cary, NC 27511
*Attorney for Plaintiff Jennings Transmission Service of Goldsboro, Inc.*

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
*Attorney for Third-Party Defendant Jasper Engines & Transmissions*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Pkwy, Ste 580
Birmingham, Alabama 35209
*Attorney for Third-Party Defendant Ready Built Distributors, Inc.*

Elizabeth D. Elliott

Elizabeth D. Elliott
Department of Justice
(202) 305-9847