# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS

---

Defendant Ready Built Distributors, Inc. ("Ready Built") refuses to produce any response to Plaintiff Jennings Transmission Service's ("Jennings") most recent set of discovery requests. In light of Ready Built's

failure to cooperate, Jennings asks that the Court compel Ready Built to fully respond.

# I. STATEMENT OF FACTS

## A. Background Facts

Jennings sells and repairs transmissions. (D.1, ¶ 3.) Jennings invented a transmission conversion kit, and obtained a patent on the device and a method of conversion. (*Id.* ¶ 7.) Jennings initially manufactured and sold these transmission conversion kits to the Government, specifically the United States Postal Service ("USPS"). (*Id.* ¶ 8.) Jennings discovered that the Government purchased the same and similar kits ("Accused Devices") from various competitors of Jennings, including Jasper and Ready Built. (*Id.* ¶¶ 8-9.) Upon its competitors' refusal to obtain a license for the technology, Jennings instituted this proceeding for patent infringement against the Government. The Government moved for notice to Jasper and Ready Built, which thereafter joined the proceeding as third-party defendants.

## B. Discovery Dispute

Jennings served Ready Built with Document Request Nos. 23-24, Interrogatory No. 12, and Requests for Admission Nos. 6-14 on April 2, 2007. (Exhibit 1 hereto.) Ready Built's responses were due on May 2 pursuant to Rules 33(b)(3), 34(b), and 36(a). Counsel for Jennings wrote

to Ready Built's counsel on May 9 to ask for the responses. (Exhibit 2 hereto.) Ready Built's counsel did not respond.

## II. ARGUMENT

### A. Legal Standards for Discovery

The Rules provide that parties must respond to discovery requests within thirty days after the service unless the parties agree to a shorter or longer time. R.C.F.C. 33(b)(3), 34(b), 36(a). A responding party's objections to an interrogatory are waived unless stated within that time period or the party's failure to object is excused by the court for good cause. R.C.F.C. 33(b)(4). The responding party must also provide its objections to document requests within the allotted time frame as well. *See* R.C.F.C. 34(b). Should a party fail to respond to requests for admission within thirty days of service, the matter is admitted. R.C.F.C. 36(a).

### B. Ready Built's Failure to Respond to Document Requests and Interrogatory

Ready Built completely failed to respond to Jennings' Document Request Nos. 23-24 and Interrogatory No. 12. These requests seek information regarding Ready Built's sales of and profits from Accused Devices. This information is relevant to Jennings' case for damages, and should be produced. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970) (listing net profits as a specific

factor in determining a reasonably royalty rate). In accordance with R.C.F.C. 33(b)(4) and 34(b), the Court should find that Ready Built waived any objections to these requests and should compel Ready Built's complete response.

**C. Ready Built's Failure to Respond to Requests for Admission**

Ready Built also completely failed to respond to Jennings' Requests for Admission Nos. 6-14. These requests also seek information regarding Ready Built's sales of Accused Devices and the maintenance of records regarding such sales. In accordance with R.F.C.F. 36(a), the requests are deemed admitted. Jennings, thus, asks that the Court find that Ready Built admits each of the requests.

**D. Sanctions**

The Court should sanction Ready Built for its conduct in this matter. Ready Built's obstinacy wastes not only the time and resources of Jennings as well as the time and resources of this Court. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. R.C.F.C. 37(a)(4)(A). Imposing sanctions against Ready Built would at least partially compensate Jennings for its efforts in dealing with Ready Built's defiance. Ready Built

should be sanctioned for its blatant disrespect for Jennings and the Court through an award of Jennings' costs, including attorneys' fees, associated with this motion.

## V. CONCLUSION

For the reasons set forth herein and in its motion to compel, Plaintiff Jennings respectfully prays the Court grant its motion to compel Ready Built's complete responses to Interrogatory No. 12 and Document Request Nos. 23-24. Plaintiff further asks the Court find that Request for Admission Nos. 6-14 to Ready Built be deemed admitted. Plaintiff requests that the Court impose sanctions on Ready Built for its failure and refusal to meaningfully participate in the discovery process.

Respectfully submitted, this the 18th day of May, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 18th day of May, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff