THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., Plaintiff, | ) | |
| v. | ) | CASE NO. 1:05cv1209 LMB |
| THE UNITED STATES, Defendant, | ) | |
| and | ) | |
| JASPER ENGINES & TRANSMISSIONS, Third-Party Defendant, | ) | |
| and | ) | |
| READY BUILT DISTRIBUTORS, INC., Third-Party Defendant. | ) | |

**JASPER ENGINES & TRANSMISSIONS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

Third-Party Defendant, Jasper Engines & Transmissions ("Jasper"), by counsel, submits this response on opposition to Plaintiff Jennings Transmission Service of Goldsboro, Inc.'s ("Jennings") Motion to Compel Jasper's Discovery Responses and For Sanctions ("Motion to Compel") filed on May 11, 2007.

## I. INTRODUCTION

Jennings' Motion to Compel should be denied. Jennings misrepresents to the Court Jasper's discovery efforts, responses, and position. Other than documents protected by the attorney-client privilege, Jasper has not withheld *any* documents from its production to Jennings. Further, Jasper has provided Jennings with summaries of

Jasper's sales of transmission conversion devices and has made the underlying invoices of those sales available for inspection. In addition, as demonstrated herein, Jasper is supplementing (to the extent it can) its discovery responses on practically all of the issues raised by Jennings in its Motion to Compel. Finally, Jennings has not attempted to resolve these discovery issues in good faith as Jasper repeatedly told Jennings that Jasper was making its documents available for inspection, but Jennings chose not to do so. For all of these reasons, as further explained herein, Jennings' Motion to Compel should be denied in its entirety.

## II. JENNINGS' MOTION TO COMPEL SHOULD BE DENIED

### A. Jennings' Motion to Compel Misrepresents Jasper's Discovery Responses and Position.

Jennings represents to the Court, in several instances, that Jasper has "refused" to provide complete responses to Jennings' discovery requests. (*See e.g.,* Jennings Brief at pages 1, 3, 6, and 9.) These allegations are simply untrue. Jennings also *suggests* that Jasper has refused to produce documents responsive to Jennings' discovery requests on the basis of unspecified objections. (*See e.g.,* Jennings' Brief at page 5). This suggestion, too, is a misrepresentation of Jasper's discovery responses.

The truth of the matter is that **nearly five (5) months ago**, on December 29, 2006, Jasper served its responses to Jennings' First Set of Interrogatory Nos. 1-10 and Request for Production of Documents 1-19 ("Jennings' First Set of Discovery"). In its response to the Requests for Production, Jasper stated that documents responsive to the requests were being made available for inspection to Jennings upon reasonable advance notice. Despite having the opportunity to inspect the documents as early as December 2006, Jennings chose not to inspect the documents. It was not until **April**

**23, 2007** that Jennings first requested copies of the documents responsive to the requests. Jasper provided Jennings with copies of such documents on April 26, 2007.[1] Thus, Jennings' statement that Jasper failed to produce documents until April 2007 mischaracterizes Jasper's discovery response and fails to acknowledge Jennings' delay in requesting inspection and/or copies of Jasper's documents.

Jasper will now address each of the specific issues raised by Jennings in its Motion to Compel with respect to Jasper's responses to particular discovery requests.

**1. Interrogatory No. 1 and Request for Production No. 5.**

As it relates to Jennings' First Set of Discovery, in its Motion to Compel, Jennings takes issue with Jasper's responses to Interrogatory No. 1 and Request for Production No. 5.[2] Specifically, Interrogatory No. 1, states:

> 1. Fully disclose your sales of Accused Devices. Include in your disclosure, the **model name** and **number** for each Accused Device, the **quantities** and **dates** of sale, the **entity** to whom you sold each device, and the **amount you received for each purchase**.

