# Exhibit A

Bingham • McHale LLP

attorneys at law

Rafael A. Sanchez
Attorney
Direct: (317) 686-5214
rsanchez@binghammchale.com

April 16, 2007

**VIA E-MAIL**
**and REGULAR U.S. MAIL**

Anthony J. Biller, Esq.
Larry L. Coats, Esq.
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511

Re: Jennings Transmission Service v. United States Postal Service, et al.
Our File No. 801434-63067

Dear Counsel:

I am in receipt of your letter dated March 30, 2007, regarding Jasper Engines & Transmissions' ("Jasper") discovery responses.

Your letter first alleges that Jasper's response to Interrogatory No. 1 and Request for Production No. 5 are deficient and then takes issue with some of Jasper's general objections to the discovery served by Jennings Transmission Service ("Jennings"). For the reasons that follow, Jasper declines your request to withdraw its objections to the discovery and stands on its responses to Interrogatory No. 1 and Request No. 5.

As you know, Jennings' Interrogatory No. 1, and Jasper's response, states as follows:

1. Fully disclose your sales of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of sale, the entity to whom you sold each device, and the amount you received for each purchase.

**RESPONSE:**

Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to this Interrogatory as being unduly burdensome, as no relevant timeframe is specified.

> Subject to and without waiving these specific objections and the General Objections, see Jasper's response to Request for Production No. 5, which is hereby incorporated by reference.

Likewise, Jennings' Request for Production No. 5, and Jasper's response thereto, states as follows:

> 5. Documents sufficient to identify every time you have sold an Accused Device and the entities or person to whom you made the sale.
>
> **RESPONSE:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks all documentation related to each time a sale was made by Jasper. Jasper currently has 35 branches nationwide. Therefore, a search for the requested documents would involve a review of the on-site files for each branch. Further, no relevant timeframe is specified.
>
> Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

As evident from the above, Jennings' Interrogatory and Request are much broader than just invoices and are not limited in time. Thus, the suggestion in your letter that somehow these discovery requests are limited to sales invoices is implausible. Indeed, your attempt to now narrow the scope and time frame of the requested information/documents to invoices from "one year prior to March 2, 1998, when the Jennings' patent was filed" does not change the overbroad character of the original discovery requests. By the same token, your attempt to narrow Jennings' definition of "Accused Device" to mean "the Jasper devices listed in the initial disclosures" misses the point. Jennings' definition of "Accused Device" in the above discovery requests was not limited to the devices identified in its initial disclosures. For that very same reason, Jasper properly objected to Jennings' definition of "Accused Device" as follows:

> Jasper objects to the Jennings' definition of the term "Accused Device" as overly broad. As defined by Jennings', the term "Accused Device" includes more devices than those actually identified as accused in Jennings' Initial Disclosures of Asserted Claims, dated July 17, 2006, and Jennings' Infringement Charts, dated October 10, 2006. Therefore, in responding to these Interrogatories, Jasper

> will interpret the term "Accused Devices" as those devices identified by model number in Jennings' Initial Disclosures of Asserted Claims and, to the extent discernable by Jasper, those shown in Jennings' Infringement Charts, dated October 10, 2006.

Therefore, Jasper's objections to Interrogatory No. 1 and Request No. 5 are appropriate and will not be withdrawn.

Further, your letter mistakenly assumes that Jasper is asserting a claim of privilege with respect to the information and/or documents requested in Interrogatory No. 1 and Request No. 5. This is incorrect. While these discovery requests, as drafted, are broad enough to include documents that may be privileged, Jasper did not withhold any information and/or documents in response to this Interrogatory and Request on this basis.

As you correctly point out, R.C.F.C. 33(d) allows a party to produce business records in response to an interrogatory when the answer to the interrogatory can be derived from the party's business records and the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served. In response to Interrogatory No. 1, Jasper referred to its response to Request No. 5. Jasper did so because the information requested by Jennings in Interrogatory No. 1 can be obtained by reviewing automated sales compilations that Jasper generates in the ordinary course of business. As a matter of business practice, Jasper typically maintains "paper documents" (*i.e.* invoices) for only seven (7) years. Thus, to the extent any relevant invoices exist, Jasper would likely only have paper invoices from 1999 to the present. With respect to the production of invoices, your letter is confusing. On the one hand, you state that you "expect" that Jasper's document production "shall include invoices from Jasper to the United States Postal Service Vehicle Maintenance Facilities." However, on the other hand, you also state that it would be "improper to produce invoices for inspection under Rule 33(d) when automated compilations exist." As you can see, Jennings' position on this issue is conflicting.

In any event, the automated sales compilations, which have been and continue to be available for inspection by Jennings, are being offered to Jennings in lieu of copies of the actual invoices for each relevant sale. Had you chosen to inspect those documents, you would know that Jasper sold approximately 1,469 such brackets units to date (starting in 1998). To the extent Jennings desires to review the available, actual paper invoices for each relevant sale, Jasper states that the burden of locating and retrieving these documents and information would be substantially the same for Jasper as it would be for Jennings. Thus, pursuant to Rule 33(d), Jasper has made available for inspection business records in response to Interrogatory No. 1.

In sum, we are not withholding any documents in response to Request No. 5 - they have been available for inspection since December 29, 2006, and you have chosen not to look at them.

This information has been and remains open for inspection at all times, upon reasonable advance notice. We renew our invitation for you to inspect the documents.

Lastly, in light of the above, I feel compelled to mention that the bulk of Jennings' second wave of discovery, received by us on April 5, 2007, is completely redundant and unnecessary. Had you simply asked us for copies of the documents and/or came and inspected them, we could have saved our respective clients the time and expense of having to go through this needless exercise.

Sincerely,

Rafael A. Sanchez

JMH:ras/1145179

cc: Ken B. Barrett, Esq.
James S. Ward, Esq.
James M. Hinshaw, Esq.