# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JENNINGS TRANSMISSION
SERVICE OF GOLDSBORO, INC.,
Plaintiff,
v.

THE UNITED STATES,
Defendant,
and

JASPER ENGINES & TRANSMISSIONS,
Third-Party Defendant,
and

READY BUILT DISTRIBUTORS, INC.,
Third-Party Defendant.

No. 05-1209 C

Judge Lawrence M. Baskir

## THE GOVERNMENT'S RESPONSE TO PLAINTIFF'S "MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS"

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

May 29, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS FOR THE APPENDIX . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. The Court Should Reject Plaintiff's Generalized Complaints Regarding the Government's Discovery Responses . . . . . . . . 5

B. The Government's So-Called "Blanket Objections" Are Proper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1. Definition of the term "Defendant" . . . . . . . . . . . . . . . . . 9

2. Definition of "Accused Devices" . . . . . . . . . . . . . . . . . . . 9

3. Instructions, definitions, and other explanatory statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4. Interrogatories seeking information subject to a privilege, the work product exemption and/or a statutory restriction on disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5. Instructions seeking the identification of documents prepared by Government counsel after the initiation of the litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

6. Multiple copies of the same document . . . . . . . . . . . . . 12

C. The Government's Response to Interrogatory No. 1 is Proper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D. The Government's Document Production Complies with the Court's Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

E. Privilege Log . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

F. Sanctions Against the Government Are Not Merited . . . . . . . 21

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## TABLE OF CONTENTS FOR THE APPENDIX

A. Declaration of William W. (Wayne) Corey . . . . . . . . . . . . . . . . . . DA1

B. National VMF Directory Listing, July 2005 . . . . . . . . . . . . . . . . . . DA6

C. Letter dated March 30, 2007, from Anthony J. Biller, Esq., to Ken B. Barrett, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DA15

D. Letter dated April 4, 2007, from Ken B. Barrett, Esq., to Anthony J. Biller, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DA17

E. Letter dated April 20, 2007, from Ken B. Barrett, Esq., to Anthony J. Biller, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DA20

F. Letter dated April 16, 2007, from Rafael A. Sanchez, Esq., to Anthony J. Biller, Esq., and Larry L. Coats, Esq. . . . . . . . . . . . . DA22

# TABLE OF AUTHORITIES

## Cases

*AAB Joint Venture v. United States*,
75 Fed. Cl. 448 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Athridge v. Aetna Cas. and Sur. Co.*,
184 F.R.D. 181 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Daiflon, Inc. v. Allied Chem. Corp.*,
534 F.2d 221 (10th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Judin v. United States,* 110 F.3d 780 (Fed. Cir. 1997) . . . . . . . . . . . . . 10

*Petroleum Ins. Agency, Inc. v. Hartford Accident and Indem. Co.*,
111 F.R.D. 318 (D. Mass. 1984) . . . . . . . . . . . . . . . . . . . . . 13, 16-18

## Statutes and Rules

5 U.S.C. § 552a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 26(b), Rules of the Court of Federal Claims . . . . . . . . . 11, 12, 20-21

Rule 33(d), Rules of the Court of Federal Claims . . . . . . . . . . . . 13, 16-17

Rule 34(b), Rules of the Court of Federal Claims . . . . . . . . . . . . . . . 11, 19

Rule 37(a)(4), Rules of the Court of Federal Claims . . . . . . . . . . . . . . . . 21

**THE GOVERNMENT'S RESPONSE TO PLAINTIFF'S "MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS"**

Notwithstanding the Government's offers to make available all non-privileged documents responsive to plaintiff's discovery requests for plaintiff's inspection, plaintiff asserts that the Government has "failed and refused to produce all such documents." Plaintiff's Memorandum in Support of Motion to Compel the United States' Discovery Responses and for Sanctions (hereinafter Pl.'s Mem.) at 9. Additionally, rather than obtaining information regarding purchases of "accused devices" by the United States Postal Service (USPS) from the two suppliers of such accused devices, plaintiff seeks to impose upon the USPS the burden of compiling information from approximately 192 facilities located across the country. *Cf. id.* at 7-8.

Plaintiff also requests the Court order the Government to produce a privilege log. *Id.* at 9-10. The Government does not object to producing a privilege log and will do so. Had plaintiff's counsel called Government counsel to discuss the privilege log prior to filing the motion to compel, this issue could have been resolved without the Court's intervention.

