# EXHIBIT D

**U.S. Department of Justice**

Civil Division

KBB
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

Telephone: (202) 307-0343
Facsimile No: (202) 307-0345

*Washington, D.C. 20530*

April 4, 2007

BY FACSIMILE, CONFIRMATION BY MAIL

Anthony J. Biller, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green
Suite 300
Cary, NC 27511

Re: *Jennings Transmission Service of Goldsboro, Inc. v. United States*, Court of Federal Claims No. 05-1209 C

Dear Mr. Biller:

This is in response to your letter of March 30, 2007, concerning the Government's responses to plaintiff's discovery requests. Your letter specifically addresses the Government's objections to plaintiff's Interrogatory No. 1 and Requests for Production Nos. 8 through 10 and 12. You state that you are disappointed with the Government's responses and assert that the Government's objections "lack merit."

Your letter demonstrates that you misinterpreted our objections and the Court's Rules. The Government objected to the instructions, definitions, and other explanatory statements contained in plaintiff's requests to the extent that they attempt to impose upon defendant obligations beyond that imposed by the Court's Rules and its Orders. You misinterpreted this objection as an objection based on relevance and as an assertion of privilege. This objection is directed at, for example, plaintiff's request that responsive documents be produced for inspection at your office within thirty days of the date of service of the Requests. The Rules only require a response within thirty days and allow the responder to produce the documents by category or as they are kept in the usual course of business. RCFC 33(b). Thus, the documents may be produced for inspection at the custodian's location.

Additionally, your letter assumes that Requests for Production 8 through 10 and 12 are limited to sales invoices. Those Requests are not so limited. Requests for Production 8 and 9 request "[a]ll documents comprising or reflecting [certain] communications." Requests for Production 10 and 12 similarly request "[a]ll documents comprising or reflecting . . . internal communications" concerning certain topics. The Government's objections are appropriate because these categories encompass both unprotected, non-privileged documents and those documents that are privileged and/or protected work product. Further, it is unclear how you arrive at your conclusion that any of these requests are limited to "invoices."

Your letter contends that the Government's objections to the plaintiff's definition of the terms "Defendant," "you," "your," "Post Office," and "United States" lack merit. You assert that one could conclude that the definition means the United States Postal Service because "United States" and "Post Office" are "in close proximity" in plaintiff's definition. However, the definition states that these terms "refer to Defendant United States" without limitation. Therefore, the Government properly objected to requests incorporating these terms "as overly broad and unduly burdensome to the extent that they require an investigation of any department or agency of the United States other than [the United States Postal Service]." Nonetheless, the Government's objection states that its responses would encompass information in the possession, custody or control of the United States Postal Service (USPS). As it appears that we are in agreement that the Postal Service is the only agency accused of infringement, and therefore the only proper responding agency, the Government will not search the records of other agencies.

Your letter also asserts that the Government's objection to the term "accused devices" as overly broad is "without merit," because "[you] interpreted it to mean the Jasper and Ready Built devices listed in the initial disclosures." However, plaintiff's definition for the purposes of its discovery is:

> The term "Accused Device" means any kit used to adapt a transmission intended for a left-hand drive vehicle for use in a right-hand drive vehicle, to include without limitation for use in United States Postal Service Grumman LLV-A vehicles. Accused Devices include, without in any way limiting the foregoing, the devices shown at Exhibits 1-9 of *Jennings Transmission's Submissions of Infringement Charts and Proposed Claim Construction Statements Pursuant to the Court's Scheduling Order of July 5, 2006.*

"Plaintiff's First Set of Interrogatory Nos. 1-8 and Requests for Production of Documents 1-14 to Defendant USA" at 2. Under plaintiff's definition, the term "accused devices" is <u>not</u> limited to the devices identified in plaintiff's disclosures as you now contend. Therefore, plaintiff's requests seek information concerning any "kit" including those for which plaintiff has not or cannot disclose any basis in a claim chart for asserting infringement. The Government's objection to plaintiff's definition of "accused devices" is proper. Furthermore, the Government, rather than simply not responding to the objectionable requests, stated that it responds to the requests with the understanding that "accused devices" are those Jasper Engines & Transmissions and Ready Built devices identified in plaintiff's disclosures. Because we are in agreement as to the definition of "accused devices," the Government will not search for records concerning devices other than the identified Jasper and Ready Built devices.

Contrary to the suggestion in your letter, the Government is not refusing to produce invoices from Jasper Engines. The USPS's search for responsive documents and information from the hundreds of Vehicle Maintenance Facilities (VMFs) continues and we will supplement our responses if appropriate. Furthermore, Jasper Engines stated in its responses to similar requests that responsive, non-privileged documents would be produced for plaintiff's inspection

upon reasonable advanced notice. The information in Jasper Engines' possession may contain, in one location, the information that you purport to require the USPS to obtain from the hundreds of VMFs. It is my understanding that you have not yet scheduled an inspection of Jasper's documents. Plaintiff should attempt to conduct discovery in the least costly and least burdensome manner.

In your letter, you erroneously assert that RCFC 33(d) requires the responding party to state that the burden of deriving the answer to an interrogatory from business records is substantially the same for both parties. Rule 33(d) does not require such a statement. You also contend that the "United States did not specifically identify the responsive records." However, in my letter of January 26, 2007, accompanying the documents produced by the Government, I indicated by Bates number the requests to which the documents are responsive. Additionally, you state that, where Rule 33(d) is utilized, the answers to interrogatories must be clearly obtainable or discernable from the documents. The rule, however, only requires that the information be as ascertainable to the receiving party as to the producing party. In any event, you do not assert that you are unable to ascertain the requested information from the produced documents.

Where your letter makes it apparent that you are requesting documents from the hundreds of VMFs, your demand for a supplemental production within less than a week is unreasonable. The Government's investigation into this matter continues, and subject to its objections, non-privileged documents in the possession, custody or control of the USPS will be produced to the extent that they have not already been provided to plaintiff. Plaintiff has propounded multiple, broad requests for documents and information which, as you concede in your letter, may be located at "VMFs around the country." Please advise as to whether plaintiff is now narrowing its requests to specific documents such as invoices. If you do so, that will enable the USPS to better focus its search. In the meantime, all non-privileged responsive documents will be made available for your inspection at any USPS facility upon reasonable notice and at a time convenient to all concerned.

Please feel free to call me if you would like to discuss this matter further.

Very truly yours,

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division

cc: James S. Ward, Esq., counsel for Ready-Built (via facsimile)
James M. Hinshaw, Esq., counsel for Jasper Engines (via facsimile)

# EXHIBIT E

**U.S. Department of Justice**

Civil Division

Telephone: (202) 307-0343
Facsimile No: (202) 307-0345

KBB
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

*Washington, D.C. 20530*

April 20, 2007

BY FACSIMILE, CONFIRMATION BY MAIL

Anthony J. Biller, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green
Suite 300
Cary, NC 27511

Re: *Jennings Transmission Service of Goldsboro, Inc. v. United States*, Court of Federal Claims No. 05-1209 C

Dear Mr. Biller:

This is in response to your letter of April 17, 2007, in which you request that the Government supplement its interrogatory responses concerning its purchases of "cable linkage conversion kits" and "supplement [the Government's] rule 34 production by producing documents sufficient to disclose the same."

I presume your letter is referring to plaintiff's Interrogatory No. 1, which states in part: "Fully disclose your purchases of Accused Devices." The United States Postal Service's (USPS's) response to Interrogatory No. 1 indicated that any surviving business records reflecting purchases of "Accused Devices" will be produced, and that such documents are primarily located at the various Vehicle Maintenance Facilities (VMFs). The individual VMFs, located across the country, are the entities that purchase transmissions and transmission-related parts. The Government's response to plaintiff's Interrogatory No. 5 informed you that maintenance records are retained by the VMFs for three years. It is my understanding that invoices are also retained for three years. The USPS will continue to search for responsive information and will supplement its discovery responses, if necessary. As I stated in my letter to you dated April 4, 2007, all non-privileged responsive documents will be made available for your inspection at any USPS facility upon reasonable notice and at a time convenient to all concerned. Pursuant to RCFC 34, the USPS need only make the documents available for inspection and copying at the location where the records are kept. We have complied with the rule.

Rather than threatening to file a motion to compel discovery regarding "cable linkage conversion kits," plaintiff should immediately withdraw its assertions of infringement of such "kits." Even assuming that the patent-at-issue contains a claim covering cable "kits," such a claim is invalid because the evidence shows that cable-type transmission conversions for use in Postal Service LLVs were known in the art long before plaintiff applied for a patent.

Furthermore, there is no indication in the patent that your client invented a "cable linkage conversion kit." Therefore, the defendants should not have to incur the burden and expense of responding to your client's demand for compensation for use of a configuration that it did not invent or patent.

As always, please feel free to call me if you would like to discuss this or any other matter.

Very truly yours,

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division

cc: James S. Ward, Esq., counsel for Ready-Built (via facsimile)
James M. Hinshaw, Esq., counsel for Jasper Engines (via facsimile)

# EXHIBIT F

Bingham • McHale LLP

attorneys at law

Rafael A. Sanchez
Attorney
Direct: (317) 686-5214
rsanchez@binghammchale.com

April 16, 2007

**VIA E-MAIL**
**and REGULAR U.S. MAIL**

Anthony J. Biller, Esq.
Larry L. Coats, Esq.
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, NC 27511

Re: Jennings Transmission Service v. United States Postal Service, et al.
Our File No. 801434-63067

Dear Counsel:

I am in receipt of your letter dated March 30, 2007, regarding Jasper Engines & Transmissions' ("Jasper") discovery responses.

Your letter first alleges that Jasper's response to Interrogatory No. 1 and Request for Production No. 5 are deficient and then takes issue with some of Jasper's general objections to the discovery served by Jennings Transmission Service ("Jennings"). For the reasons that follow, Jasper declines your request to withdraw its objections to the discovery and stands on its responses to Interrogatory No. 1 and Request No. 5.

As you know, Jennings' Interrogatory No. 1, and Jasper's response, states as follows:

> 1. Fully disclose your sales of Accused Devices. Include in your disclosure, the model name and number for each Accused Device, the quantities and dates of sale, the entity to whom you sold each device, and the amount you received for each purchase.
>
> **RESPONSE:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. Jasper also objects to this Interrogatory as being unduly burdensome, as no relevant timeframe is specified.

> Subject to and without waiving these specific objections and the General Objections, see Jasper's response to Request for Production No. 5, which is hereby incorporated by reference.

Likewise, Jennings' Request for Production No. 5, and Jasper's response thereto, states as follows:

> 5. Documents sufficient to identify every time you have sold an Accused Device and the entities or person to whom you made the sale.
>
> **RESPONSE:**
>
> Objection. Jasper restates and incorporates by reference the General Objections set forth above. In addition, this Request is unduly burdensome to the extent it seeks all documentation related to each time a sale was made by Jasper. Jasper currently has 35 branches nationwide. Therefore, a search for the requested documents would involve a review of the on-site files for each branch. Further, no relevant timeframe is specified.
>
> Subject to and without waiving these specific objections and the General Objections, Jasper will produce for inspection responsive and non-privileged documents upon reasonable advance notice, to the extent any such documents exist and have not already been produced by Jasper.

As evident from the above, Jennings' Interrogatory and Request are much broader than just invoices and are not limited in time. Thus, the suggestion in your letter that somehow these discovery requests are limited to sales invoices is implausible. Indeed, your attempt to now narrow the scope and time frame of the requested information/documents to invoices from "one year prior to March 2, 1998, when the Jennings' patent was filed" does not change the overbroad character of the original discovery requests. By the same token, your attempt to narrow Jennings' definition of "Accused Device" to mean "the Jasper devices listed in the initial disclosures" misses the point. Jennings' definition of "Accused Device" in the above discovery requests was not limited to the devices identified in its initial disclosures. For that very same reason, Jasper properly objected to Jennings' definition of "Accused Device" as follows:

> Jasper objects to the Jennings' definition of the term "Accused Device" as overly broad. As defined by Jennings', the term "Accused Device" includes more devices than those actually identified as accused in Jennings' Initial Disclosures of Asserted Claims, dated July 17, 2006, and Jennings' Infringement Charts, dated October 10, 2006. Therefore, in responding to these Interrogatories, Jasper

> will interpret the term "Accused Devices" as those devices identified by model number in Jennings' Initial Disclosures of Asserted Claims and, to the extent discernable by Jasper, those shown in Jennings' Infringement Charts, dated October 10, 2006.

Therefore, Jasper's objections to Interrogatory No. 1 and Request No. 5 are appropriate and will not be withdrawn.

Further, your letter mistakenly assumes that Jasper is asserting a claim of privilege with respect to the information and/or documents requested in Interrogatory No. 1 and Request No. 5. This is incorrect. While these discovery requests, as drafted, are broad enough to include documents that may be privileged, Jasper did not withhold any information and/or documents in response to this Interrogatory and Request on this basis.

As you correctly point out, R.C.F.C. 33(d) allows a party to produce business records in response to an interrogatory when the answer to the interrogatory can be derived from the party's business records and the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served. In response to Interrogatory No. 1, Jasper referred to its response to Request No. 5. Jasper did so because the information requested by Jennings in Interrogatory No. 1 can be obtained by reviewing automated sales compilations that Jasper generates in the ordinary course of business. As a matter of business practice, Jasper typically maintains "paper documents" (*i.e.* invoices) for only seven (7) years. Thus, to the extent any relevant invoices exist, Jasper would likely only have paper invoices from 1999 to the present. With respect to the production of invoices, your letter is confusing. On the one hand, you state that you "expect" that Jasper's document production "shall include invoices from Jasper to the United States Postal Service Vehicle Maintenance Facilities." However, on the other hand, you also state that it would be "improper to produce invoices for inspection under Rule 33(d) when automated compilations exist." As you can see, Jennings' position on this issue is conflicting.

In any event, the automated sales compilations, which have been and continue to be available for inspection by Jennings, are being offered to Jennings in lieu of copies of the actual invoices for each relevant sale. Had you chosen to inspect those documents, you would know that Jasper sold approximately 1,469 such brackets units to date (starting in 1998). To the extent Jennings desires to review the available, actual paper invoices for each relevant sale, Jasper states that the burden of locating and retrieving these documents and information would be substantially the same for Jasper as it would be for Jennings. Thus, pursuant to Rule 33(d), Jasper has made available for inspection business records in response to Interrogatory No. 1.

In sum, we are not withholding any documents in response to Request No. 5 - they have been available for inspection since December 29, 2006, and you have chosen not to look at them.

This information has been and remains open for inspection at all times, upon reasonable advance notice. We renew our invitation for you to inspect the documents.

Lastly, in light of the above, I feel compelled to mention that the bulk of Jennings' second wave of discovery, received by us on April 5, 2007, is completely redundant and unnecessary. Had you simply asked us for copies of the documents and/or came and inspected them, we could have saved our respective clients the time and expense of having to go through this needless exercise.

Sincerely,

Rafael A. Sanchez

JMH:ras/1145179

cc: Ken B. Barrett, Esq.
James S. Ward, Esq.
James M. Hinshaw, Esq.