**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**REPLY IN SUPPORT OF MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS**

---

The Government takes exception to Jennings' statement that the Government failed and refused to "produce complete, meaningful responses" to the discovery requests regarding its purchases of Accused Devices. The Government argues that it was meaningful and appropriate

for it to direct Jennings - a small, family owned and operated business – to inspect paper invoices at “approximately 192 [postal] facilities located across the country” instead of each facility running queries on their automated accounting system (“VMAS”). The Government claims it would be easier, or at least equally burdensome, for undersigned counsel to travel to these nearly two hundred locations nationwide to inspect and compile the paper invoices at each location than it would be for each postal yard to run a computer query. Although database query is a normal business activity, the Government dedicates an entire paragraph to explaining how laborious running a query can be: identify the part numbers, run a query on the computer to generate a report on those parts, and send the report to the DOJ for this lawsuit. [D.52 at 4.] Asking each yard to run a computer query and send it to the DOJ attorney pales in comparison to Jennings traveling to even one postal yard, searching the paper invoices, interpreting the paperwork and parts number taxonomy for that yard, and compiling the results itself. The Government, however, argues that Jennings should travel to the192 different locations and do this. Reliance upon Rule 33(d) is inappropriate when the Government has a marked advantage in compiling its data. *See Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, 2006 WL 83477, *3 (E.D. Mich. 2006) (compelling defendant to provide responsive

sales data in a usable form). Jennings respectfully suggests that the Government's position was and continues to be highly unreasonable.

The Government knows its argument is indefensible. Thus, tucked at the end of its argument, the Government promises, for the first time, to "attempt" to supplement its responses by producing reports reflecting its purchases of the Accused Devices. [*Id.* at 16.] Undersigned counsel has not yet received anything further from the Government. Regardless, even in this begrudging tender, the Government refuses to provide a written response to Jennings' first interrogatory or to do anything more than "attempt" to produce reports printed from the various VMAS facilities. [*Id.* at 16.]

Upon scrutiny, the Government's belated offer to produce summary reports (instead of paper invoices across the country) also fails the requirements of Rule 33(d). In earlier explaining the information that would be in such reports, the Government argued that each VMAS facility "may identify a given repair part with a unique part name and number. Thus, a particular part may have several different part names and numbers in the various VMAS computers." [*Id.* at 3-4.] If what the Government argued is accurate, Jennings would not be able to decipher the 192 reports where each report utilized its own and different taxonomy for identifying the parts

at issue. The Court should compel the Government to provide a written answer to Interrogatory No. 1.

Further, the Court should note the Government's omission in its explanation of the VMFs' computer systems and record keeping practices. The Government did not claim it has no centralized records reflecting its purchases of Accused Devices. In fact, the Government likely does have such records. The Government requires that each of its vendors provide quarterly reports reflecting their sales to the Government. It maintains at least some of the information reflecting those reports in its National Account Tracking system. A copy of a sample quarterly budget report from the Government's National Account Tracking system is attached hereto as Exhibit 1. The Government does, thus, maintain centralized records reflecting purchases. This is yet another tool unavailable to Jennings that would aid in providing the information requested by Interrogatory No. 1.

The Government also argues that it should not have to undertake any effort to respond to Interrogatory No. 1 since Jennings can obtain the same information from Jasper and Ready Built. This argument fails on three seperate grounds. Foremost, the Government purchased Accused Devices from more than just Jasper and Ready Built. The Government limited exercising its indemnification rights to these entities; that does not

mean, however, that Jennings must also limit its discovery to Accused Devices obtained from only those two entities. Second, the Government's espoused faith in Jasper and Ready Built's discovery responses is misplaced. To date, Ready Built has produced one single page in discovery and paltry interrogatory responses. Jasper's participation in discovery has been spotty, at best. The Court's docket is witness to Jenning's problems in discovery with these defendants. Finally, with respect to these entities, Jennings is entitled to compare the information provided by Jasper and Ready Built to the Government's records. It is possible that the Government's records are better and more complete than those maintained by the other Defendants. Jennings should not be precluded from obtaining information regarding all the purchases of Accused Devices.

The Government's numerous objections to providing a written response to Interrogatory No. 1 lack merit. The Government has not answered the interrogatory and the burden of determining the requested information in the manners proposed by the Government is not the same on both parties. The Court should compel the Government's complete written response.

Jennings believes that the Government's remaining arguments are adequately addressed in Jennings' prior memorandum.

The Government's response brief further demonstrates the appropriateness of sanctions in this instance. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. RCFC 37(a)(4)(A). Although the Government has not yet provided the discovery requested by this motion to compel, it has promised to do so, at least in part. Additionally, as discussed herein, the Government's continued refusal to produce a complete written response to Jennings' first interrogatory is unreasonable, particularly from a party as sophisticated as the Government. The Government should be sanctioned for its disrespect for Jennings through an award of Jennings' costs, to include attorneys' fees, associated with this motion.

Respectfully submitted, this the 11th day of June, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller

Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

**CERTIFICATE OF SERVICE**

I certify that the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL THE UNITED STATES' DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 11th day of June, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff