# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

## REPLY IN SUPPORT OF MOTION TO COMPEL JASPER'S DISCOVERY RESPONSES AND FOR SANCTIONS

---

In its response brief, Defendant Jasper Engines & Transmissions ("Jasper") promised, for the first time, to supplement its discovery responses by producing some documents reflecting its sales of Accused Devices. [D.51, 2.] Jasper still, however, refuses to completely respond to

the discovery requests at issue. [*Id.* ] Jasper's own explanations for its failure to produce the requested information betray its claim that the burden of obtaining the requested information from documents is the same on both parties. The Court should grant Plaintiff Jennings' motion to compel and award sanctions against Jasper.

Jasper argued that it has properly used Rule 33(d) in responding to Jennings' interrogatory. Jasper claimed that the burden on both parties would be equal since an exhaustive search for all its sales of Accused Devices would include reviewing invoices at its 35 branches nationwide. [*Id.* at 6.] Jasper's argument, however, ignores the strict requirements for serving a Rule 33(d) response.

A party relying on a Rule 33(d) document production in response to an interrogatory must: (1) affirm that the requested information is available in the specified records; (2) "be able to demonstrate that answering the interrogatory in the traditional manner would impose a burden on it," (3) show that the burden of obtaining the requested information is substantially the same for both parties, and (4) specifically identify the records containing the requested information. *The Christian Coalition Int'l v. U.S.*, 2002 WL 1482523, *2 (E.D. Va. 2002); *accord* Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 2d § 2178 (2nd ed. 1994). A party

responding to an interrogatory abuses Rule 33(d) "when the responding party simply directs the interrogating party to a mass of business records or offers to make all of their records generally available." *Cappachione v. Charlotte Mecklenberg Schools*, 182 F.R.D. 486, 490 (W.D.N.C. 1998); *accord Saleh v. Moore*, 95 F.2d 555, 561 (E.D. Va. 2000). A failure to explicitly affirm in each response that the information contained in the production of documents will answer the questions is, by itself, sufficient basis for compelling the written response. *Christian Coalition*, *supra* *2; *accord* Wright, Miller, & Marcus, *supra*.

Jasper's response failed to meet the requirements of Rule 33(d). Although it has since done so through correspondence from its counsel, Jasper originally failed to specify the records containing the requested information. Jasper also did not affirm that the records would reflect all the requested information. In fact, as will be discussed in greater detail below, the documents produced by Jasper in response to the interrogatory do not reflect all the requested information. Moreover, Jasper neither showed that it would be burdened by producing the requested information nor demonstrated that the burden would be the same on both parties. Jasper could not make such demonstrations. Jasper would not be unduly burdened in providing a complete response. Further, Jasper cannot show

that the burden of obtaining the information from Jasper's business records would be equal on the parties.

Jasper's argument regarding the burden on the parties ignored that its electronic records reflect the same information. Reliance upon Rule 33(d) is inappropriate when Jasper has a marked advantage in compiling its data. *See Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, 2006 WL 83477, *3 (E.D. Mich. 2006) (compelling defendant to provide responsive sales data in a usable form). Jasper already compiled several spreadsheets reflecting some of the requested information. Additionally, a letter produced by the United States specifically stated that Jasper does have the ability to provide summaries of information. (*See* Ltr. from Z. Bawel to K. Barrett, Exhibit 1 hereto.) Jasper should have little difficulty providing all of the requested information. Jennings, on the other hand, would apparently be required to visit 35 branches nationwide and pore over thousands of documents to obtain the same information.

Jasper further argued it fully responded to Jennings' first interrogatory in its production of multiple spreadsheets. Jasper stated that the interrogatory "only asks for the name, number, quantity, name of purchasing entity, price and date for each sale of a transmission conversion device." [*Id.* at 3.] This is incorrect. The interrogatory asked Jasper to

"[f]ully disclose [its] sales of Accused Devices." [*Id.*] The description following the request merely provided direction to Jasper but did not limit the request to those items. When Jasper failed to produce such information, Jennings' counsel specifically requested that Jasper produce the total sales figures for the Accused Devices.

Jasper produced over four hundred pages of spreadsheets, none of which included either total sales figures or information sufficient to allow Jasper to readily calculate such figures. The largest spreadsheet of sales did not include any product descriptions or price. A much smaller spreadsheet of sales did include pricing information but still did not include the product name. Jasper apparently expected Jennings to review both spreadsheets line by line to determine whether the information provided by each is unique. Jennings would then have to review the spreadsheets alongside Jennings' other documents to identify the products and price that correspond to each product number. The spreadsheets did not, therefore, provide a full disclosure of the requested information pertaining to each of Jasper's sales, let alone allow for easy calculation of total sales.

Jennings believes Jasper created these spreadsheets from reports made by running searches on Jasper's database of sales information. Running reports is a normal business practice. Jasper should be able to

easily run a report requesting all pertinent sales information. Jasper should then be able to produce a single spreadsheet containing each of the items requested by Jennings, to include total sales figures. Although Jasper should have provided a written response to the interrogatory, Jennings would not have objected had Jasper produced such a spreadsheet.

Recognizing that its production has made obvious its ability to fully respond to Jennings' interrogatory, Jasper now belatedly agrees to provide spreadsheets providing some compilation regarding Jasper's sales. Jasper has not yet produced any such spreadsheets. Jennings is, thus, unable to determine if Jasper will provide a complete response, and Jasper should still be compelled to provide a complete response to Jennings' Interrogatory No. 1.

With regard to Interrogatory No. 12, Jasper argued that it is unable to provide its net and gross profits from its sale of Accused Devices. Jasper claimed its practice of not routinely calculating its profits on the Accused Devices relieves it from the burden of responding to the interrogatory. Rule 33, on the other hand, provides that "[e]ach interrogatory shall be answered … in writing … unless it is objected to …." R.C.F.C. 33(b). Moreover, "[a]n interrogatory … is not necessarily objectionable merely because an answer … involves an opinion or contention that relates to fact …." R.C.F.C. 33(c).

The fact that Jasper does not ordinarily calculate profits per unit does not excuse its discovery obligations under Rule 33. Jennings is entitled to know what Jasper believes its profits are and how Jasper calculates them.

Jasper also argued that asking Jasper to provide its profits is a different question from asking Jasper to provide what it believes its profits are. This argument is entirely gamesmanship. Jennings asked Jasper for its net and gross profits. Jennings could only expect that Jasper would provide what Jasper believes its profits to be. Jasper's objections to the request are without merit, and Jasper's full response should be compelled.

Jasper maintained its refusal to produce its electronic database containing information pertaining to the sale or distribution of Accused Devices as requested by Document Request No. 24. Jasper mistakenly judged Jennings' request as irrelevant. Until the filing of its response brief, Jasper refused to produce complete information regarding its sales of Accused Devices, to include total sales figures. Jennings' request for the database merely reflects its continuing desire to obtain Jasper's sales information. Once Jennings obtains the database, Jennings can then generate its own reports to calculate Jasper's total sales information. Jasper's production should be compelled.

Jasper's response brief only further demonstrated the appropriateness of sanctions in this instance. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. RCFC 37(a)(4)(A). Although Jasper has not yet provided the discovery requested by this motion to compel, it has promised to do so at least in part. Additionally, as discussed herein, Jasper's continued refusal to produce complete written responses to Jennings' Interrogatory Nos. 1 and 12 is unacceptable. Jasper should be sanctioned for its blatant disrespect for Jennings and the Court through an award of Jennings' costs, to include attorneys' fees, associated with this motion.

Plaintiff Jennings respectfully prays the Court grant its motion to compel Jasper's complete responses to its discovery requests. Jennings also requests that the Court impose sanctions on Jasper for its failure and refusal to fully cooperate in the discovery process.

Respectfully submitted, this the 11th day of June, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

**CERTIFICATE OF SERVICE**

I certify that the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL JASPER'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 11th day of June, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff