# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

## MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS

---

With less than a month remaining in fact discovery, Defendant Ready Built Distributors, Inc. ("Ready Built") refuses to produce information necessary to fully identify each Accused Device that it sold to the United States. Ready Built also refuses to produce complete information

regarding its sales of Accused Devices. In fact, Ready Built has produced only **one single page** in response to Jennings Transmission Service's over thirty document requests to Ready Built. In light of Ready Built's failure to cooperate, Jennings asks that the Court compel Ready Built to fully respond and sanction Ready Built for its refusal to cooperate.

## I. STATEMENT OF FACTS

### A. Background Facts

Jennings Transmission Service ("Jennings") sells and repairs transmissions. (D.1, ¶ 3.) Jennings invented a transmission conversion kit, and obtained a patent on the device and a method of conversion. (*Id.* ¶ 7.) Jennings initially manufactured and sold these transmission conversion kits to the Government, specifically the United States Postal Service ("USPS"). (*Id.* ¶ 8.) Jennings discovered that the Government purchased the same and similar kits ("Accused Devices") from various competitors of Jennings, including Jasper and Ready Built. (*Id.* ¶¶ 8-9.) Upon its competitors' refusal to obtain a license for the technology, Jennings instituted this proceeding for patent infringement against the Government. The Government moved for notice to Jasper and Ready Built, which thereafter joined the proceeding as third-party defendants.

**B. Discovery Dispute**

Jennings served Ready Built with its first round of discovery requests in October 2006. (Exhibit 1 hereto.) Ready Built served its written responses and corrected written responses on or about January 4 and 31, 2007. (Exhibits 2 and 3 hereto.) Both sets of responses included numerous objections. Ready Built's counsel did not sign either set, nor did Ready Built include a verification page. (*See* Exs. 2 & 3.) Jennings' counsel requested that Ready Built provide signed and verified responses but received no response.

Jennings' first interrogatory requested information regarding all of Ready Built's sales of Accused Devices. In response to this request, Ready Built stated that it maintains documents from January 2001 to date reflecting its sales. (Exs. 2 & 3, Resps. to Interrog. No. 1.) Ready Built did not, however, produce such documents, nor did its response provide the requested information.

With regard to a number of document requests, Ready Built stated that responsive non-privileged documents would be produced. (*Id.*) Specifically, Ready Built promised to produce documents in response to Document Request Nos. 1-3, 5-6, 10-13, and 19. (*Id.*) Ready Built did not produce documents as promised. To date, Ready Built has produced only

a single page, providing the total sales figures for a few of the Accused Devices. Jennings' counsel requested that Ready Built produce additional documents, but counsel for Ready Built stated only that it continued to search for responsive documents. No additional documents have been produced.

## II. ARGUMENT

### A. Legal Standards

#### 1. Legal Standards for Discovery

"Delay and excessive expense now characterize a large percentage of all civil litigation. The problems arise in significant part, as every judge and litigator knows, from abuse of the discovery procedures available under the Federal Rules." *Ingalls Shipbuilding, Inc. v. U.S.*, 857 F.2d 1448, 1450 (Fed. Cir. 1989) (citation omitted). The scope of discovery is only limited to relevant evidence or evidence likely to lead to the discovery of admissible evidence. RCFC 26(b)(1-2). Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). The burden of showing that the requested discovery is not relevant to the issues in this litigation rests with

the party resisting discovery. *Ellsworth Associates, Inc. v. U.S.*, 917 F.Supp. 841, 845 (D. D.C. 1996).

It is not required that the requesting party identify the exact discovery it would like produced; the purpose of discovery is to explore relevant information. *See* R.C.F.C. 26(b)(1). An honest effort must be made to produce requested information and documents.

**2. Rule 33(d) Requirements**

Rule 33(d) allows a party, in certain instances, to respond to an interrogatory by producing its business records. RCFC 33(d). A party relying on this rule must: (1) affirm that the requested information is available in the specified records; (2) "be able to demonstrate that answering the interrogatory in the traditional manner would impose a burden on it," (3) show that the burden of obtaining the requested information is substantially the same for both parties, and (4) specifically identify the records containing the requested information. *The Christian Coalition Int'l v. U.S.*, 2002 WL 1482523, *2 (E.D. Va. 2002); *accord* Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 2d § 2178 (2nd ed. 1994). A party responding to an interrogatory abuses Rule 33(d) "when the responding party simply directs the interrogating party to a mass of business records or offers to make all of their records generally available."

*Cappachione v. Charlotte Mecklenberg Schools*, 182 F.R.D. 486, 490 (W.D.N.C. 1998); *accord Saleh v. Moore*, 95 F.2d 555, 561 (E.D. Va. 2000). A failure to explicitly affirm in each response that the information contained in the production of documents will answer the questions is, by itself, sufficient basis for compelling the written response. *Christian Coalition*, *supra* *2; *accord* Wright, Miller, & Marcus, *supra*.

**B. Ready Built's Improper Blanket Objections**

Ready Built asserted blanket objections to all the discovery requests without specifying to which interrogatory or document request it was objecting. (*See* Exs. 2 & 3.) Boilerplate general objections such as blanket objections to relevance, burden, attorney-client privilege, and work-product privilege are disfavored by the court. *See Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). The general objections offered by Ready Built are unspecific – they are neither fully explained nor are the requests to which they are directed identified. They are, thus, improper boilerplate objections. These boilerplate objections are of particular concern since Ready Built has failed to provide complete discovery. Jennings is unable to determine whether Ready Built withholds requested information and documents based on these objections or simply due to a

failure to participate in discovery. Ready Built's counsel offered no enlightenment. Ready Built's boilerplate objections should be overruled.

## C. Ready Built's Incomplete Discovery Responses

Through the requests at issue in this motion, Jennings seeks information regarding the identity of Accused Devices offered for sale by Ready Built as well as information regarding Ready Built's sales of the Accused Devices. The requested information is entirely relevant to this litigation and should be produced. Since Ready Built refuses to do so, the Court should compel Ready Built's full responses.

### 1. Ready Built's Improper Interrogatory No. 1 Response

Jennings' first interrogatory seeks Ready Built's accounting of its purchases of Accused Devices, including model names and numbers, quantities, dollar amounts, and the seller identities. Instead of providing a written response to Jennings' interrogatory, Ready Built simply stated that it "has records from January 1, 2001 to the present which contain the information sought in this interrogatory." (Exs. 2 & 3, Resps. to Interrog. No. 1.) Such a response is incomplete under either Rule 33(b) or 33(d) standards.

Rule 33(b) provides that interrogatories shall be answered fully in writing, unless objectionable. Ready Built did not object to the request and,

as such, should have provided a complete response. Ready Built failed and refused to do so.

Rule 33(d) allows for the production of business records in place of a written response only under certain conditions. Ready Built failed to meet the requirements of Rule 33(d). Ready Built did not specify the records containing the requested information, nor did it affirm that these unspecified records would reflect all the requested information. Moreover, Ready Built neither showed that it would be burdened by producing the requested information nor demonstrated that the burden would be the same on both parties. Ready Built could not make such demonstrations. Ready Built would not be unduly burdened in providing a complete response. Further, Ready Built cannot show that the burden of obtaining the information from its business records would be equal on the parties.

Although Ready Built produced only one document, this single document reflects that the burden of determining the requested information is not equal on the parties. The single page produced by Ready Built demonstrates that it maintains its sales information electronically. Reliance upon Rule 33(d) is inappropriate when Ready Built has a marked advantage in compiling its data. *See Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, 2006 WL 83477, *3 (E.D. Mich. 2006) (compelling defendant to

provide responsive sales data in a usable form). Ready Built should be able to easily produce its total sales figures and the other requested information.

Ready Built's one page production also reflects that it already searched its business records. When a responding party has already searched its business records for the information responsive to an interrogatory, the burden is no longer equal. *See Petroleum Insurance Agency, Inc. v. Hartofrd Accident and Indemnity Co.*, 111 F.R.D. 318 (D. Mass. 1984). The requesting party is, thus, entitled to a written response. *Id.* Since Ready Built already searched its records for the requested information, Ready Built should not be heard to have an equal burden with Jennings in producing the purchase information requested by Jennings' interrogatory. Ready Built should be compelled to provide a complete written response to Jennings' interrogatory.

**2. Ready Built's Incomplete Document Production**

Jennings' document requests seek, among other things, documents showing the components of Ready Built's transmission conversion kits and documents reflecting Ready Built's sales. Ready Built did not object to most of the requests, instead promising that it would produce documents. Although Ready Built stated that it maintains records demonstrating its

sales and that it provides installation instructions with each Accused Device, it failed to produce either. (*See* Exs. 2 & 3, Resps. to Interrog. Nos. 1 & 7.) With fact discovery closing later this month, it is now apparent that Ready Built does not intend to keep its promise without being compelled to do so.

Document Request Nos. 2-3, 6, and 10-11 seek documents reflecting the components of the Accused Devices Ready Built offers for sale. Ready Built neither objected to these requests nor produced responsive documents. These documents are necessary to determine the extent of infringement as well as provide information regarding Jennings' damages from Defendants' patent infringement. Ready Built admittedly has such documents in its possession and should be compelled to produce all responsive documents. (*See* Exs. 2 & 3, Resp. to Interrog. No. 7.)

Document Request Nos. 5 and 19 seek documents relating to Ready Built's sales of Accused Devices. Again, Ready Built neither objected to the requests nor produced responsive documents. Such documents will provide information regarding Jennings' damages. Although Ready Built has produced a single page reflecting sales of some Accused Devices, Ready Built has not produced total sales information for all Accused Devices. Further, Ready Built has not produced the underlying, and also

responsive, documents, such as invoices, which would support Ready Built's total sales figures. Ready Built did, however, admit that it maintains records reflecting its sales. (*See* Exs. 2 & 3, Resp. to Interrog. No. 1.) As long as Ready Built is permitted to withhold such evidence, Jennings is unable to determine its total damages from Ready Built's sales of Accused Devices.

Document Request No. 1 asks for documents identified in Ready Built's initial disclosures, interrogatory responses, and any other documents referenced or relied upon in responding to pleadings or in conducting any infringement or invalidity analysis of the '609 patent. Request No. 12 seeks prior art relating to Ready Built's invalidity contentions. Request No. 13 asks for documents comprising or reflecting communications between Ready Built and any other party to the lawsuit regarding the Accused Devices, the '609 patent, prior art to the '609 patent, or the lawsuit. In each case, Ready Built promised it would produce responsive documents. It failed and refused to do so. Such documents are entirely relevant to Ready Built's defenses, and Ready Built should be compelled to provide all responsive documents to these requests as well.

### D. Sanctions

Ready Built's failure to properly respond to the discovery requests addressed herein is part of an ongoing pattern of delay and disregard. Counsel for Ready Built failed to appear, or even notify the Court of his inability to appear, for the Preliminary Status Conference in June 2006. [D.27; D.30.] Jennings already filed an earlier motion to compel Ready Built's discovery responses. [D.49.] Ready Built's obstinacy wastes not only the time and resources of Jennings as well as of this Court. Rule 37 provides that a court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. R.C.F.C. 37(a)(4)(A). Imposing sanctions against Ready Built would at least partially compensate Jennings for its efforts in dealing with Ready Built's continuing defiance. Ready Built should be sanctioned for its disrespect for Jennings and the Court through an award of Jennings' costs, including attorneys' fees, associated with this motion.

## V. CONCLUSION

For the reasons set forth herein and in its second motion to compel, Plaintiff Jennings respectfully prays the Court overrule Ready Built's blanket objections and grant its second motion to compel Ready Built's

complete responses to Interrogatory No. 1 and Document Request Nos. 1-3, 5-6, 10-13, and 19. Plaintiff further requests that the Court impose sanctions on Ready Built for its failure and refusal to meaningfully participate in the discovery process.

Respectfully submitted, this the 13th day of June, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 13th day of June, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff