Exhibit 2

THE UNITED STATES COURT OF FEDERAL CLAIMS

JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,

PLAINTIFF,

v.

THE UNITED STATES,

DEFENDANT,

and

JASPER ENGINES & TRANSMISSIONS,

THIRD-PARTY DEFENDANT,

and

READY BUILT DISTRIBUTORS, INC.

THIRD-PARTY DEFENDANT.

CASE NO. 1:05CV1209C LMB

JUDGE LAWRENCE M. BASKIR

**ANSWER OF READY-BUILT DISTRIBUTORS, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NUMBERS 1-10 AND RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS 1-19**

COMES NOW the Ready-Built Distributors, Inc. ("Ready-Built") and for answer to Plaintiff's First Set of Interrogatories Numbers 1-10 and for response to Requests for Production of Documents 1-19 says as follows:

## GENERAL OBJECTIONS

Defendant objects to any interrogatory or sub-part thereof which seeks information privileged and protected by the attorney/client privilege, the work product privilege or any other applicable privilege. Defendant objects to any interrogatory which seeks information which is confidential, personal, sensitive and/or proprietary in nature. Defendant objects to any instructions, definitions, obligations, or duties set forth in the Defendant's interrogatories which seek to impose any instruction, definition, obligation or duty outside

of or not required by the Rules of the United States Court of Federal Claims ("RCFC"). Defendant objects to any interrogatory which seeks information subsequent to the date of the incident made the basis of this litigation. Defendant objects to any interrogatory which is over broad, vague, unreasonable, harassing, annoying, unduly burdensome or which seeks information beyond the scope of discovery allowed by the RCFC. Without waiving said objections, and subject to them, Defendant responds as follows:

## PRELIMINARY STATEMENT

As set forth in a November 14, 2000 letter to Mr. Larry Coats from John S. Pratt of the lawfirm of Kilpatrick Stockton LLP, who was representing Ready-Built at the time, Ready-Built, while not admitting that the sale of 287 linkage-type transmission conversion units is subject to any patent or the claims of the Plaintiff, beginning on August 18, 2000 to the present has not installed linkage-type conversion units.

## INTERROGATORIES

1. All sales of transmission conversion units have been to the United States Postal Service whose records would reflect the information sought by this interrogatory. Ready-Built has records from January 1, 2001 to the present which contain the information sought in this interrogatory.

2. Robert Jones, Jr.

3. Robert Jones, Jr.

4. Generally speaking, the original equipment in the subject vehicle used by the United States Postal Service had a high failure rate in connection with the 180 C transmission which had the selector on the right hand side. It is Ready-Built's

understanding that permission was granted to the Atlanta facility of the United States Postal Service to explore other options to address the high failure rate in the vehicles.

The Atlanta district began addressing the problem and resulted in what is referred to in the United States Postal Service's Initial Disclosure of Prior Art as the Atlanta Activities-D Design. It is Ready-Built's understanding that Tommy Hester was involved in creating this design. In so doing, it is Ready-Built's understanding that Mr. Hester determined that a cable shift mechanism was the most appropriate to convert any transmission from the left to right side.

Ready-Built initially sold to the Atlanta district transmissions without any shift mechanism but came to the realization that if its business was to expand Ready-Built had to design its own conversion mechanism and offer it for sale.

Some time in 1996 and/or 1997 Ready-Built first duplicated the Atlanta Activities-D Design and offered it for sale and thereafter has made several different series of cable and mechanical shift mechanisms. As indicated in the Preliminary Statement, the mechanical i.e. linkage-type conversion units were not offered after August 18, 2000.

5. It is Ready-Built's understanding that all elements or limitations of the referenced claims are found in the device.

6. Ready-Built does not install cable-type conversion units. All installation is performed by the United States Postal Service.

7. Instructions for installation are included with the cable-type conversion unit.

8. Ready-Built does not believe that any royalty is due and therefore there would be no reasonable royalty; however, without waiving that position, Ready-Built's position concerning a royalty and on what device is included in correspondence previously

disclosed which occurred between counsel for Jennings and Ready-Built from August through December of 2000.

9. See General Objections. Further, Ready-Built objects to this interrogatory in that the same is beyond the allowable scope of discovery and is further vague, ambiguous, harassing, unreasonable and unduly burdensome. Without waiving any of these objections, Ready-Built is not aware of any described royalty.

10. Sometime after to August 18, 2000.

**REQUESTS FOR PRODUCTION**

1. See General Objections. Without waiving those objections, responsive non-privileged documents will be sent under separate cover. Further, Ready-Built adopts as its response to this request any documents produced either by the United States Postal Service or Jasper Engines and Transmissions which are responsive to the same or any similar request.

2. All responsive non-privileged documents will be sent under separate cover.

3. See response to number 2 above.

4. Ready-Built does not install any device and therefore has no such documents.

5. See response to Interrogatory number 1. These documents are in the possession of the United States Postal Service and to the extent Ready-Built has any such documents, they will be produced under separate cover.

6. See response to number 2 above.

7. See documents previously identified as part of Ready-Built's Initial Disclosure, any documents submitted in connection with Ready-Built's responses to the Instant Request for Production, any documents produced or identified in any submission by either

the United States Postal Service or Jasper Engines and Transmissions relating to Prior Art and any documents previously identified or submitted by Ready-Built in connection with Prior Art. To the best of Ready-Built's knowledge, it does not possess any non-privileged responsive documents.

10. See response to number 2 above.

11. See response to number 2 above.

12. See Ready-Built's Disclosure of Prior Art as well as the Disclosure of Prior Art by either the United States Postal Service or Jasper Engines and Transmissions. Any other responsive documents will be produced under separate cover.

13. See response to number 2 above.

14. See General Objections. Further, this request is vague, overbroad, harassing, unreasonable and unduly burdensome. Without waiving these objections, see documents produced in connection with the Instant Request for Production or any documents produced by any other party in response to any request for production. For further response, any documents in connection with Ready-Built's or any other party's submission regarding Prior Art or, responses to Plaintiff's Infringement Chart and Claim Construction and/or any Invalidity Chart.

15. See General Objections, Further, this request is vague, overbroad, harassing, unreasonable and unduly burdensome.

16. See response to number 15 above.

17. See response to number 15 above.

18. Any documents responsive to this request would be in the possession of the United States Postal Service.

19. To the extent any such documents exist, they would be included in documents produced pursuant to the Instant Request for Production.

As to objections and document requests:

_______________________________
James S. Ward
WARD & WILSON, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
(205) 871-5404
*Attorney for Ready-Built Distributors, Inc.*

**Verification for Defendant**

STATE OF _______________________ )
COUNTY OF _____________________ )

The undersigned, ____________________________, in his/her official capacity as ______________________________ of Ready-Built Distributors, Inc., being of lawful age and being first duly sworn, depose and say on oath that he/she has read the foregoing and that the facts contained therein are true and correct according to his/her information, knowledge and belief.

___________________________________
(Signature)

Sworn to and subscribed before me
this _____ day of __________, 2007.

______________________________
Notary Public

*Jennings Transmission Service of Goldsboro, Inc. v. The United States of America*
*United States Court of Federal Claims*
*Case No.: 05-1209C*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by Electronic Mail on the 4th day of January, 2007.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, North Carolina 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Division - Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530
ken.barrett@usdoj.gov

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com

____________________________
OF COUNSEL