**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,**

**No. 05-1209 C**

**v.**

**Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**REPLY IN SUPPORT OF MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS**

---

Ready Built's response "memorandum" again highlights the appropriateness of sanctions in this instance. Ready Built only saw fit to provide five sentences to explain its continuing refusal to participate in discovery. [*See* D.53.] Even in these five sentences,

Ready Built failed to even begin to defend its insufficient discovery responses. Although Ready Built has now produced **four** pages in response to Jennings' over thirty document requests, Ready Built's discovery responses are still lacking, and its complete response, without objection, should be compelled.

Ready Built claimed that cable conversion kits are not at issue in this litigation. [*Id.*, ¶ 1.] To the contrary, Jennings explained that cable conversion kits purchased by the Government from the beginning. In its infringement charts served in October 2006, Jennings explained in detail how cable conversion kits offered for sale by Jasper infringe the '609 patent. (Jennings Transmission's Submissions of Infr't Chart, 17-19 (Exhibit 1 hereto).) Having little information regarding Ready Built's own conversion kits, Jennings was unable to identify each infringing transmission conversion kit by manufacturer or model number. (*Id.* at 20.) Jennings expected that documents produced in discovery would allow it to determine more specific information concerning infringing kits. (*Id.*) Ready Built, however, continually refuses to meaningfully participate in the discovery process, hindering Jennings' ability to specifically identify

the entire body of Accused Devices. [*See* D.59 (describing in detail Ready Built's failure to produce complete discovery responses).]

Ready Built also inappropriately claimed that Jennings' discovery is "over broad, vague, unreasonable, harassing, annoying, unduly burdensome or which seeks [sic] information beyond the scope of discovery allowed by the RCFC." [D.53, ¶ 3.] These complaints mirror Ready Built's improper general objections in its responses served June 4. (*See* Ans. of Ready Built to Plf.'s Reqs. (Exhibit 2 hereto).) Ready Built's responses were a month overdue. In accordance with R.C.F.C. 33(b)(4) and 34(b), Ready Built's objections were untimely and should be stricken.

Moreover, Ready Built's general objections constitute improper blanket objections. Boilerplate general objections such as blanket objections to relevance, burden, attorney-client privilege, and work-product privilege are disfavored. *See Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). Ready Built failed to fully explain its vague general objections. They are, thus, improper boilerplate objections. These boilerplate objections are of particular concern since Ready Built failed to provide complete discovery. Jennings is unable to determine whether Ready Built withholds

requested information and documents based on these objections or simply due to a failure to participate in discovery. Ready Built's counsel offered no enlightenment. Ready Built's boilerplate objections should also be overruled as improper blanket objections.

Ready Built's late-filed responses are deficient. Interrogatory No. 12 requests Ready Built's profits each year from the sales of Accused Devices. [D.50, Ex. 2.] Ready Built refused to respond, stating only that it does not maintain such information. (Ex. 2, Resp. to Interrog. No. 12.) Ready Built apparently believes its practice of not routinely calculating its profits on the Accused Devices relieves it from the burden of responding to the interrogatory. Rule 33, on the other hand, provides that "[e]ach interrogatory shall be answered … in writing … unless it is objected to …." R.C.F.C. 33(b). Moreover, "[a]n interrogatory … is not necessarily objectionable merely because an answer … involves an opinion or contention that relates to fact …." R.C.F.C. 33(c). The fact that Ready Built does not ordinarily calculate profits per unit does not excuse its discovery obligations under Rule 33. Further, Ready Built is certainly capable of making such calculations. Ready Built admitted that it maintains computerized records of its costs and revenues. (*See* Ex. 2, Resp. to

Req. for Admis. No. 6 & D.50, Ex. 2.) Jennings is entitled to know what Ready Built believes its profits are and how Ready Built calculates them. Ready Built's complete response should be compelled.

Document Request No. 24 requests a copy of each electronic database containing information pertaining to the sale or distribution of Accused Devices. [D.50, Ex. 2.] Ready Built referred to its general objections and then stated that responsive non-privileged documents were attached. (Ex. 2, Resp. to Doc. Req. No. 24.) Although Ready Built did produce two pages explaining its database, it did not produce the actual database. It also did not offer the database for inspection. Ready Built has thus far refused to produce complete information regarding its sales of Accused Devices. Jennings' request for the database merely reflects its continuing desire to obtain Ready Built's sales information. Once Jennings obtains the database, Jennings can then generate its own reports to calculate Ready Built's total sales information. Ready Built's production should be compelled.

Ready Built's response brief only further demonstrated the appropriateness of sanctions in this instance. Rule 37 provides that a

court shall require the non-responsive party to pay the expenses of filing a motion to compel, including attorney's fees, if the motion is granted or discovery is provided after the motion was filed. RCFC 37(a)(4)(A). Although Ready Built's responses are not complete, it has provided some of the discovery sought through Jennings' motion to compel. Additionally, as discussed herein, Ready Built's continued refusal to produce complete responses to Jennings' Interrogatory No. 12 and Document Request No. 24 are unacceptable. Ready Built should be sanctioned for its blatant disrespect for Jennings and the Court through an award of Jennings' costs, to include attorneys' fees, associated with this motion.

Plaintiff Jennings respectfully prays the Court grant its motion to compel Ready Built's complete responses to its discovery requests. Jennings also requests that the Court impose sanctions on Ready Built for its failure and refusal to fully cooperate in the discovery process.

Respectfully submitted, this the 15th day of June, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

**CERTIFICATE OF SERVICE**

I certify that the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 15th day of June, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff