THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC., PLAINTIFF, v. THE UNITED STATES, DEFENDANT, and JASPER ENGINES & TRANSMISSIONS, THIRD-PARTY DEFENDANT, and READY BUILT DISTRIBUTORS, INC. THIRD-PARTY DEFENDANT. | CASE NO. 1:05CV1209C LMB<br>JUDGE LAWRENCE M. BASKIR |

**READY-BUILT DISTRIBUTORS, INC. ADDITIONAL RESPONSE TO JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.'S SECOND MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER**

COMES NOW Ready-Built Distributors, Inc. ("RBD") and for additional response to the Second Motion to Compel by Jennings Transmission Service of Goldsboro, Inc.'s (Jennings) relating to Jennings' First Document Requests Nos. 1-3, 5-6, 10-13 and 19 and Interrogatory No. 1 and further moves for the entry of a Protective Order based on the following:

## PRELIMINARY STATEMENT

1. A major subject of the referenced discovery are documents and information relating to RBD's sale of allegedly offending devices (Devices).

2. In general and generic terms, and without at all suggesting or admitting any infringement, these devices allow a transmission in postal vehicles with a right-side shift

lever to be replaced with or changed to a left-side shift lever. This simple change is accomplished by a device with a rigid or bracket linkage or with a cable linkage.

3. In the latter part of the year 2000, Jennings and RBD engaged in written communications and discussions relating to alleged patent infringement claims by Jennings. The correspondence clearly sets forth that RBD stopped selling the rigid or bracket devices in late 2000 and began selling only cable devices, RBD taking the position that the sale of these devices did not infringe on any alleged patent. (See attached letter dated November 14, 2000 to Jennings counsel from RBD's counsel.)

4. RBD's assertions were not contested in writing by Jennings and no issue was made until almost 5 years later when Jennings filed suit.[1]

5. Despite the referenced representation in 2000 and representations in this case that RBD has not sold rigid or bracket devices since late 2000, Jennings insists on discovery relating to the sale of these type devices.

6. A business decision was made by RBD to continue to use the same part number for the cable device as was used for the rigid or bracket device even though the latter were not being sold or installed. Documents reflecting this fact are being produced with this response as identified below.

7. RBD previously produced a summary of its sales of the allegedly offending cable device. This was not acceptable to Jennings as evidenced by its Second Motion to Compel.

8. As instructed by the Court, the attached letter dated June 27, 2007 was sent

[1] At the appropriate time, RBD will assert for the Court's consideration the defenses of laches and estoppel.

to counsel for Jennings describing the categories of documents RBD would produce. The letter includes a method by which Jennings can access RBD's computer network and obtain all the sales information it desires relating to cable devices.

9. As evidenced by the attached letter dated June 29, 2007 from Jennings' counsel as well as the attached email dated July 2, 2007, there is objection to the opportunity to obtain the documents claimed to be sought or a demand for a summary relating to the hard (i.e. rigid or bracket) linkage.

10. As explained above, RBD has previously represented it stopped selling hard linkages in August of 2000 and provided the number sold to that date (See paragraph 3 above).

11. RBD no longer maintains records evidencing the sales of hard linkages as referenced in the November 14, 2000 letter referenced above.

12. RBD cannot prove a negative or supply what it does not have or no longer sells hard linkage devices.

13. As evidenced by the attached United States' Responses to Plaintiff's Interrogatory No. 20, the Government has already provided plaintiff "...with a large number of invoices concerning accused transmission conversion devices. Defendant is in the process of receiving and indexing more invoices from the various Vehicle Maintenance Facilities (VMF's) as well as the results of queries of the various VMF's Vehicle Maintenance Accounting Systems. Those documents will be produced to plaintiff after the documents have been indexed."

**RESPONSE**

RBD submits the following responsive documents:

1. RBD Shift Linkage Report Details 5-31-07 which allows Jennings to access information concerning sales.

2. Various handouts used by RBD's sales force.

3. Installation Instructions.

4. Parts Catalogs.

5. Revised NOA prices as of 3/26/07.

6. National Ordering Agreement (Vehicle Parts/Effective 5/8/01, Revised 3/25/05).

7. National Ordering Agreement (Vehicle Parts) Effective 5/8/01, Revised 7/3/03.

8. National Ordering Agreement (Vehicle Parts) Effective 5/8/01, Revision 3/25/05, Modified 1/17/06.

9. National Ordering Agreement (Vehicle Parts) Effective 5/8/01, Modified 7/1/06.

10. National Ordering Agreement (Vehicle Parts) effective 5/8/01, Revision 3/26/07.

11. RBD Delivery Tickets.

RBD asserts that the above documents, the summary of sales previously provided and the ability to access RBD's computer network to retrieve sales information are produced pursuant to RCFC 33(d) for the purpose of responding to the applicable interrogatory.

**MOTION FOR PROTECTIVE ORDER**

Comes now RBD and pursuant to Rule 37 of the RCFC moves the Court to enter

a Protective Order that further discovery relating to sales of hard linkage or cable linkage devices not be had. This Motion is based upon the Preliminary Statement and Response set forth above. RBD asserts it provided the sales information relating to hard linkage devices in November of 2000 and no longer has any records relating to those sales. RBD asserts it stopped selling these type devices in August of 2000. RBD asserts it has provided Jennings with a summary of the sales of cable devices or has provided the means for Jennings to obtain more details and documentation relating to these devices. Finally, RBD asserts the same information is being requested from and believes is being provided by the Government.

Respectfully submitted,

James S. Ward
WARD & WILSON, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
(205) 871-5404
*Attorney for Ready-Built Distributors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the following by Electronic Mail on the 9th day of July, 2007.

Larry L. Coats
Coats & Bennett PLLC
1400 Crescent Green, Suite 300
Cary, North Carolina 27511
lcoats@coatsandbennett.com

Ken B. Barrett
U.S. Department of Justice
Civil Division - Commercial Litigation Br.
1100 L Street, NW, 8th Floor
Washington, DC 20530

ken.barrett@usdoj.gov

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com

OF COUNSEL

KILPATRICK STOCKTON LLP

Attorneys at Law
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
Telephone: 404.815.6500
Facsimile: 404.815.6555
Web site: www.kilstock.com

E-mail: jpratt@kilstock.com
Direct Dial: 404.815.6367

November 14, 2000

**Via Facsimile**

*For Settlement Discussions Only*
*Subject to FRE 408*

Larry L. Coats
Coats & Bennett
1400 Crescent Green
Suite 300
Cary, North Carolina 27511

Re: Patent License
<u>Our Reference: 206492</u>

Dear Larry:

Thank you for your November 2, 2000 letter. My client and I have carefully considered and reconsidered your client's positions, including the positions taken in your November 2 letter.

I do not propose in this letter to address all of those points but will touch on a few of the more important ones.

Your client has declined to warrant the validity of its patent, which my client has reason to consider to be questionable.

Your client declines to obligate itself to pursue infringers, thereby providing no assurance to our client that its competitors will have to pay the royalties it would have to pay under the proposed license.

Your client concedes that there is a non-infringing substitute for the product it says is covered by its patent, but it continues to demand a royalty in excess of the 40% of the selling price of the product. That royalty rate is not reasonable.

Ready-Built Transmissions nevertheless offered to accept a license at that royalty and commence paying royalties with sales from December 1, 2000. You responded on behalf of your client by demanding royalties from the August 18, 2000.

ATLLIB01 1063739.1

*For Settlement Discussions Only*
*Subject to FRE 408*

Since August 18, Ready-Built Transmissions has installed approximately 287 linkage-type transmission conversion units. Its customers have indicated, however, a preference for the newest version of the Ready-Built Transmissions cable-type conversion units. Ready-Built Transmissions therefore stopped installing linkage-type conversion units and began replacing all of the linkage-type units installed since August 18 cable-type units. It has already replaced almost half of the linkage-type units it installed since August 18. It does not plan to install any more linkage-type units, and all linkage-type units installed after August 18, 2000 will be replaced with cable-type units.

Under these circumstances, Ready-Built Transmission is not willing to enter into the license proposed with your November 2, 2000 letter.

Kind personal regards.

Sincerely,

John S. Pratt

JSP/ck
cc: Ready-Built Transmissions, Inc.

**WARD & WILSON, L.L.C.**

ATTORNEYS AT LAW

2100 SOUTHBRIDGE PARKWAY, SUITE 580
BIRMINGHAM, ALABAMA 35209
TEL (205) 871-5404
FAX (205) 871-5758

JAMES S. WARD
E-MAIL: jward@wardwilsonlaw.com

KENNETH JOE WILSON, JR.
E-MAIL: kjwilson@wardwilsonlaw.com

June 27, 2007

**VIA E-MAIL**
Anthony J. Biller, Esq.
Coats & Bennett
1400 Crescent Green
Suite 300
Cary, North Carolina 27518

**RE: Jennings Transmission Service of Goldsboro, Inc. v. United States**
**Court of Federal Claims No. 05-1209C**

Dear Anthony:

As ordered by Judge Baskir during the telephone conference last week, I am providing a list of documents that can be made available.

1. A copy of detailed installation instructions.
2. My client can provide a written code that will allow you to login directly to Ready-Built's computer system and to obtain supporting invoices representing sales by part number. This code will allow you to select a date range. I am not representing that I am totally computer literate but the bottom line is that you will be able to obtain if you so desire every invoice by part number of the allegedly offending devices.
3. We can provide a summary report of the total number of sales by part number relating to the allegedly offending devices.
4. A copy of applicable sales handouts.
5. Copies of provisional patent filings.
6. Copies of delivery tickets which contain both bracket and cable descriptions and part numbers. As you know, we stopped selling bracket devices in late 2000 although we continue to use the same part numbers for the cable devices which we have only sold since late 2000. These delivery tickets will reflect that the part numbers did not change rather only the description of what was being sold.
7. I can have a photograph made of the allegedly offending device although you are welcomed to travel to our facility in Montgomery, Alabama to examine the devices.
8. Copies of a diagram or drawing of the allegedly offending devices.
9. Any copies of any documents previously identified in any of Ready-Built's responses

to your discovery.

I am in trial the rest of this week. Next week we can certainly coordinate when I can make the documents available and a time for you to login to our computer system for the purpose referenced above.

Very truly yours,
**WARD & WILSON, LLC**

*James S. Ward*

James S. Ward

JSW/dda
cc: The Honorable Lawrence M. Baskir
Ken Barrett, Esq.
James Hinshaw, Esq.

**Jim Ward**

**From:** Anthony J. Biller [abiller@coatsandbennett.com]
**Sent:** Monday, July 02, 2007 9:17 AM
**To:** Jim Ward; Jane Sorey
**Cc:** Larry L. Coats; Rebecca E. Crandall; jhinshaw@binghammchale.com; ken.barrett@usdoj.gov; Robert Jones
**Subject:** RE: Jennings v. US

The main problem with the last summary was that it didn't appear to contain any information on hard linkages and didn't offer any information regarding ROG 12. Send what you now have in mind, and we'll tell you whether it answers ROGs 1 and 12.

Further, when might we expect the documents from your client?

---

**From:** Jim Ward [mailto:JWard@wardwilsonlaw.com]
**Sent:** Monday, July 02, 2007 10:06 AM
**To:** Jane Sorey
**Cc:** Larry L. Coats; Anthony J. Biller; Rebecca E. Crandall; jhinshaw@binghammchale.com; ken.barrett@usdoj.gov; Robert Jones
**Subject:** RE: Jennings v. US

We provided you with a summary and you complained. now we are providing a way for you to review whatever documents you want relating to sales. They are voluminous and you will have to review them whether it is on line or if copied.

In an effort to resolve this dispute, I am again offering a summary. If that will not due, and supplying business data is an acceptable way to respond to interrogatories, we will have to take this up with the Court. My understanding is that ReadyBuilt submits some regular summary report to the USPS relating to sales and if that is good enough for the Government, it should be for you as well.

My failure to respond to any other portion of your letter does not mean agreement.
James S. Ward
**WARD & WILSON, L.L.C.**
2100 Southbridge Parkway
Suite 580
Birmingham, Alabama 35209
Phone: 205-871-5404
Fax: 205-871-5758
jward@wardwilsonlaw.com

---

**From:** Jane Sorey [mailto:jsorey@coatsandbennett.com]
**Sent:** Friday, June 29, 2007 4:48 PM
**To:** Jim Ward
**Cc:** Larry L. Coats; Anthony J. Biller; Rebecca E. Crandall; jhinshaw@binghammchale.com; ken.barrett@usdoj.gov
**Subject:** Jennings v. US

Dear Mr. Ward,

Attached please find correspondence from Mr. Biller in the above referenced matter.

Jane Sorey
Legal Assistant

Coats & Bennett
1400 Crescent Green
Suite 300
Cary, NC 27518
Telephone: (919) 854-1844
Facsimile: (919) 854-2084
E-mail: jsorey@coatsandbennett.com

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>JASPER ENGINES & TRANSMISSIONS,<br><br>Third-Party Defendant,<br><br>and<br><br>READY BUILT DISTRIBUTORS, INC.,<br><br>Third-Party Defendant. | No. 05-1209 C<br><br>Judge Lawrence M. Baskir |

## THE UNITED STATES' RESPONSES TO PLAINTIFF'S INTERROGATORY NO. 20

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims ("the Rules," "RCFC"), defendant, the United States ("the Government"), responds to plaintiff's Interrogatory No. 20 dated May 29, 2007.

The following response is based upon present information and belief and are made subject to the objections stated below. The Government

reserves its right to amend or supplement any of its discovery responses. The following response shall not be construed as a waiver of any objection to the interrogatories.

Defendant's Objection to Plaintiff's Instructions and Definitions

Defendant objects to plaintiff's instructions, definitions, and other explanatory statements to the extent that they attempt to impose upon defendant obligations beyond that imposed by the Rules of the Court of Federal Claims or by Orders of the Court. Defendant will comply with the Rules of the Court of Federal Claims and with the Court's Orders in responding to plaintiff's interrogatories.

**Interrogatory No. 20:**

For each of the products shown in the attached Exhibit 1 (G000784-785), provide your total purchase of each, including the total dollar figures and the quantity purchased of each product.

**Response:**

Defendant objects to this interrogatory to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, and/or less expensive, such as from a third-party defendant in this action. The referenced Exhibit 1 appears to be a document created by Jasper Engines & Transmissions, which is a party to this action, and Jasper may have readily accessible records containing the requested information. Jasper has stated that it produced spreadsheets in its response to plaintiff's Interrogatory No. 1, which seeks information regarding Jasper's sales of accused devices. *See* "Jasper Engines & Transmissions' Response in Opposition to Plaintiff's Motion to Compel Discovery Responses and for Sanctions," filed May 29, 2007, at 3, 5. Jasper further stated that "efforts are presently under way to supplement Jasper's discovery responses by reconfiguring the spreadsheets at issue and attempting to compile additional information regarding Jasper's sales of its transmission conversion devices, to the

extent such information even exists." *Id.* at 7. Therefore, Jasper has indicated that it already has or will provide plaintiff with spreadsheets which likely will contain information responsive to this request. Plaintiff should utilize that less burdensome and less expensive means for obtaining the information before it requests the same from the United States Postal Service.

Defendant objects to this request as overly broad and as seeking irrelevant information because the referenced Exhibit 1 contains items other than those accused of infringing plaintiff's patent. For example, the list includes items identified as "TH180C" (which is believed to be a transmission that does not utilize a linkage at issue in this case) and "Cooler and braided lines for 4L60." Plaintiff has not disclosed any theory of recovery that includes compensation for such items.

Defendant objects to this interrogatory to the extent that it purports to require the defendant to extract and collate purchasing data where plaintiff can perform the same analysis.

Defendant objects to this interrogatory seeking factual information as untimely. Plaintiff did not serve the interrogatory early enough to allow defendant the complete amount of time permitted by the Rules to respond

prior to the close of fact discovery. The Court ordered that all fact discovery be completed by June 29, 2007.

To the extent that responsive information may be ascertained from documents in the possession, custody or control of the USPS, such documents have been or will be produced pursuant to RCFC 33(d). Defendant has already provided plaintiff with a large number of invoices concerning accused transmission conversion devices. Defendant is in the process of receiving and indexing more invoices from the various Vehicle Maintenance Facilities (VMFs) as well as the results of queries of the various VMF's Vehicle Maintenance Accounting Systems. Those documents will be provided to plaintiff after the documents have been indexed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

July 2, 2007

KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing The United States' Responses to Plaintiff's Interrogatory No. 20 was sent by facsimile and first class mail, postage pre-paid, this 2nd day of July, 2007, all fees having been prepaid, to:

Larry L. Coats, Esq.
Coats & Bennett, P.L.L.C.
1400 Crescent Green
Suite 300
Cary, North Carolina 27511
Phone: 919-854-1844
Attorney for Plaintiff Jennings Transmission Service of Goldsboro, Inc.

James M. Hinshaw
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
Phone: (317) 635-8900
Attorney for Third-Party Defendant Jasper Engines & Transmissions

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Pkwy, Ste 580
Birmingham, Alabama 35209
Phone: (205) 871-5404
Attorney for Third-Party Defendant Ready Built Distributors, Inc.

Ken B. Barrett
Department of Justice
(202) 307-0343