**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**JENNINGS' REPLY IN SUPPORT OF ITS SECOND MOTION TO COMPEL READY BUILT AND RESPONSE OPPOSING READY BUILT'S MOTION FOR PROTECTIVE ORDER**

---

Ready Built still refuses to produce profit and comprehensive sales information regarding its Accused Devices. In a tardy "additional response" to Jennings' second motion to compel, Ready Built asks for a protective

order to prohibit Jennings from obtaining its sales information. Ready Built's motion should be denied and its complete cooperation should be compelled.

## A. ADDITIONAL RELEVANT FACTS

The parties participated in a status conference on June 21, 2007 to discuss, among other things, the motions to compel. [*See* D.65.] The Court deferred ruling on Jennings' motions to compel based on Defendants' promises to supplement their discovery. Ready Built promised to set a firm discovery schedule by Tuesday, June 26, which would specify what would be produced and when. [D.65 at 2.]

On June 27, counsel for Ready Built wrote to Jennings' counsel, promising to produce a number of items. [D.68 at 9-10.] The letter did not state when Ready Built would produce these items. Contrary to Ready Built's claims, the letter did not provide a method for Jennings to access Ready Built's sales database. [*Compare id.* with *id.* at 3, ¶ 8.]

After receiving the June 27 letter, Jennings' counsel exchanged correspondence with counsel for Ready Built several times, again requesting written responses to Interrogatory Nos. 1 and 12 and supporting documentation relating to Ready Built's profits in addition to the promised

document production. Ready Built refused to provide the written responses or documentation.

Jennings served its second motion to compel on June 13; Ready Built's response was due July 2, 2007. On July 9, Ready Built filed its "additional response" to the second motion to compel and a motion for protective order. [D.68.] Ready Built incorrectly stated that it provided Jennings with access to its sales database. Ready Built also incorrectly stated to the Court that it previously disclosed the number of hard linkages sold prior to discontinuing sales. Neither statement is true. Ready Built did produce sixty-seven additional documents on the day it served this "additional response," but those documents did not include the information either.[1]

Ready Built's responses to Interrogatory Nos. 17-19, Request for Production Nos. 29-34, and Request for Admission Nos. 15-57 were due June 27, 2007. Ready Built did not ask for, nor obtain, an extension. Almost one month after they were due, Ready Built served unsigned

[1] On July 13, Ready Built produced responses to Interrogatory Nos. 13-16 and Request for Production Nos. 25-28. These responses were unsigned, unverified, and almost a month overdue. After numerous requests, Ready Built finally forwarded signed and verified responses.

responses to the requests for admission. Ready Built still has not provided responses to the interrogatories or requests for production.[2]

**B. Jennings' Second Motion to Compel**

Ready Built has still failed to produce a written response to Interrogatory No. 1. Neither Ready Built's current document production nor Ready Built's offer to provide a login to its sales database meets its obligations to answer Jennings' interrogatory.

Ready Built's current document production fails to provide complete total sales information for each of its products at issue. Ready Built's most recent document production included a page of what appears to be total sales of twenty-three of Ready Built's products at issue. (*See* Exhibit A hereto.) A comparison with other documents produced in this litigation reveal this is not a complete list. Ready Built earlier produced a similar document reflecting the total sales of twenty-nine disputed products, made up of the twenty-three products from Ready Built's most recent production and six additional product numbers. (*See* Exhibit B hereto.) Documents produced by the Government reflected numerous additional relevant product numbers. (*See* Exhibit C hereto (G000489 & G000580).) Jennings has found forty-four Ready Built product numbers at issue, but Ready Built

[2] Ready Built's failure to respond to these requests is the subject of a separate motion filed concurrently herewith.

has produced sales information for only twenty-three of these. Ready Built's refusal to provide a complete and verified written response prejudices Jennings with regard to Ready Built's total sales for all of these products.

Even if Ready Built actually provides Jennings with access to its sales database, this would not satisfy Ready Built's obligations to respond to the interrogatory. Although Jennings' counsel may be able to spend enough time with Ready Built's database to learn how to run reports to obtain such information, it should not be required to do so. Ready Built has used this database for a number of years to track its sales information. Neither Jennings nor its counsel has used the database. It will take Jennings far longer to obtain the requested information than it would for Ready Built to do so. This necessarily means that the burden upon the parties is unequal, and Ready Built should not be permitted to rely upon Rule 33(d). Ready Built should be compelled to provide the total sales information for each product including a cable or bracket linkage. The summary should include product number, product description, quantity sold, and total dollar sales.

Ready Built's failure to provide access to the database leaves Ready Built's document production incomplete. Request for Production No. 1

requests the production of documents identified or relied upon in interrogatory responses. [D.59, Ex. 1.] Ready Built should be compelled to provide access to the database as promised.

Additionally, Ready Built still has not produced signed and verified responses for its discovery responses served on January 4, 2007 and corrected responses served on or about January 31, 2007. R.C.F.C. 26(g)(2) requires that all discovery responses be signed by counsel. Rule 33(b) requires that each interrogatory be answered under oath. Ready Built's responses remain neither signed by counsel nor verified by Ready Built. Ready Built should be compelled to provide proper responses.

**C. Remaining Issues from First Motion to Compel**

Ready Built still refuses to provide any information regarding its profits from sales of the Accused Devices in response to Interrogatory No. 12. [D.50, Ex. 1.] As explained in Jennings' briefs supporting the motion, Ready Built's complete response should be compelled. [*See* D.50 & 59.] Ready Built should also be compelled to produce any documents upon which it relies in responding to the interrogatory as requested by Request for Production No. 1. [D.59, Ex. 1.]

Additionally, Ready Built has not produced signed and verified responses to Jennings' Requests for Production of Documents Nos. 23-24,

Interrogatory No. 12, and Request for Admission Nos. 6-14. Ready Built should be compelled to provide signed and verified responses.

**D. Ready Built's Motion for Protective Order**

Ready Built remains unwilling to produce complete discovery regarding its sales of and profits from Accused Devices. It has not produced complete sales information nor even provided the promised access to its sales database. It does not even pretend to have produced its profit calculations. The fact that the Government has made limited production regarding Ready Built's sales does not excuse Ready Built's obligations. Ready Built's motion for protective order should, therefore, be denied. Ready Built should be ordered to fully respond to Jennings' discovery requests, to include the last interrogatories and requests for production.

**E. Sanctions**

Ready Built's continual failure to timely respond, or even respond at all without Court intervention, also supports finding that Ready Built admitted each of the requests. Ready Built failed to respond to Jennings' second set of discovery requests, including requests for admission, until Jennings filed a motion to compel. [*See* D.49-50; D.53; D.61.] Ready Built failed to abide by the Court's order to produce a discovery schedule by

June 26 stating when documents would be provided. [*See* D.70.] Ready Built still refuses to produce interrogatory and document responses to the requests served along with the subject requests for admission. Ready Built also failed to timely respond to Jennings' second motion to compel. [*Compare* D.58-59 (filed June 13) with D.68 (filed July 9).] Until mid-June, a mere two weeks before the close of fact discovery, Ready Built had produced only a single page in discovery. [*See* D.61.] Ready Built's failure and refusal to respect deadlines merely seeks to unnecessarily increase costs. Jennings is a small family owned and operated company. Ready Built's refusal to cooperate, therefore, poses an undue hardship and prejudices Jennings.

**F. Conclusion**

For the reasons set forth herein and in its earlier motions to compel, Plaintiff Jennings respectfully prays the Court compel Ready Built's complete written responses to Interrogatory Nos. 1 and 12 and Request for Production Nos. 1. Plaintiff further asks the Court to compel Ready Built to provide signed and verified responses to Interrogatory Nos. 1-10 and 12 and signed responses to Document Request Nos. 1-19 and 23-24 and Requests for Admission Nos. 6-14. Plaintiff requests that the Court impose sanctions on Ready Built for its failure and refusal to meaningfully

participate in the discovery process. Plaintiff also requests that Ready Built's motion for protective order be denied.

Respectfully submitted, this the 2nd day of August, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **JENNINGS' REPLY IN SUPPORT OF ITS SECOND MOTION TO COMPEL READY BUILT AND RESPONSE OPPOSING READY BUILT'S MOTION FOR PROTECTIVE ORDER** is being served electronically this 2nd day of August, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff