**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**MEMORANDUM IN SUPPORT OF JENNINGS' THIRD MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS**

---

Defendant Ready Built Distributors, Inc. ("Ready Built") refuses to produce any response to Plaintiff Jennings Transmission Service's ("Jennings") last set of discovery requests. In light of Ready Built's failure

to cooperate, Jennings asks that the Court compel Ready Built to fully respond. Jennings also asks that Ready Built be sanctioned.

## I. STATEMENT OF FACTS

Jennings served Ready Built with Document Request Nos. 29-34 and Interrogatory No. 17-19 on May 25, 2007. (Exhibit A hereto.) Ready Built's responses were due on June 27 pursuant to Rules 33(b)(3) and 34(b). Counsel for Jennings telephoned Ready Built's counsel on July 11 to discuss the overdue responses. (*See* Exhibit B hereto.) In reply to counsel for Ready Built's email, Jennings' counsel asked when Ready Built would provide the responses. (*Id.*) Jennings' counsel did not respond to the request. Jennings' counsel again requested the responses in a letter on July 17. (Exhibit C hereto.) In subsequent correspondence, counsel for Ready Built continued to ignore the requests for the discovery responses.

## II. ARGUMENT

### A. Legal Standards for Discovery

The Rules provide that parties must respond to discovery requests within thirty days after the service unless the parties agree to a shorter or longer time. R.C.F.C. 33(b)(3), 34(b), 36(a). A responding party's objections to an interrogatory are waived unless stated within that time period or the party's failure to object is excused by the court for good

cause. R.C.F.C. 33(b)(4). The responding party must also provide its objections to document requests within the allotted time frame as well. *See* R.C.F.C. 34(b). Should a party fail to respond to requests for admission within thirty days of service, the matter is admitted. R.C.F.C. 36(a).

**B. Ready Built's Failure to Respond to Document Requests and Interrogatories**

Ready Built completely failed to respond to Jennings' Document Request Nos. 29-34 and Interrogatory Nos. 17-19. These requests seek information regarding Ready Built's sales of Accused Devices. Obtaining Ready Built's total sales is relevant to, and necessary for, Jennings' case for damages. These responses should be produced. In accordance with R.C.F.C. 33(b)(4) and 34(b), the Court should find that Ready Built waived any objections to these requests and should compel Ready Built's complete response.

**C. Sanctions**

Ready Built has continually failed to timely respond, or even respond at all without Court intervention, also supports finding that Ready Built admitted each of the requests. Ready Built failed to respond to Jennings' second set of discovery requests, including requests for admission, until Jennings filed a motion to compel. [*See* D.49-50; D.53; D.61.] Ready Built failed to abide by the Court's order to produce a discovery schedule by

June 26 stating when documents would be provided. [*See* D.70.] Ready Built failed to timely respond to Jennings' requests for admission, which is the subject of another motion filed herewith. Ready Built also failed to timely respond to Jennings' second motion to compel. [*Compare* D.58-59 (filed June 13) with D.68 (filed July 9).] Until mid-June, a mere two weeks before the close of fact discovery, Ready Built had produced only a single page in discovery. [*See* D.61.] Ready Built's failure and refusal to respect deadlines merely seeks to unnecessarily increase costs. Jennings is a small family owned and operated company. Ready Built's refusal to cooperate, therefore, poses an undue hardship and prejudices Jennings..

## V. CONCLUSION

For the reasons set forth herein and in its motion to compel, Plaintiff Jennings respectfully prays the Court grant its motion to compel Ready Built's complete responses to Interrogatory No. 17-19 and Document Request Nos. 29-34. Plaintiff requests that the Court impose sanctions on Ready Built for its failure and refusal to meaningfully participate in the discovery process.

Respectfully submitted, this the 2nd day of August, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 2nd day of August, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff