**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,** **No. 05-1209 C**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**MEMORANDUM IN SUPPORT OF MOTION TO DEEM ADMITTED JENNINGS' REQUEST FOR ADMISSION NOS. 15-57 TO READY BUILT**

---

Ready Built failed to timely respond to Jennings' requests for admission. Ready Built's failure is part of a larger pattern of contempt with regard to this proceeding. Regardless, the Rules require that these

requests be deemed admitted. The Court should deem Ready Built to have admitted to each of the requests.

# I. RELEVANT FACTS

## A. Requests for Admission and Responses

On May 25, Jennings served Ready Built with Interrogatory Nos. 17-19, Request for Production Nos. 29-34, and Request for Admission Nos. 15-57. (Exhibit A hereto.) Ready Built's responses to were due June 27, 2007. Ready Built did not ask for an extension.

On July 25, almost one month after they were due, Ready Built served unsigned and unverified responses to the requests for admission. The following day counsel for Ready Built served signed and verified request for admission responses. (Exhibit B hereto.)

## B. Other Discovery Issues

Jennings filed its first motion to compel Ready Built when Ready Built failed to produce any responses to Jennings' second set of discovery requests, including requests for admission, and Ready Built's counsel would not respond to Jennings' counsel's attempts at communication. [D.49-50.] Ready Built also refused to provide signed and verified responses to Jennings' first set of discovery requests and produced only a

single document. Jennings was, thus, forced to file a second motion to compel Ready Built shortly thereafter. [*See* D.59-59.]

In reviewing these motions, the Court instructed the parties to reevaluate and attempt to resolve their discovery disputes. [D.65.] Ready Built was to provide Jennings with a discovery schedule by June 26, including what would be produced and when. Counsel for Ready Built did not write to Jennings' counsel until June 27 and failed to state when it would produce

Ready Built did not produce responses to the interrogatories and document requests served in connection with the requests for admission that are the subject of this motion.

Jennings remains without Ready Built's complete sales information and without any profit information.

## II. ARGUMENT

Ready Built failed to respond to Jennings' Requests for Admission Nos. 15-57 within thirty days after being served. R.F.C.F. 36(a) provides, "Each matter of which an admission is requested … is admitted unless, within 30 days after service of the request, … the party to whom the request is directed serves … a written answer or objection …." By failing to timely respond, Ready Built admitted to each of the requests for admission.

Accordingly, the Court should find that Ready Built admits each of the requests.

Over the past several months, Jennings has continually met resistance from Ready Built regarding discovery. Ready Built's continual failure to timely respond, or even respond at all without Court intervention, also supports finding that Ready Built admitted each of the requests. Ready Built failed to respond to Jennings' second set of discovery requests, including requests for admission, until Jennings filed a motion to compel. [*See* D.49-50; D.53; D.61.] Ready Built failed to abide by the Court's order to produce a discovery schedule by June 26 stating when documents would be provided. [*See* D.70.] Ready Built still refuses to produce interrogatory and document responses to the requests served along with the subject requests for admission. Ready Built also failed to timely respond to Jennings' second motion to compel. [*Compare* D.58-59 (filed June 13) with D.68 (filed July 9).] Until mid-June, a mere two weeks before the close of fact discovery, Ready Built had produced only a single page in discovery. [*See* D.61.] Ready Built's failure and refusal to respect deadlines merely seeks to unnecessarily increase costs. Jennings is a small family owned and operated company. Ready Built's refusal to cooperate, therefore, poses an undue hardship and prejudices Jennings.

Ready Built should not be permitted to repeatedly ignore deadlines without penalty.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff Jennings respectfully prays the Court strike Ready Built's responses to Requests for Admission Nos. 15-57 and deem each of the requests admitted.

Respectfully submitted, this the 2nd day of August, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
N.C. State Bar No. 5,547
Anthony J. Biller
N.C. State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION TO DEEM ADMITTED JENNINGS' REQUEST FOR ADMISSION NOS. 15-57 TO READY BUILT** is being served electronically this 2nd day of August, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff