**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant,

and

JASPER ENGINES & TRANSMISSIONS,
Third-Party Defendant,

and

READY BUILT DISTRIBUTORS, INC.,
Third-Party Defendant.

No. 05-1209 C

Judge Lawrence M. Baskir

THE UNITED STATES' STATEMENT IN RESPONSE TO PLAINTIFF'S "MOTION TO DEEM ADMITTED JENNINGS' REQUEST FOR ADMISSION NOS. 15-57 TO READY BUILT"

Defendant, the United States, hereby offers the following statement in response to plaintiff's "Motion to Deem Admitted Jennings' Request for Admission Nos. 15-57 to Ready Built," filed August 2, 2007 (Docket No. 76).[1]

[1]The Government's interests are implicated by plaintiff's motion because plaintiff will likely argue that any facts deemed to be admitted by third-party Ready Built would be binding upon the Government. The Government also has a significant interest in the outcome of the pending (continued...)

Plaintiff states that Ready Built responded approximately one month late to plaintiff's Requests for Admission (RFAs) Nos. 15 through 57. Pl.'s Mem. in Support of the Motion (hereinafter Pl.'s Mem.) at 2. In doing so, plaintiff acknowledges that it is now in possession of the responses.[2] Plaintiff requests that the Court "strike Ready Built's responses" and deem those RFAs admitted by Ready Built. Id. at 5. Plaintiff's memorandum in support of the motion clearly demonstrates that plaintiff is seeking sanctions for some perceived "larger pattern of contempt" and Ready Built's alleged "refusal to cooperate." Id. at 1, 4; see also id. at 5 ("Ready Built should not be permitted to repeatedly ignore deadlines without penalty."). The Court should deny plaintiff's motion and should allow Ready Built to respond to the RFAs. See RCFC 36(a) (RFAs are not deemed admitted where the Court allows a longer period of time to respond).

Plaintiff's motion should be denied because the interests of justice will not be served by deeming the requests admitted. As plaintiff

---

[1](...continued)
motion as any judgment in plaintiff's favor will be solely against the United States, not the third-parties.

[2]Plaintiff does not explain why it waited until after receiving the responses to move to strike.

concedes, Ready Built did respond to the RFAs. Pl.'s Mem. at 2. Ready Built admitted several of the requests. See Pl.'s Mem., Exh. B. The denied requests pertain to the merits of plaintiff's allegations of patent infringement, and many involve disputed claim constructions. See, e.g., Pl.'s Mem, Exh. B at 7 (RFA No. 43 seeking an admission that an accused device includes a "means for imparting rotation [sic] movement to the elongated member."); Joint Claim Construction Statement filed January 19, 2007, at 12 (identifying that phrase as disputed). The Court has not yet ruled on claim construction. The matters that are the subject of the RFAs should be decided on the merits after a claim construction ruling rather than on a discovery rule technicality.

Plaintiff will not be prejudiced by the denial of its motion. As this case has not yet been set for trial, plaintiff has time to marshal any evidence necessary to address the subject matter of the denied RFAs. Additionally, the subject matter of the denied requests – comparisons of accused devices against claim limitations – can be explored during expert discovery, which has not yet begun. And those disputes are likely to be the subject of expert testimony at trial. Plaintiff's only assertion of prejudice pertains to Ready Built's alleged "failure to cooperate," and not to any detrimental reliance on responses to the RFAs. See Pl.'s Mem. at 4.

Deeming the RFAs admitted is an inappropriate sanction for alleged misconduct concerning other discover requests.

Plaintiff cannot suffer any prejudice because deemed admissions by Ready Built are not binding upon the Government. See Becerra v. Asher, 105 F.3d 1042, 1048 (5th Cir. 1997) (deemed admissions by one defendant cannot be used against another defendant); Riberglass, Inc. v. Techni-Glass Indus., Inc., 811 F.2d 565, 566 (11th Cir. 1987) (same). Plaintiff's only remedy in this case is against the Government. 28 U.S.C. § 1498(a). Therefore, regardless of whether Ready Built admits or denies a particular RFA, plaintiff still must prove the merits of its infringement allegations as to the Government.

For the reasons set forth above, the Court should deny plaintiff's motion and should retroactively enlarge Ready Built's time to respond to the RFAs by one month.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

August 20, 2007

s/ Ken B. Barrett
KEN B. BARRETT
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0343
Facsimile: (202) 307-0345
E-mail: ken.barrett@usdoj.gov

Attorneys for the United States

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice