**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**05-1209C**

**JENNINGS TRANSMISSION SERVICE OF GOLDSBORO, INC.**

**Plaintiff,**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

# REPLY IN SUPPORT OF JENNINGS' THIRD MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS

---

In its recent response brief, Defendant Ready Built Distributors, Inc. ("Ready Built") points out that "justice will be best served by a presentation of the merits of the case." [D.81, 8.] While true, the merits of a case are best presented and tested when parties participate openly and fairly in

discovery. Ready Built's systematic reluctance to properly respond in discovery suggests it does not want a full presentation of the facts.

Ready Built offers neither responses to nor any excuse for its failure to respond to Jennings' Document Request Nos. 29-34 and Interrogatory Nos. 17-19. It merely repeats its previous statements regarding other discovery requests. [*See* D.53 & 68.] Since Ready Built failed to respond to any of the requests at issue in this motion, any objections it might have levied were waived. Indeed, Rule 33(b)(4) states that an objection is waived unless timely made except for good cause shown.

Ready Built also claims that its responses are compliant with Rule 33 and 34. [*Id.* at 3-4.] The fact is, however, that it never produced a single response to the subject requests. Given its complete failure to respond in any way, let alone direct Jennings to its meager document production, Ready Built has not complied with any of the Rules with respect to the subject requests.

Interrogatory No. 17 requests that Ready Built provide its total sales figures for several product numbers. [D.75, Ex. A.] Because Ready Built maintains a database of its sales information, Ready Built should be able to easily provide the requested information. In fact, it has already compiled similar information in providing a page containing some of its sales figures.

[*See, e.g.*, D.81, Ex. B.] These figures did not include all of the products identified in the interrogatory. [*Compare id. with* D.81, Ex. B.] Jennings should not be made to rely upon the Government's production for this information, nor should Jennings be forced to compile the requested information by itself accessing and attempting to decipher Ready Built's database.[1] Until Ready Built provides a written and verified response, Jennings remains without this information and unable to calculate its damages. Ready Built's complete written and verified response should be compelled.

Interrogatory No. 18 requests information regarding any bracket linkages Ready Built sold that differs from the type addressed in Jennings' infringement contentions. [D.75, Ex. A.] Ready Built states that it ceased selling bracket devices in late 2000 and felt it had no reason to maintain its sales records despite being on notice of Jennings' complaint of infringement. [D.81, 2.] While Jennings appreciates that Ready Built no longer sells bracket linkages, this does not excuse Ready Built from explaining the composition of the products it has sold. Ready Built should be compelled to provide a complete response.

[1] Contrary to Ready Built's statements to the Court, Ready Built refused to provide access to its database as promised. Counsel for Jennings has repeatedly written to counsel for Ready Built regarding this matter without ever receiving a conclusive response.

Interrogatory No. 19 requests an explanation for any denials of Request for Admission Nos. 15-57. [*Id.*] In accordance with Rule 36, each of the requests should be deemed admitted for Ready Built's failure to timely respond. [*See* D.76-77.] In the event the Court chooses to allow Ready Built's tardy responses, Ready Built should not be permitted to evade this request. It is a proper request that has been met with no objection from Ready Built. Should the Court deny Jennings' motion to deem its requests for admission admitted, Ready Built's complete response to this interrogatory should be compelled.

Document Request Nos. 29-31 seek documents relating to Ready Built's sales of transmission conversion kits to the U.S. Postal Service. [D.75, Ex. A.] Document Request Nos. 32-34 request documents reflecting the structure of certain linkages Ready Built has offered for sale. [*Id.*] Ready Built seems to argue that it should not have to respond regarding its bracket linkages since it ceased sales of those a few years ago. Ready Built also believes Jennings' claim of infringement does not extend to cable linkages. [*See* D.81, 4-5.] Jennings served Ready Built with its infringement contentions, which included identification of cable linkages at issue, nearly a year ago. [*See* D.61, Ex. 1.] Ready Built's apparent failure to review these contentions provides no justification for its refusal to

respond. Ready Built should be compelled to produce responsive documents still in its possession, custody, or control.

Jennings appreciates Ready Built's offer to produce a corporate representative to testify regarding the non-existence of certain requested records. [*See* D.81, 4.] Jennings should not, however, be required to undergo the expense of a deposition when Ready Built could simply provide complete and, where appropriate, verified discovery responses. Moreover, Ready Built's ability to testify under oath on these topics proves it can answer the discovery requests.

Plaintiff Jenningsrespectfully prays the Court grant its motion to compel Ready Built's complete responses to its discovery requests. Jennings also requests that the Court impose sanctions on Ready Built for its failure and refusal to fully cooperate in the discovery process.

Respectfully submitted, this the 4th day of September, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**
By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

## CERTIFICATE OF SERVICE

I certify that the foregoing **REPLY IN SUPPORT OF THIRD MOTION TO COMPEL READY BUILT'S DISCOVERY RESPONSES AND FOR SANCTIONS** is being served electronically this 4th day of September, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward, Esq.
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff