**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**05-1209C**

**JENNINGS TRANSMISSION**
**SERVICE OF GOLDSBORO, INC.**

**Plaintiff,**

**v.** **Judge Lawrence M. Baskir**

**THE UNITED STATES,**

**Defendant,**

**and**

**JASPER ENGINES & TRANSMISSIONS**

**Third-Party Defendant,**

**and**

**READY BUILT DISTRIBUTORS, INC.,**

**Third-Party Defendant.**

---

**REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED JENNINGS' REQUEST FOR ADMISSION NOS. 15-57 TO READY BUILT**

---

In keeping with its practices throughout this proceeding, Ready Built failed to timely produce its responses to Jennings' Request for Admission Nos. 15-57. Ready Built argues that its delay should be ignored along with its many other actions that have delayed and increased costs in this

proceeding. To the contrary, the Federal Circuit's Rules require that Ready Built be deemed to have admitted each of these requests.

Ready Built offered no explanation for its failure to timely respond. It merely pointed out that the Court has the discretion to allow Ready Built's tardy response and states that Jennings suffered no harm. Although the subject motion is not directed to the Government, the Government also argued Jennings suffered no prejudice from Ready Built's delay. [D.80.] Both Ready Built and the Government state that the delay should, thus, be excused. The Rule itself provides no such relief. Rule 36(a) plainly states that a "matter is admitted unless, within 30 days after service of the request … the party to whom the request is directed serves … a written answer or objection …." R.C.F.C. 36(a). Jennings, thus, asks that the Court decline Defendants' invitation to re-write the Rule.

Regardless, the burden Jennings suffers is not limited to this particular motion or this particular delay. Jennings is prejudiced by the countless letters, emails, and phone calls its counsel has had to send Ready Built in an effort to obtain basic discovery information. Without sanctions, Jennings must also bear the cost of filing three separate motions to compel, in addition to this motion, regarding requests for admission. The disparity in resources could not be greater with the United States

government and two successful business entities on one side and a small, family owned business in Goldsboro, North Carolina on the other. These burdens constitute severe prejudice.

Moreover, Ready Built's pattern of delay shows that Ready Built has *not* participated in this discovery process in good faith. Ready Built failed to even appear at the preliminary status conference. [*See* D.27.] Ready Built's initial disclosures were provided over one month late. Ready Built's responses to Jennings' first discovery requests were served one week late and were not signed. In fact, Ready Built still has yet to provide a signed copy of these responses. [*See* D.71, 6.] Ready Built failed to provide responses to Jennings' second set of discovery requests until after Jennings filed a second motion to compel. [*See* D.49-50; D.52; D.61.] When Ready Built did finally provide these responses, they were dated incorrectly, unsigned, and unverified. Ready Built also served unsigned responses to Jennings' third set of discovery requests about one month past the due date. Ready Built failed to timely respond to Jennings' second motion to compel and failed to comply with the Court's order to produce a discovery schedule.[1] Ready Built completely failed to respond to Jasper's

[1] Ready Built claims its June 27 letter complied with the Court's order of June 22. [D.81, 8.] The Court's order directed counsel for Ready Built to provide a letter explaining what and when it would produce documents by June 26. [D.65.] Counsel for

last interrogatories and requests for production, deciding only to provide responses to the subject requests for admission about a month late, again unsigned. In fact, Ready Built has timely served a discovery document only once in this proceeding, which is made even less remarkable considering that the timely served document merely referred Jennings to the filings of the Government and Jasper.

Although courts have sometimes allowed a tardy response to requests for admission, courts also may sanction a party for its disregard of the discovery process. *See, e.g., Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) (upholding the propriety of imposing the sanction of deeming certain matters admitted for violating Rule 36(a)). Such a sanction is particularly warranted in cases such as this one, where a party demonstrates a repeated disrespect for deadlines and the time and resources of the Court and the other parties. "Callous disregard of discovery responsibilities cannot be condoned." *Asea*, 669 F.2d at 1246.

Plaintiff Jennings respectfully prays the Court grant its motion to deem admitted its Request for Admission Nos. 15-57 to Ready Built.

---

Ready Built failed to timely submit this letter and failed to provide a timeline for production.

Respectfully submitted, this the 4th day of September, 2007.

**COATS & BENNETT, P.L.L.C.**
**Attorneys for Plaintiff**

By: /s/ Anthony J. Biller
Larry L. Coats
North Carolina State Bar No. 5,547
Anthony J. Biller
North Carolina State Bar No. 24,117
1400 Crescent Green, Suite 300
Cary, NC 27518
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

**CERTIFICATE OF SERVICE**

I certify that the foregoing **REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED JENNINGS' REQUEST FOR ADMISSION NOS. 15-57 TO READY BUILT** is being served electronically this 4th day of September, 2007 using the CM/ECF system which will send notification of such filing to the following email addresses:

Ken B. Barrett, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
ken.barrett@usdoj.gov
*Attorney for Defendant United States*

James M. Hinshaw, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
jhinshaw@binghammchale.com
*Attorney for Defendant Jasper*

James S. Ward, Esq.
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com
*Attorney for Defendant Ready Built*

By: /s/ Anthony J. Biller
Anthony J. Biller
Attorney for Plaintiff