(*emphasis added*). As shown above, Interrogatory No. 1 only asks for the name, number, quantity, name of purchasing entity, price and date for each sale of a transmission conversion device. Notably, Interrogatory No. 1 **did not** request total

[1] Jasper's production did not include copies of the actual invoices relating to its sales of transmission conversion devices, given the voluminous nature of the request and the burden associated with compiling such invoices. However, in accordance with Rule 33(d), Jasper's production did include several spreadsheets that contained a summary of the information that is contained in those invoices. Jasper has indicated to counsel for Jennings on several occasions that the actual invoices are available for inspection, but Jennings has chosen not to conduct such an inspection.

[2] While Jennings also takes issue with Jasper's responses to Interrogatory No. 12 and Request for Production No. 24, these discovery requests were not a part of Jennings' First Set of Discovery in October 2006. Instead, they were included in Jennings' second round of discovery dated April 2, 2007. This fact is important as Jennings, in its Motion to Compel, attempts to characterize Jasper's alleged failure to provide "complete" responses to Jennings' discovery as something that dates back to October 2006. Jasper's responses to Interrogatory No. 12 and Request for Production No. 24 will be discussed in the following section.

quantity sold of each product, total sales in dollars of each product, or net and gross profits from the sale of these products.[3]

Jasper's response to Interrogatory No. 1 was as follows:

> Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to this Interrogatory as being unduly burdensome, as no relevant timeframe is specified.
>
> Subject to and without waiving these specific objections and the General Objections, **see Jasper's response to Request for Production No. 5, which is hereby incorporated by reference.**

(*emphasis added*). In this connection, Jennings' Request for Production No. 5, and Jasper's response thereto, reads as follows:

> 5. Documents sufficient to identify every time you have sold an Accused Device and the entities or person to whom you made the sale.
>
> **RESPONSE:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks all documentation related to each time a sale was made by Jasper. Jasper currently has 35 branches nationwide. Therefore, a search for the requested documents would involve a review of the on-site files for each branch. Further, no relevant timeframe is specified.
>
> Subject to and without waiving these specific objections and the General Objections, Jasper **will produce** for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

(*emphasis added*). Thus, as permitted by Rule 33(d) of the Rules of the United States Court of Federal Claims ("RCFC"), in lieu of a written response to Interrogatory No. 1, Jasper referred Jennings to Jasper's response to Request for Production No. 5. Jasper

[3] Again, it was not until April 2, 2007 (only a little over one month after Jennings filed its Motion to Compel), that Jennings first sought information regarding Jasper's net and gross profits from the sale of its transmission conversion devices.

confirmed this fact with Jennings in a letter dated, April 16, 2007. A true and accurate copy of the April 16, 2007 letter to counsel for Jennings is attached hereto as Exhibit A. In this regard, Rule 33(d) affords a party responding to interrogatories the option of specifying the business records from which the answers may be derived if the burden in ascertaining the answers from the business records is "substantially the same" for both parties. *See* RCFC 33(d); *see also*, *Renda Marine, Inc. v. United States*, 58 Fed.Cl. 57, 63 (Fed. Cl. 2003).

In its Motion to Compel, Jennings specifically objects to Jasper's production of approximately 400 pages of documents (specifically identified by bates number) in response to Interrogatory No. 1 (via Request for Production No. 5). Notwithstanding Jennings objection, Jasper has not simply pointed to a mass of unspecified, indecipherable, and undifferentiated documents in response to Request for Production No. 5. Nor has Jasper "mixed" documents responsive to Request for Production No. 5 with documents responsive to other requests. Instead, as Jennings admits in its Motion to Compel, Jasper produced several spreadsheets containing the information requested in Interrogatory No. 1 and Request for Production No. 5. Indeed, the spreadsheets produced by Jasper contain information that goes beyond the information requested by Jennings in these requests, such as invoice number, price, customer number and stock number.[4]

---

[4] In its Motion to Compel, Jennings argues that one of the spreadsheets produced by Jasper (attached to Jennings' Brief as Ex. 4) did not include "product name, product price, total quantity sold of each product, or total sales in dollars of each product." (*See* Jennings' Brief at page 8). However, in the very next sentence, Jennings acknowledges that another spreadsheet produced by Jasper does contain price information. (*Id*.). Curiously, Jennings did not attach this spreadsheet as an exhibit to its Motion to Compel. A true and accurate copy of a representative page of that spreadsheet is attached hereto as Exhibit B. Jennings' attempt to distort Jasper's efforts in responding to discovery is disturbing.

Jasper has not abused the discovery procedure allowed by Rule 33(d) – which is expressly intended to shift "the burden of extracting and collating the information on the party seeking it in cases in which it would be time-consuming and expensive to extract data from the records." WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §2178 (2d ed. 1994); *Triangle Mfg. Co., Inc. v. Paramount Bag Manufacturing Co., Inc., et al.*, 35 FRD 540, 543 (D.C.N.Y. 1964) ("there must necessarily be limits beyond which a party should not be required to go; this is particularly true when, as in the instant case, there exists a reasonable alternative to the discovery method employed by the inquiring party…. it seems only fair that the party seeking such information be required to bear the burden of extracting and collating it."). Here, as stated in Jasper's response to Request for Production No. 5, Jasper currently has 35 branches nationwide. Thus, an exhaustive search for the requested invoices would likely involve a review of the on-site files for each branch. Further, Jasper does not segregate the invoices relating its sales of transmission conversion devices from invoices relating to its sales of other products sold by Jasper. Accordingly, the burden of locating and retrieving the actual paper invoices for each relevant sale would be substantially the same for Jasper as it would for Jennings. Thus, in accordance with Rule 33(d), Jasper made available for inspection its business records (*i.e*. invoices) in response to Interrogatory No. 1 (and Request for Production No. 5) and has produced summaries of those invoices to Jennings.

The court's holding in *Petroleum Insurance Agency, Inc., et al. v. Hartford Accident and Indemnity Co.*, et al., 111 FRD 318, 320-21 (D.C. Mass. 1984), is on point. There, the court refused a plaintiff's motion to compel further responses by the

defendants, and rejected plaintiff's complaints that defendants had misused the Rule 33(d) option. The *Hartford* court held the following:

> Plaintiff has made no *showing* that the burden of ascertaining the answer is not substantially the same for the interrogating party. Once the defendants exercised the Rule 33([d]) option, ***plaintiffs had the burden to show that the burden of deriving or ascertaining the answers is <u>not</u> substantially the same for both parties****....* Plaintiff's expressions of general discontent with having to obtain discovery pursuant to the provisions of Rule 33([d]) FRCP, however severe the discontent may be, is not a sufficient ***showing*** under the law for the Court to deny the defendants the option the rule provides. While it is true that the defendants are more familiar with their records, there has been no showing that the answers of the defendants delineating the records in which answers can be found and how the records are kept are wanting or that the plaintiffs have had difficulty dealing with defendants' records as they have been identified and described.

*<u>Id</u>*. At 320 (*emphasis in original and as supplied*); 7 MOORE'S FEDERAL PRACTICE §33.105 (3rd ed. 2003) ("To be successful on the motion [to compel], the requesting party must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents, or because it is too difficult to extract"). For the reasons set forth above, Jennings has not and cannot meet <u>its</u> prima facie burden of showing that Jasper's use of RCFC 33(d) is inadequate to answer the interrogatory.

Notwithstanding the above, efforts are presently under way to supplement Jasper's discovery responses by reconfiguring the spreadsheets at issue and attempting to compile additional information regarding Jasper's sales of its transmission conversion devices, to the extent such information even exists. Accordingly, when properly viewed in context, it is evident that Jasper has not abused Rule 33(d) and has cooperated (and continues to cooperate) in the discovery process. For these reasons, Jennings' Motion to Compel should be denied.

**2. Interrogatory No. 12 and Request for Production No. 24.**

As mentioned previously, Jennings also takes issue with Jasper's responses to Interrogatory No. 12 and Request for Production No. 24. Specifically, Interrogatory No. 12, and Jasper's response thereto, reads as follows:

> 12. For each year of sale, disclose your **net and gross profits**[5] from your sale of Accused Devices.
>
> **ANSWER:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, Jasper objects to this Interrogatory as being unduly burdensome. Further, this Interrogatory seeks the production of information that is totally irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.
>
> Subject to and without waiving the specific objection and the General Objections, **Jasper states that it does not track net and gross profits by individual make/model of a particular unit, such as a transmission conversion device.** Instead, Jasper tracks the overall profitability of individual manufacturing divisions within its production facilities. In this regard, the production facility that manufactured the transmission conversion devices operated at a loss during the relevant time period. In addition, **Jasper is unable to calculate net profit for its sales of the transmission conversion devices because Jasper does not include items such as labor and overhead costs in the total cost for each unit.**

(*emphasis added*). Jennings again mischaracterizes Jasper's response and claims in its Motion to Compel that Jasper "refused to respond". This is not true. Jasper did not refuse to respond to Interrogatory No. 12 – rather, it stated that it was ***unable*** to respond to the interrogatory because of the manner in which it calculates profitability. As stated in Jasper's response, Jasper tracks profitability at a division-wide level, not at a per product level. Thus, contrary to Jennings' unsupported assertion to the contrary, this fact is highly relevant to this request. Simply stated, Jasper has no obligation to

[5] As mentioned previously, this is the first time (April 2, 2007) that Jennings requested net and gross profits regarding the sale of Jasper's transmission conversion devices.

create documents or reports that do not exists. *See e.g. Butler v. Portland General Elec. Co*., 1990 WL 15680 *2 (D. Or. 1990) ("law does not require a party to prepare or create a document in response to a discovery request").

In its Motion to Compel, Jennings claims that it "is entitled to know what Jasper believes its profits are and how Jasper calculates them." (*See* Jennings' Brief at page 10). What Jasper ***believes*** its profits are with respect to its sales of transmission conversion devices is a completely different question from what the actual profits are. As drafted, Interrogatory No. 12 did not request what Jasper *believed* its profits to be. Instead, it asks Jasper to provide Jennings with hard net and gross numbers regarding its sales of transmission conversion devices, which is something Jasper is unable to do. Despite this, and as previously stated, efforts are presently under way to supplement Jasper's discovery responses and Jasper will attempt to provide additional information regarding profitability, to the extent such information can be obtained with reasonably accuracy.

In its Motion to Compel, Jennings also challenges Jasper's response to Request for Production No. 24. Request for Production No. 24, and Jasper's response thereto, reads as follows:

> 24. A copy of each electronic database containing information pertaining to the sale or distribution of Accused Devices, together with documentation sufficient to identify the software used to compile and read each database.
>
> **RESPONSE:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper states that it utilizes an ORACLE database. Jasper further states that all the software applications used to compile and read each database are written in-house in Dataflex language. However, Jasper objects to this Request as being overly broad

> and unduly burdensome because **Jasper does not segregate information concerning its transmission conversion devices from other products that Jasper sells or distributes to its customers. Therefore, this Request seeks documents that are totally irrelevant and is not reasonably calculated to lead to lead to the discovery of admissible evidence. Further, Jasper objects to this Request as being vague and ambiguous because the term "electronic database" is not defined.**

(*emphasis added*). In its Motion to Compel, Jennings does not elaborate much on why it has an issue with Jasper's response to Request for Production No. 24, other than to say that Jasper did not produce its electronic database reflecting its sales. Jasper's objections to this request are proper. Production of Jasper's electronic database would come at a significant burden and expense to Jasper, not to mention the fact that Jasper does not segregate information concerning its sales of transmission conversion devices from sales of other products that Jaspers sells or distributes to its customers. Clearly, Jennings is not entitled to information concerning Jasper's sales of any of its products other than the transmission conversion devices at issue in this case. Moreover, Jennings failed to articulate why it needs a copy of the electronic database when it has already been provided with spreadsheets containing the requested information. Remarkably, Jennings states in its Motion to Compel that it "cannot be expected to simply take Jasper's word that the summary reflects all of its sales." (*See* Jennings' Brief at page 11). If Jennings is not satisfied by the fact that a party's response to an interrogatory is signed under oath, then Jasper is at a loss as to how to reasonably provide Jennings with the level of comfort it seeks. Jasper has responded to the discovery in good faith.

In sum, Jennings' statements and suggestions that Jasper has "refused" to respond to Jennings' discovery are misrepresentations to the Court. In addition, Jasper

is in the process of further supplementing its responses to Jennings' First Set of Discovery For these reasons alone, Jennings' Motion to Compel should be denied.

**B. Jasper's Responses to Jennings' Second Set of Discovery Requests were Timely Submitted.**

Jennings incorrectly argues that Jasper's responses to Jennings' Request For Production of Documents Nos. 23-24, Interrogatory No. 12, and Requests for Admission Nos. 6-14 ("Jennings' Second Set of Discovery") were submitted late. Jennings is mistaken.

Jennings served its Second Set of Discovery via regular U.S. Mail and email on April 2, 2007. (*See* Ex. 5 to Jennings' Brief). Thus, pursuant to Rule 6(d), three (3) days are added after the prescribed period for responding to the requests (i.e. 30 days) would otherwise expire. *See* RCFC 6(d). Further, pursuant to Rule 6(a), the first day to be included in calculating when the time period begins to run is the day after service has been made, which in this case is April 3, 2007. *See* FCRC 6(a). Accordingly, Jasper's response to Jennings' Second Set of Discovery was due thirty-three days from April 3, 2007. That date fell on a **Sunday,** May 6, 2007. Because the due date fell on a Sunday, Jasper's response was thus due on **Monday May 7, 2007**. *Id*. Jasper served its responses to Jennings' Second Set of Discovery on May 7, 2007. (*See* Ex. 6 to Jennings' Brief). Therefore, notwithstanding Jennings' argument to the contrary, Jasper timely served its discovery responses to Jennings's Second Set of Discovery.

**C. Jasper Only Withheld Privileged Documents From Its Production.**

In its Motion to Compel, Jennings tries to make much of the fact that Jasper asserted general objections to its discovery requests. While Jasper did assert general

objections to the discovery requests, it also provided Jennings with specific objections to each request. Further, Jasper's responses clearly state: "Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and **non-privileged documents** upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper." (*See e.g*. Jasper's response to Request for Production No. 5, *supra*). To be clear, despite asserting its general objections, the only documents that Jasper has withheld from production in this case consists of communications between Jasper and its counsel, which are protected from disclosure by the attorney-client privilege. Nothing else was withheld, and Jennings has been repeatedly told that. *See* Ex. A, *supra*.

Due to inadvertent oversight, Jasper's document production of April 27, 2007 did not include a copy of its privilege log. However, Jasper's privilege log has been furnished to Jennings prior to the submission of this response. Therefore, there is no need to compel Jasper to produce a privilege log.

## III. CONCLUSION

As demonstrated herein, Jennings' Motion to Compel should be denied. Jennings has needlessly involved the Court in this discovery matter and, in the process, has misrepresented Jasper's discovery responses, efforts and position. Further, as explained herein, to the extent Jasper is not further supplementing its discovery responses, it either presently cannot and/or should not be compelled to do so. For all of these reasons, Jennings' Motion to Compel should be denied.

Respectfully submitted by,

s/ *James M. Hinshaw*

James M. Hinshaw
Rafael A. Sanchez
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
*Attorneys for Jasper Engines & Transmissions*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by e-mail and First-Class, United States mail this 29th day of May 2007.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 850
Birmingham, AL 35209
JWard@WardWilsonLaw.com

s/ *James M. Hinshaw*

1157753