Since the USPS has fully complied with the Rules regarding discovery, plaintiff's motion to compel must be denied. Accordingly, the Court should deny plaintiff's motion and its request for sanctions.

## I. INTRODUCTION

This is a suit brought pursuant to 28 U.S.C. § 1498(a) by Jennings Transmission Service for the alleged use or manufacture by or for the USPS of certain patented devices and processes relating to replacement of transmissions for right-hand drive postal vehicles. The two suppliers of accused devices, Jasper Engines & Transmissions and Ready Built Distributors, Inc., have joined the case to assert their interests in this litigation.

The subject of plaintiff's motion to compel concerns records of thousands of sales by Jasper and Ready Built to the USPS Vehicle Maintenance Facilities (VMFs). *Cf.* Pl.s Mem. at 3.

Approximately 320 USPS facilities are responsible for vehicle maintenance. DA3, ¶ 4. Those facilities are located all across the United States. *Id.*; *see also* DA6 through DA14 (National VMF Directory Listing). Approximately 192 of those facilities are VMFs. DA3, ¶ 4. Vehicles are also serviced by Auxiliary VMFs. *Id.* The facilities are part of a multi-layered organization. *See id.* The United States is divided in Areas,

with the Area managers reporting to USPS Headquarters. *Id.* The Areas are divided into Districts. *Id.* The Districts are comprised of VMFs and Auxiliary VMFs reporting to the respective VMFs. *Id.*

Each VMF is responsible for fleet vehicle maintenance for a particular geographic area. *Id.*, ¶ 5. Such vehicles include the mail delivery vehicles used by local Post Offices. *Id.* The geographic areas of responsibility and the number of supported Post Offices vary by VMF. *Id.* Multiple facilities service large metropolitan areas, while some states contain only one VMF. *Id.*

The individual VMFs are responsible for purchasing maintenance and repair parts. *See id.*, ¶ 6. VMFs purchase such items as transmissions and related linkages directly from the suppliers under National Ordering Agreements. *See id.*, ¶6. The invoices for these purchases are maintained by the individual VMFs, not at one central USPS location. *Id.*, ¶ 7.

Certain electronic records are maintained by each VMF in its Vehicle Maintenance Accounting System (VMAS) computer. DA4, ¶ 8. VMAS is not a single, centralized system. *Id.* As each VMF maintains its own VMAS computer, each VMF may identify a given repair part with a unique

part name and number. *Id.* Thus, a particular part may have several different part names and numbers in the various VMAS computers.

Due to the configuration of the VMAS systems, the USPS cannot simply execute a single query to obtain the purchase information sought by Jennings Transmission. *Id.*, ¶ 9. In order to obtain that information from VMAS, a multi-step procedure involving all of the approximately 192 VMFs would have to be performed. *Id.*, ¶ 9. First, each VMF would have identify the part numbers that it has designated for the transmission kits of interest to Jennings. *Id.* Then each VMF that has purchased replacement transmission kits would have to draft a query for its VMAS system. *Id.* Then the VMFs could execute the query and generate a report of the results. *Id.* Someone would have to receive all those reports from the 192 VMFs and total the results in order to obtain a summary of the USPS's total purchases. *Id.*, ¶ 10.

## II. DISCUSSION

Plaintiff's motion to compel pertains to the Government's responses to Interrogatory No. 1 and Requests for Production Nos. 8 through 10 and 12. Plaintiff's Motion to Compel the United States' Discovery Responses and for Sanctions (Pl.'s Motion) at 2. Interrogatory No. 1 requests that the USPS "[f]ully disclose [its] purchases of Accused Devices." Pl.'s Mem.,

Exh. 1 at 5. Requests for Production Nos. 8 and 9 request "[a]ll documents comprising or reflecting [certain] communications." *Id.*, Exh. 1 at 8-9. Requests for Production Nos. 10 and 12 request "[a]ll documents comprising or reflecting . . . internal communications" concerning certain topics. *Id.*, Exh. 1 at 9.

### A. The Court Should Reject Plaintiff's Generalized Complaints Regarding the Government's Discovery Responses

Plaintiff's memorandum contains several generalized complaints and assertions regarding the Government's responses to discovery requests. The Court should reject such complaints and allegations.

Plaintiff alleges that the Government has refused to supplement its responses to the requests at issue. *Id.* at 3. The Government has not refused supplementation. Rather it has advised plaintiff that the USPS continues to search for responsive information and will supplement its responses if necessary. DA18; DA20.

Contrary to plaintiff's assertions and as discussed below, the Government has not "fail[ed] to cooperate in discovery," Pl.'s Mem. at 2, or "refused to fully respond to these requests," *id.* at 6.

Plaintiff suggests that the Government has improperly objected to plaintiff's requests concerning the USPS's purchases of accused Ready

Built and Jasper devices on the basis of privilege and relevance. Pl.'s Mem. 4, 6. The Government has not asserted that information concerning purchases of those accused devices is irrelevant. *See, e.g,* Pl.'s Mem., Exh. 2 at 6. The Government did not object on the basis of privilege in response to Interrogatory No. 1. *Id.* The Government properly objected to plaintiff's document requests at issue in this motion because they seek all documents concerning certain "communications." Because such requests are broad enough to encompass privileged and/or work product information, the Government's objections are proper. The Government does not contend that invoices or USPS purchase records are privileged and has not withheld any invoices or purchase records on that basis.

Plaintiff contends that the Government "complained" that the requests are ambiguous and that such a "complaint of ambiguity is without merit" because the Government provided a response. Pl.'s Mem. at 6. Of the requests at issue in plaintiff's motion, the Government only objected on the basis of ambiguity to plaintiff's Request for Production No. 9. *Id.*, Exh. 3 at 21. That objection was made because the request is unclear as to which word is modified by a particular phrase in the request. *Id.*, Exh. 3 at 21. The Government appropriately stated its understanding for the

purposes of responding to the request. The Government's objection was proper.

**B. The Government's So-Called "Blanket Objections" Are Proper**

Plaintiff contends that the Government has made "blanket objections" and asks the Court to overrule those objections. Pl.'s Mem. at 5. However, plaintiff does not explain its assertion that the Government's general objections "make it difficult to determine whether the government has completely responded to the discovery requests." *Id.* Plaintiff does not articulate how the Government's responses are purportedly lacking. Because plaintiff has not demonstrated that the Government's general objections are improper, the Court should reject plaintiff's request to overrule all of those objections.

Plaintiff first erroneously asserts that the Government has made "blanket objections to all the discovery requests without specifying to which interrogatory or document request it was objecting." Pl.'s Mot. at 5. In its responses, the Government set forth certain general objections directed primarily at plaintiff's instructions and definitions. In each of its responses to the interrogatories and requests for documents, the Government specifically identified and incorporated the appropriate general objections.

*See, e.g.,* Pl.'s Mem., Exh. 2 at 6; *id.*, Exh. 3 at 18 through 25. Therefore, contrary to plaintiff's assertion, the Government has clearly specified its objections and to which requests it objected.

Plaintiff, citing *Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998), also asserts that general objections "are disfavored by the court" and suggests that such objections should always be overruled. Pl.'s Mem. at 5. Plaintiff's reliance on *Athridge* is misplaced. The court in *Athridge* found that Aetna's non-specific, blanket objections as to relevance and burden were inadequate. *Athridge*, 184 F.R.D. at 190. The court found that Aetna's non-specific relevance objection coupled with a statement indicating that it only would produce relevant documents left Athridge unable to determine which documents were being produced and which were being withheld under Aetna's unilateral determination of relevance. *Id.* Similarly, that court rejected Aetna's conclusory burdensomeness objection because Aetna did not explain why the requests were burdensome. *Id.* at 191.

The Government's general objections, on the other hand, are specific enough for plaintiff to understand the basis and extent of the objections.

**1. Definition of the term "Defendant"**

The Government objected as overly broad to plaintiff's definition of the terms "Defendant," "you," "your," "Post Office," and "United States" because that definition included every agency and employee of the United States Government. Pl.'s Mem., Exh. 2 at 3-4, and Exh. 3 at 3-4. The Government stated that it would respond to the requests with the understanding that they seek information pertaining to the United States Postal Service and its pertinent employees. *Id.* Plaintiff later expressed agreement with the Government's understanding. DA15 - DA16.

**2. Definition of "Accused Devices"**

Likewise, the Government objected to plaintiff's definition of "Accused Devices" as overly broad because the definition encompasses more apparatuses than those identified by plaintiff as allegedly infringing devices in its Court-ordered disclosures.[1] Pl.'s Mem., Exh. 2 at 4. This objection is proper because the USPS should not be forced to incur the time and expense of searching for information pertaining to unidentified "Accused Devices" before plaintiff has developed a good faith basis for

[1]The Court's Special Procedures Order for Cases Under 28 U.S.C. § 1498(a), filed July 5, 2006, required plaintiff to identify, *inter alia*, those devices that it contends infringe an asserted claim. *See id.*, ¶¶ 1(b)(ii), 2(a)(i).

alleging infringement by such devices. *Cf. Judin v. United States,* 110 F.3d 780, 784 (Fed. Cir. 1997). The Government stated that it would respond to the requests with the understanding that "Accused Devices" are those Jasper and Ready Built devices specifically identified in plaintiff's mandatory disclosures. Plaintiff confirmed this understanding. DA16 (Plaintiff's counsel stating: "we interpreted [the term 'accused device'] to mean the Jasper and Ready Built devices listed in the initial disclosures.").

### 3. Instructions, definitions, and other explanatory statements

The Government objected to plaintiff's instructions, definitions, and other explanatory statements to the extent that they attempt to impose upon defendant obligations beyond that imposed by the Court's Rules and its Orders. Exh. 2 at 3, and Exh. 3 at 3. Plaintiff misinterpreted this objection as an objection based on relevance and as an assertion of privilege. DA15. As the Government explained to plaintiff's counsel, this objection is directed at, for example, plaintiff's request that responsive documents be produced for inspection at plaintiff's counsel's office within thirty days of the date of service of the Requests. DA17. The objection is proper because the Rules only require a response within thirty days and allow the responder to produce the documents by category or as they are

kept in the usual course of business. RCFC 33(b). Thus, the documents may be produced for inspection at the custodian's location, and are not required to be sent to plaintiff's counsel's office for inspection.

**4. Interrogatories seeking information subject to a privilege, the work product exemption and/or a statutory restriction on disclosure**

The Government properly objected to plaintiff's requests to the extent that they are deemed to require the disclosure of information subject to a privilege, the attorney work product exemption or any statutory or regulatory restriction upon the disclosure of information. This objection is proper in that privileged information and trial preparation materials are not discoverable, RCFC 26(b)(1) and (3), and the Government's disclosure of information is constrained by certain statutes such as the Privacy Act, 5 U.S.C. § 552a. The Government's objection made clear that it would produce Protected Information in compliance with Court's Provisional Protective Order. *See* Pl.'s Mem., Exh. 3 at 3. Furthermore, of the discovery requests at issue in plaintiff's motion, the Government made specific privilege objections where applicable. *See id.* at 19, 21, 22, 26.

**5. Instructions seeking the identification of documents prepared by Government counsel after the initiation of the litigation**

The Government objected to plaintiff's requests and instructions to the extent that they seek identification of documents prepared by attorneys representing the Government after this action was commenced. This objection is proper because, most, if not all, of such documents are subject to the attorney-client privilege, the attorney-work product exemption or other privileges. The objection is also proper because the identification of such documents would tend to reveal counsel's mental impressions, conclusions, opinions, and legal theories. RCFC 26(b)(3). Furthermore, the identification of all the documents created by counsel during litigation is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**6. Multiple copies of the same document**

The Government properly objected to seeking for and producing multiple copies of the same document. The USPS has approximately 320 facilities that are responsible for vehicle maintenance, DA3, ¶ 4, and therefore, which may have information responsive to plaintiff's requests. Some responsive documents, such as advertisements from accused suppliers and pages from National Ordering Agreements, may be located

in many different VMFs. The Government should not have to search each of these facilities and produce multiple copies of the same document.

The Government's general objections are proper and the Court should reject plaintiff's request to overrule all of those objections.

### C. The Government's Response to Interrogatory No. 1 is Proper

With regards to Interrogatory No. 1, plaintiff primarily complains that the Government has improperly utilized the Rule 33(d) option to produce business records in response to the interrogatory which seeks details of every one of the USPS's purchases of "accused devices." Pl.'s Mem. at 7. Plaintiff must show that the burden of deriving or ascertaining the requested information is not substantially the same for both parties. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976); *Petroleum Ins. Agency, Inc. v. Hartford Accident and Indem. Co.*, 111 F.R.D. 318, 320 (D. Mass. 1984). Plaintiff has not met its burden.

Plaintiff first erroneously asserts that the Government has not produced the documents reflecting its purchases. *Id.* Rule 33(d) does not require that the documents be copied and shipped to plaintiff's counsel's office. Rule 33(d) requires only that plaintiff be afforded "reasonable opportunity to examine, audit or inspect such records and to make copies,

compilations, abstracts or summaries." The Government has, on more than one occasion, informed plaintiff that all non-privileged responsive documents would be made available for its inspection at any USPS facility. DA19; DA20. However, plaintiff has not requested to inspect any of the proffered documents. The Government has complied with the requirement to make the documents available for plaintiff's inspection, but plaintiff has not availed itself of that opportunity.

Nonetheless, in order to avoid further dispute, the USPS has undertaken measures to obtain available invoices of relevant purchases, which are believed to contain the information sought by plaintiff. Copies of those invoices will be sent to plaintiff's counsel after being copied and sequenced.

The Government also properly and specifically objected to Interrogatory No. 1 because the purchase information sought by plaintiff is more easily obtainable from the two accused suppliers – Jasper and Ready Built – who are both parties to this case. It is believed that Ready Built and Jasper each maintain in one location, respectively, most, if not all, the information sought by plaintiff. In a letter dated April 16, 2007, Jasper's counsel advised plaintiff's counsel that Jasper's automated sales compilations and the actual invoices are available for plaintiff's inspection

and have been available since December 29, 2006. DA24. As plaintiff admits, Ready Built has "produced discovery demonstrating its sales of thousands of Accused Devices to the Government." Pl.'s Mem. at 3. Plaintiff's contention that the Government's burden to produce the documents is substantially the same as on the two other defendants, *id.* at 6, is unsupported attorney argument. Before the Government began incurring the burden and expense of gathering documents from the 192 VMFs located across the country, plaintiff should have inspected the documents produced by Jasper and Ready Built to determine whether those records were complete and would obviate the need for the cumbersome discovery of 192 locations. The Government's objection is proper.

Plaintiff asserts that "the Government purchased Accused Devices from other entities," and contends that a review of information from the Ready Built and Jasper will be inadequate for that reason. However, plaintiff has conceded that the definition of "accused device," for purposes of its discovery requests, is limited to certain devices supplied by Jasper and Ready Built. DA16.

Plaintiff also asserts that the burden to ascertain the requested information is not the same for both parties. Pl.'s Mem. at 7-8. Plaintiff

makes the unsupported statement that, because some electronic records exist, the Government should "be able to easily provide its total purchase figures[.]" *Id.* Plaintiff contends that it "is not in a position to easily compile such information." *Id.* at 8. However, the standard is not whether the information may be easily compiled, but rather whether the burden is substantially the same for both parties. Rule 33(d); *Petroleum Ins. Agency, Inc.*, 111 F.R.D. at 320. Plaintiff has failed to show that the burden is not substantially the same for both parties.

In order for the USPS to compile the purchase information sought by plaintiff, the approximately 192 VMFs located across the country must perform some action. Every VMF would have to determine whether it even purchased any accused hardware and then identify the part numbers assigned to those hardware components. *See* DA4, ¶ 9. Each VMF would have to draft a query and run that query through its VMAS computer. *Id.* The generated reports would have to be forwarded to a central location. *Id.*, ¶ 10. Notwithstanding the burden associated with such an exercise, the USPS will attempt to have the VMFs query their VMAS computers and generate reports. Those reports will be supplied to plaintiff.

In order to summarize the USPS's total purchases based on the VMAS records, one would have to tally the results obtained from all the

192 VMFs. *Id.*, ¶ 10. The burden is substantially the same for plaintiff as it is for the Government to analyze and summarize the reports, and plaintiff cannot show otherwise. Therefore, the Court should deny plaintiff's motion to compel the Government to perform this work and to provide a "written response."

Plaintiff contends that a responding party that has searched its documents may not utilize the Rule 33(d) option to produce business records in response to an interrogatory. Pl.'s Mem. at 8 (citing *Petroleum Ins. Agency, Inc. v. Hartford Accident and Indem. Co.*, 111 F.R.D. 318 (D. Mass. 1984)). The *Petroleum Ins. Agency, Inc.* case does not support plaintiff's broad, generalized assertion. The court in that case addressed several complaints concerning the use of the option to produce business records in response to interrogatories. *See Petroleum Ins. Agency, Inc.*, 111 F.R.D. at 319-322. The court denied the motion to compel as to some interrogatories and granted the motion as to one. *Id.* The court ordered the defendant in that case to respond to that one interrogatory without reference to business records. *Id.* at 322. An employee of the defendant had already performed research concerning the information requested by the interrogatory and a list of responsive information had been prepared. *Id.* at 321-22. The court found that the defendant had already "done

considerable work to gather the information requested …, and, it therefore follow[ed] that it [was] not equally burdensome for the parties to search the records to come up with answers, since the defendants [had] already done so." *Id.* Unlike that case, the Government has not already compiled or analyzed the responsive documents and has not ascertained an answer to the interrogatory, and plaintiff does not so allege.

The court in *Petroleum Insurance* denied the plaintiff's motion to compel with respect to other interrogatories, *id.* at 321, stating: "the plaintiffs want this discovery but do not want to expend the effort and expense in procuring it." *Id.* at 320. The court found that the plaintiff's "expressions of general discontent with having to obtain discovery" pursuant to the Rule's option to produce business records was not sufficient grounds to deny the use of that option. *Id.* at 320. Similarly, this Court should reject Jenning's attempt to shift onto the Government the burden and expense of conducting Jenning's discovery.

### D. The Government's Document Production Complies with the Court's Rules

Plaintiff's has moved to compel regarding Requests for Production Nos. 8 through 10 and 12. Pl.'s Mot. at 2. Requests for Production Nos. 8 and 9 request "[a]ll documents comprising or reflecting [certain]

communications." Pl.'s Mem., Exh. 1 at 8-9. Requests for Production Nos. 10 and 12 request "[a]ll documents comprising or reflecting . . . internal communications" concerning certain topics. *Id.*, Exh. 1 at 9.

Plaintiff complains that the Government has "failed and refused" to produce all of the documents "reflecting the Government's purchase of 'Accused Devices.'" Pl.'s Mem. at 8-9. Plaintiff's complaints seems to be based on the erroneous assumption that, in order to comply with the Court's rules, produced documents must be forwarded to plaintiff's counsel's office for inspection. *Cf. id.* 8-9.

Rule 34(b) sets forth the requirements for document production: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." The Government has informed plaintiff that all non-privileged documents will be made available for its inspection at each USPS facility. DA19; DA20. Therefore, the Government has complied with Rule 34 by producing for plaintiff's inspection documents as they are kept in the usual course of business. Nonetheless, after learning that plaintiff interpreted the document requests for certain "communications" as directed to invoices, *see* DA17, the USPS

requested that the VMFs forward copies of surviving invoices to Headquarters. Copies of those invoices will be provided to plaintiff.

Lastly, plaintiff asserts that the Government's production is "gravely lacking" because "the Government also purchased Accused Devices from additional entities [other than Jasper and Ready Built]." Pl.'s Mem. at 9. This assertion is inconsistent with plaintiff's admission that "accused devices" for purposes of its discovery requests are those Jasper and Ready Built devices identified in plaintiff's initial disclosures. *See* DA16.

**E. Privilege Log**

Plaintiff has moved to compel the Government to provide plaintiff with a privilege log pursuant to Rule 26(b)(5). Plaintiff did not confer with Government counsel regarding its request for a privilege log prior to filing the motion to compel. The Government will provide plaintiff with a privilege log, and would have done so upon request without Court intervention.

Plaintiff's complaint that the Government has "failed" to comply with the privilege log requirement of Rule 26 is ill-founded. First, we note that Rule 26 does not require a log, but only sufficient identification of the privileged documents. Second, plaintiff has not provided the Government with a privilege log, suggesting that plaintiff is applying a different reading

of Rule 26 when it is answering discovery requests than when it is seeking discovery.

**F. Sanctions Against the Government Are Not Merited**

It is plaintiff, not the Government, that has needlessly increased the cost of litigation and burdened the Court. As explained above, prior to the filing of plaintiff's motion, the Government had complied with the Court's Rules in responding to plaintiff's discovery requests. Therefore, sanctions are not available to plaintiff. RCFC 37(a)(4). Even if Court should grant plaintiff's motion, sanctions are not merited because the Government's objections are substantially justified. *See id.*; *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 462 (Fed. Cl. 2007).

## III. CONCLUSION

For the above reasons, the Court should deny plaintiff's motion to compel the United States's discovery responses and should deny plaintiff's request for sanctions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

May 29, 2006

s/ Ken B. Barrett
KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice